

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Grace D. Solis and
Shirley J. Solis
      Plaintiff

v.

CITIBANK, N.A. and
CENLAR SERVICING
      Defendants

Case No.

24-cv-21356-KMW

FILED BY_____D.C.

APR 11 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT

Plaintiffs, Grace D. Solis ("Solis1") and Shirley J. Solis ("Solis2), hereby sue Defendants,

CITIBANK, N.A. (CITI) and Central Loan Administrating and Reporting aka CENLAR, for

violations of the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559 (Part

IV), and the Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692.

### PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiffs against

Defendants for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692,

and the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559 (Part VI)

494.00794. Upon belief and information, Plaintiffs contend that many of these practices are

widespread for some or all of the Defendants. Plaintiffs intend to propound discovery to

Defendants identifying these other individuals who have suffered similar violations.

2. Plaintiffs contend that the Defendants have violated such laws by repeatedly providing

inaccurate and contradictory information to the Plaintiffs in attempts to collect a consumer debt.

### JURISDICTION AND VENUE

1

3.   Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.  Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

4.   This is an action for damages which exceed $6,000.00

## PARTIES

5.   Plaintiffs, Grace D. Solis and Shirley J. Solis are natural persons, consumers as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the FCCPA, Fla. Stat. §559.55(2) and are residents of the State of Florida.

6.   Upon information and belief Defendant CITIBANK, N.A. ("CITI") is the consumer division of financial services multinational Citigroup. Citibank was founded in 1812 as the City Bank of New York, and later became First National City Bank of New York.  CITI is authorized to do business in Florida, as defined under the FCCPA, Fla. Stat. §559.55(6), is a creditor as defined under the FDCPA 15 U.S.C. §1692a(4), FCCPA , Fla. Stat. §559.55(3) and a furnisher of information as defined by 15 U.S.C. § 1681s-2 and a "user of information" as defined by 15 U.S.C. §1681m.

7.   Upon information and belief Defendant CENLAR,  provides one main service: loan servicing. In simple terms, Cenlar acts as a middleman between the mortgage lending institutions and the borrowers.  It is authorized to do business in Florida, as defined under the FCCPA, Fla. Stat. §559.55(6), is a creditor as defined under the FDCPA 15 U.S.C. §1692a(4), FCCPA , Fla. Stat. §559.55(3) and a furnisher of information as defined by 15 U.S.C. § 1681s-2 and a "user of information" as defined by 15 U.S.C. §1681m.

## FACTUAL ALLEGATIONS

On September 2, 2005, Solis1 executed a second position Home Equity Line of Credit

Agreement (HELOC) t and Disclosure with CITI, FSB on her homestead with the maximum

amount of $104,000.00.

8.   On September 2, 2005, Plaintiffs executed the Home Equity Line of Credit Mortgage.

9.   The HELOC's rate was adjustable, and the first 120 payments were interest only and the

Agreement states:

**HOW FINANCE CHARGES ARE IMPOSED AND DETERMINED:**

b) The appropriate margin is added to the index to determine the Annual Percentage Rate,
which will be divided by 365 (366 in leap years) to determine the Daily Periodic Rate
which will be applied to the balance on which the Finance Charge will be computed
during your monthly billing cycle.

10. In CITI, FSB's **HOME EQUITY LINE OF CREDIT AGREEMENT AND**

**DISCLOSURE, CITI, FSB** states:

**YOUR RIGHTS AND CITIBANK'S RESPONSIBILITIES AFTER CITIBANK**
**RECEIVES YOUR WRITTEN NOTICE**

Citibank must acknowledge your letter within 30 day, unless Citibank has corrected the error
by then.  Within 90 days, Citibank must either correct the error or explain why Citibank
believes the bill was correct.  After Citibank receives your letter, Citibank cannot try to collect
any amount you question, or report you as delinquent.  Citibank can continue to bill you for the
amount you question, including Finance Charges, and Citibank can apply any unpaid amount
against your credit limit.  You do not have to pay any questioned amount while Citibank is
investigating, but you are still obligated to pay the parts of your bill that are not in question.
(page 8 of 9).

11. In November of 2010, Plaintiffs discovered that there were allegations of fraud in the

mortgage industry and were concerned that their HELOC was affected.

12. Had Plaintiffs had been aware of fraud in the mortgage industry regarding adjustable

interest rates prior to obtaining the HELOC, Plaintiffs would never have obtained the HELOC.

13. According to the terms of the HELOC, the first 120 months were interest only payments.

14. There is no recorded assignment in public records from Defendants CITIBANK FSB to CITICORP, to CITIMORTGAGE to CITIBANK N.A. as required by FL Statute 559.715.

15. CITIBANK FSB, CITICORP and CITIBANK, N.A. are three separate companies with their own addresses and registered agents.

16. Solis1 repeatedly requested the indices and margins used to calculate the interest on the loan due to the London Interbank Offered Rate (LIBOR) scandal wherein CITI was one of the companies alleged to have rigged the LIBOR rate.

17. Defendant CITI filed a foreclosure against the Plaintiffs in 2012, Case # 2012-027962-CA-01and voluntarily dismissed it.

18. Defendant CITI filed a foreclosure against the Plaintiffs in 2018, Case #2018-033416-CA-01 and it is currently in process.

19. To date, Defendants have not provided the complete margins and indices used to calculate the interest owed as requested by Solis1, thus the amount allegedly owed may be incorrect.

20. Plaintiffs have been provided contradictory information regarding the amounts owed.

21. Defendant CITI is escrowing for insurance but refuses to provide the policies and invoices to Defendant.

22. Either Defendant CITI refuses to provide the insurance policies and invoices to the Plaintiffs, or CITI is charging the Plaintiffs amounts not owed.

23. In addition to joint and several liability for misconduct among joint tortfeasors, Defendants have also operated as a common enterprise, and each of them is jointly and severally liable for the acts and practices alleged herein.

4

24. Defendants' contradictory information to Plaintiffs have caused considerable emotional distress and mental anguish because Plaintiffs have been communicating with Defendants since 2010 and to date, Defendants have refused to provide accurate accounting and communication.

25. Plaintiffs' HELOC was securitized, and the state foreclosure action has the wrong Plaintiff.

26. Instead of providing accurate information, Defendants have filed perjured and fraudulent foreclosure actions.

27. Defendants deprived the Plaintiffs of the opportunity to cure after decelerating the loan by charging amounts not due or owed.

## COUNT I

## WILLFUL AND NEGLIGENT VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS CITIBANK, N.A. AND CENLAR

28. Plaintiffs allege and incorporate the information in paragraphs 1 through 27.

29. Plaintiffs are consumers within the meaning of the FCCPA, Fla. Stat. §559.55(2).

30. Defendants are debt collectors within the meaning of the FCCPA, Fla. Stat. §559.55(6).

31. Defendants are creditors within the meaning of the FCCPA, Fla. Stat. §559.55(3).

32. Defendants willfully and negligently violated the FCCPA. Defendants' violations include, but are not limited to the following:

33. Florida Statute 559.715 reads:

Assignment of consumer debts. --This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The assignee is a real party in interest and may bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default.

5

34. Defendants never provided to Plaintiff notice of an Assignment of Mortgage (AOM) nor is an AOM in favor of Defendants recorded in public records.

35. FL Statute §559.72(9) reads:

> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

36. Defendants caused a foreclosure action to be filed against Plaintiffs knowing that Defendant CITI was not in possession of the Home Equity Line of Credit.  Defendant CENLAR provided letters to the Plaintiffs in 2019 and 2020 stating that CitiMortgage, Inc. was the owner of the HELOC at the time Defendant CITI filed the complaint against the Defendants in 2018.

37. Defendants falsely verified the foreclosure complaint contained a HELOC note when no such item exists.

38. Defendants filed a frivolous action against Plaintiffs while Plaintiffs were questioning the amounts due and owing for the last eight years.

39. Defendants sent monthly Summary of Account Activity that was inaccurate despite Plaintiffs requests for clarification of amounts due including how the adjustable rate was calculated.

40. Defendants were escrowing for flood insurance and when the Plaintiffs requested the policies and invoices, the Defendants claimed that no insurance is on the property in foreclosure (Exhibits A and B).

**WHEREFORE,** Plaintiffs demand judgment for damages against CITIBANK, N.A. for actual damages as they may bear or statutory damages, punitive damages, declaratory and injunctive relief, attorney's fees and costs, emotional distress, mental anguish and other damages if the state foreclosure succeeds and awarding such other and further relief as the Court may

deem just and proper pursuant to Fla. Stat §559.77 and the opportunity to amend this complaint and/or additional parties after conducting appropriate discovery.

<div align="center">

**COUNT II**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §1692 BY DEFENDANTS CITIBANK AND CENLAR**

</div>

41. Plaintiffs allege and incorporate the information in paragraphs 1-42.

42. Defendant CENLAR violated the Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692(d) by claiming that flood insurance is being escrowed, but not providing evidence of insurance policies and invoices.

43. Defendant CENLAR is CITI'S loan servicer and has provided an Annual Escrow Account Disclosure Statement to the Plaintiffs where it claims to be collecting flood insurance.  However, Defendant CITI has notified the state court in the foreclosure case that it is not maintaining insurance on the subject property (Exhibit B).

  **WHEREFORE**, Plaintiffs demand judgment for damages against Defendant CENLAR for actual damages as they may bear and/or statutory damages, punitive damages, declaratory and injunctive relief, attorney's fees and costs, emotional distress and mental anguish for breach of contract and other damages if the state foreclosure succeeds and awarding such other and further relief as the Court may deem just and proper and the opportunity to amend this complaint and/or additional parties after conducting appropriate discovery.

<div align="center">

**DEMAND FOR TRIAL BY JURY**

</div>

  Plaintiffs hereby demand a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 9th day of April 2024.

Grace Solis
730 86th Street
Miami Beach, FL  33141

Shirley Solis
730 86th Street
Miami Beach, FL  33141

 CENLAR   Persons who are deaf, hard of hearing, or have limited speech may dial TTY 711.    PO Box 77404   Ewing, NJ 08628

# ANNUAL ESCROW ACCOUNT
## DISCLOSURE STATEMENT

| Property Address | 730 86TH ST MIAMI BEACH, FL 33141 |
|---|---|
| Statement Date | 06/21/2023 |
| Loan Number | 4773559853 |

+ 0766950 000001159 09CEE4 0928936 L4
GRACE D SOLIS
730 86TH ST
MIAMI BEACH FL 33141-1116

 Our records indicate that your loan has recently been paid off in full or that your escrow account has been removed. As a result, we are required to provide you with this final escrow account disclosure statement.

## Escrow Account History

**Escrow account activity from September 2021 to June 2023**
The following statement of activity in your escrow account from 09/2021 through 06/2023 displays actual activity as it occurred in your escrow account during that period. Your monthly mortgage payment was $570.44 and $0.00 went into your escrow account. If you received Account Projections with a prior analysis, they are included again here for comparison.



| Date | DEPOSITS TO ESCROW | | PAYMENTS FROM ESCROW | | Description | ESCROW BALANCE | |
|---|---|---|---|---|---|---|---|
| | Projected | Actual | Projected | Actual | | Projected | Actual |
| | | | | | BEGINNING BALANCE | $1,632.58 | $0.00 |
| SEP 2021 | 148.42 | * | | | | 1,781.00 | 0.00 |
| OCT 2021 | 148.42 | | | | | 1,929.42 | 0.00 |
| NOV 2021 | 148.42 | * | 1,781.00 | * | FLOOD INS | 296.84 | 0.00 |
| DEC 2021 | 148.42 | * | | | | 445.26 | 0.00 |
| JAN 2022 | 148.42 | 1,781.00 * | | 1,781.00 * | FLOOD INS | 593.68 | 0.00 |
| FEB 2022 | 148.42 | | | | | 742.10 | 0.00 |
| MAR 2022 | 148.42 | | | | | 890.52 | 0.00 |
| APR 2022 | 148.42 | | | | | 1,038.94 | 0.00 |
| MAY 2022 | 148.42 | * | | | | 1,187.36 | 0.00 |
| JUN 2022 | 148.42 | * | | | | 1,335.78 | 0.00 |
| JUL 2022 | 148.42 | * | | | | 1,484.20 | 0.00 |
| AUG 2022 | 148.42 | | | | | 1,632.62 | 0.00 |
| JAN 2023 | | 1,496.00 * | | 1,496.00 * | FLOOD INS | 1,632.62 | 0.00 |
| JUN 2023 | | 799.00 * | | 799.00 * | MISC ESCROW | 1,632.62 | 0.00 |
| **Totals** | $1,781.04 | $4,076.00 | $1,781.00 | $4,076.00 | | | |

*An asterisk (*) beside an amount indicates a difference from projected activity either in the amount or the date. Please note since mortgage insurance is paid monthly on the annual renewal date of the premium and PMI is paid monthly for the prior month's premium, additional asterisks report in the Account History for these items, if applicable.*

CONTINUED ON REVERSE SIDE



CENLAR Persons who are deaf, hard of hearing, or have limited speech may dial TTY 711.

**YOUR ANNUAL ESCROW ACCOUNT STATEMENT**
LOAN NUMBER 4773559853

PAGE **2/2**

CONTINUATION

## Customer Service

loanadministration.com

**Live Chat:** Find all your loan information online. Still have questions? Use Live Chat on the website to speak with one of our representatives.

**Correspondence**
PAYMENT PROCESSING CENTER
PO BOX 11733
NEWARK, NJ 07101-4733

We accept telecommunications relay service calls.

**Telephone**
855-839-6253

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO. 2018-033416-CA-01

CITIBANK, N.A.,
      Plaintiff,

vs.

GRACE DENISE SOLIS A/K/A GRACE D.
SOLIS AND SHIRLEY JANICE SOLIS, et
al.
      Defendant(s).

_____/

## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF INSURANCE POLICIES

      Plaintiff, CITIBANK, N.A., by and through its undersigned counsel, hereby responds to the Third Motion to Compel served by Defendants, GRACE DENISE SOLIS A/K/A GRACE D. SOLIS AND SHIRLEY JANICE SOLIS, and ordered by the Court, and states as follows:

Plaintiff does not have any insurances policies in its possession and is not maintaining insurance on the subject property.

 

PAGE 1

18-191226 - CaJ



## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the parties listed on the attached service list via Mail and/or E-mail in accordance with the corresponding addresses listed therein on this 6th day of April, 2024.

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE
& PARTNERS, PLLC
Attorney for Plaintiff
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
Service Email: flmail@raslg.com

By: _\S\ Kim Stevens_
    Kim Stevens, Esquire
    Florida Bar No. 0543136
    Communication Email: kstevens@raslg.com

## SERVICE LIST

GRACE DENISE SOLIS A/K/A GRACE D. SOLIS
730 86TH STREET
MIAMI BEACH, FL 33141
PRIMARY EMAIL: SOLIS.G@AOL.COM

SHIRLEY JANICE SOLIS
730 86TH STREET
MIAMI BEACH, FL 33141

THE UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, GRANTEES, ASSIGNEES,
LIENORS, CREDITORS, TRUSTEES AND ALL OTHERS WHO MAY CLAIM AN
INTEREST IN THE ESTATE OF SYLVIA SOLIS, DECEASED
730 86TH ST
MIAMI BEACH, FL 33141

EDWARD SOLIS
19002 NW 12TH COURT
PEMBROKE PINES, FL 33029

18-191226 - CaJ