

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY_____D.C.

JUL 09 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Grace D. Solis and
Shirley J. Solis
     Plaintiffs

v.                              Case No.  24-21356-KMW

CITIBANK, N.A.,
CENLAR SERVICING,
ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, LLC, and;
Kim Stevens
     Defendants

## FIRST AMENDED COMPLAINT

Plaintiffs, Grace D. Solis ("Solis1") and Shirley J. Solis ("Solis2), hereby sue Defendants, CITIBANK, N.A. (CITI), Robertson, Anschutz, Schneid, Crane & Partners, LLC (ROBERTSON), Kim Stevens (Stevens) and Central Loan Administrating and Reporting aka CENLAR (CENLAR), for violations of the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559 (Part IV) and the Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692.

## PRELIMINARY STATEMENT

This is an action for damages and injunctive relief brought by Plaintiffs against Defendants for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 and the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI) 494.00794.

1. Upon belief and information, Plaintiffs contend that many of these practices are widespread for some or all the Defendants.  Plaintiffs intend to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

1

2. Plaintiffs contend that the Defendants have violated such laws by repeatedly providing inaccurate and contradictory information to the Plaintiffs in attempts to collect a consumer debt.

3. Plaintiffs contend that the Defendants have violated such laws by continually attempting to collect a consumer debt with abusive, deceptive acts including during an automatic stay, and compromising Plaintiffs' sensitive information by willfully entering it into the state court docket.

## JURISDICTION AND VENUE

4. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.  Venue in this District is proper in that the Plaintiffs reside here, the Defendants transact business here, and the conduct complained of occurred here.

5. This is an action for damages which exceed $4,000,000.00

## PARTIES

6. Plaintiffs, Grace D. Solis and Shirley J. Solis are natural persons, consumers as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the FCCPA, Fla. Stat. §559.55(2) and are residents of the State of Florida.

7. Upon information and belief Defendant CITIBANK, N.A. ("CITI") is the consumer division of financial services multinational Citigroup. Citibank was founded in 1812 as the City Bank of New York, and later became First National City Bank of New York.  CITI is authorized to do business in Florida, as defined under the FCCPA, Fla. Stat. §559.55(6), is a creditor as defined under the FDCPA 15 U.S.C. §1692a(4), and the FCCPA , Fla. Stat. §559.55(3.

8. Upon information and belief Defendant CENLAR, provides one main service: loan servicing. In simple terms, Cenlar acts as a middleman between the mortgage lending institutions and the borrowers.  It is authorized to do business in Florida, as defined under the FCCPA, Fla.

Stat. §559.55(6), is a creditor as defined under the FDCPA 15 U.S.C. §1692a(4), FCCPA, and Fla. Stat. §559.55(3.

9.  Upon information and belief, Defendant ROBERTSON is a law firm that may be considered a debt collector as they engage in foreclosure activities and as stated in their own written communications.  It is authorized to do business in Florida, as defined under the FCCPA, Fla. Stat. §559.55(6).  It regularly collects debts as part of its general law practice (even if not their principal purpose).  It collects debts for clients or some clients as a matter of course.

10. Upon information and belief, Defendant Stevens is an attorney that may be considered a debt collector as she engages in foreclosure activities as stated in her own written communications.  She is a natural person, a resident of the State of Florida, and employed by ROBERTSON.

## **FACTUAL ALLEGATIONS**

11. Fair Debt Collection Practices Act

§ 802.  Congressional findings and declarations of purpose
**(a) Abusive practices**
There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
**(b) Inadequacy of laws**
Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
**(c) Available non-abusive collection methods**
Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

12. On September 2, 2005, Solis1 executed a second position Home Equity Line of Credit Agreement (HELOC) and Disclosure with CITI, FSB on her homestead with the maximum credit line amount of $104,000.00, (Exhibit A).

13. On September 2, 2005, Plaintiffs executed the Home Equity Line of Credit Mortgage, (Exhibit B).

14. According to the Consumer Financial Protection Bureau, A home equity line of credit (HELOC) is an "open-end" line of credit that allows you to borrow repeatedly against your home equity.

15. According to Investopedia, A promissory note is a written promise by one party (the note's issuer or maker) to pay another party (the note's payee) a definite sum of money, either on demand or at a specified future date. A promissory note typically contains all the terms involved, such as the principal debt amount, interest rate, maturity date, payment schedule, the date and place of issuance, and the issuer's signature.

16. Nowhere on the Plaintiffs' HELOC Agreement does it state it is a note.

17. Nowhere on the Plaintiffs' HELOC Agreement does it state the amount that was borrowed.

18. The HELOC's rate was adjustable, and the first 120 payments were interest only.

19. The Agreement states:

**HOW FINANCE CHARGES ARE IMPOSED AND DETERMINED**:

b) The appropriate margin is added to the index to determine the Annual Percentage Rate, which will be divided by 365 (366 in leap years) to determine the Daily Periodic Rate which will be applied to the balance on which the Finance Charge will be computed during your monthly billing cycle.

20. In CITI, FSB's **HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE, CITI, FSB** states:

**YOUR RIGHTS AND CITIBANK'S RESPONSIBILITIES AFTER CITIBANK RECEIVES YOUR WRITTEN NOTICE**

> Citibank must acknowledge your letter within 30 days, unless Citibank has corrected the error by then. Within 90 days, Citibank must either correct the error or explain why Citibank believes the bill was correct. After Citibank receives your letter, Citibank cannot try to collect any amount you question, or report you as delinquent. Citibank can continue to bill you for the amount you question, including Finance Charges, and Citibank can apply any unpaid amount against your credit limit. You do not have to pay any questioned amount while Citibank is investigating, but you are still obligated to pay the parts of your bill that are not in question. (page 8 of 9).

21. In November of 2010, Plaintiffs discovered that there were allegations of fraud in the mortgage industry which included CITI and were concerned that their HELOC was affected (Exhibit C).

22. Had Plaintiffs had been aware of fraud in the mortgage industry regarding adjustable interest rates prior to obtaining the HELOC, Plaintiffs would never have obtained the HELOC.

23. Solis1 paid the interest and principal for five years and withheld her November 2010 payment after sending a letter to CITI requesting information about the HELOC.

24. Solis1 repeatedly requested the indices and margins used to calculate the interest on the HELOC due to the London Interbank Offered Rate (LIBOR) scandal wherein CITI was one of the companies alleged to have rigged the LIBOR rate.

25. CITI did not respond to Solis1's first two requests and she filed a complaint with the OCC (Exhibit D).

26. Solis1 continually disputed the amounts owed from 2010 through 2020.

5

27. CITI filed a foreclosure against the Plaintiffs in 2012, Case # 2012-027962-CA-01 and voluntarily dismissed it in 2014.

28. Defendants filed a second foreclosure against the Plaintiffs in 2018, Case #2018-033416-CA-01.

29. There is no recorded assignment in public records from Defendants CITIBANK FSB to CITICORP, to CITIMORTGAGE to CITIBANK N.A. as required by FL Statute 559.715.

30. CITIBANK FSB, CITICORP, CITIMORTGAGE, and CITIBANK, N.A. are four separate entities.

31. In addition to joint and several liability for misconduct among joint tortfeasors, Defendants have also operated as a common enterprise, and each of them is jointly and severally liable for the acts and practices alleged herein.

32. Defendants' deceptive and contradictory information to Plaintiffs have caused considerable emotional distress and mental anguish because Plaintiffs have been communicating with CITI since 2010.

33. Defendants filed its second foreclosure complaint on October 2, 2018, which referenced a note and mortgage and an amount owed of $101,833.68 (Exhibit E).

34. The complaint was verified under penalty of perjury by Jennifer Ollier, Vice President-Document Control, Employed by CitiMortgage, Inc.:

6

## VERIFICATION OF COMPLAINT

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed on this 25 day of September, 2018.

By: _____

Printed Name: Jennifer Ollier
Title: Vice President-Document Control, Employed by CitiMortgage, Inc., which provides certain loan servicing for Plaintiff
PLAINTIFF: CITIBANK, N.A.
Date: 9/25/18

35. Attached to the complaint were the Home Equity Line of Credit Agreement and Disclosure, and Home Equity Line of Credit Mortgage which all reference a HELOC.

36. Florida Statutes, §702.015(4) Possession Certificate was also attached to the complaint, verified by CitiMortgage, Inc. employee, Sue Jordan, VP Document Control (Exhibit F), and used as evidence in the foreclosure trial, which states as follows:

> 4.    Citibank, N.A. is in possession of the original HELOC upon which this action is brought through its custodian, CitiMortgage, Inc., which possesses the HELOC on behalf of Citibank, N.A.
>
> 5.    At the time of verification, the original HELOC was located at CitiMortgage, Inc. at 1000 Technology Drive, O'Fallon, Missouri 63368.
>
> 6.    I personally verified CitiMortgage, Inc.'s possession of the original HELOC on July 10, 2018 at 9:01 AM.

37. No employee of CITI verified the 2018 complaint.

38. The Possession Certificate states that CITI is in possession of the original HELOC upon which this action is brought through its custodian, CITIMORTGAGE, INC. which possesses the HELOC on behalf of CITI.

7

39. The Possession Certificate states that the original HELOC was located at CITIMORTGAGE, INC.

40. The Possession Certificate states that this action was to be brought through CITI'S custodian, CITIMORTGAGE, INC.

41. The state foreclosure action states that the Plaintiff is CITIBANK, N.A., not CITIMORTGAGE.

42. CENLAR was the servicer of the HELOC.

43. CENLAR sent Plaintiffs a copy of forced placed insurance flood coverage declarations dated January 7, 2022, effective from November 21, 2022 through November 21, 2022 (Exhibit G).

44. CENLAR sent Plaintiffs a HELOC statement dated July 1, 2022, showing it was escrowing for flood insurance (Exhibit H).

45. Defendants' discovery requests from the Plaintiffs all referenced a note and mortgage that does not exist.

46. Defendants denied, when responding to Plaintiffs Admissions, that the instrument attached to the complaint was not a note (Exhibit I).

47. Defendants denied, when responding to Plaintiffs Admissions, that the HELOC Agreement does not specify the amount that was borrowed.

48. Plaintiffs repeatedly informed the Defendants in their response to Admissions that there was no note or loan (Exhibit J).

49. Defendants knew that the instrument attached to the complaint was a HELOC.

50. On October 17, 2022, as part of discovery, Defendants forced Plaintiffs to enter their unredacted private information such as driver's licenses and social security numbers into the court docket (Exhibit K).

51. On or about October 20, 2022, Plaintiffs requested in their Production of Documents from the Defendants, a copy of all forced placed insurance policies and their invoices.

52. On November 16, 2022, Defendants requested an extension of time to produce the documents requested.

53. On February 2, 2023, the Defendants sent the Plaintiffs a reinstatement letter showing an escrow deficit of $8,392.00, (Exhibit L).

54. On April 26, 2023, Plaintiffs filed their first Motion to Compel Production of Documents.

55. On April 26, 2023, Defendants responded to the first Motion to Compel by objecting to every production of documents request.

56. On May 26, 2023, the trial court ordered the Defendants to produce the documents requested.

57. CENLAR sent Plaintiffs a letter dated June 10, 2023, which stated that it cancelled the lender-placed insurance effective June 13, 2023 (Exhibit M).

58. Defendants did not timely respond to the Plaintiff's multiple requests for Production of Documents.

59. Solis1 received a letter dated June 25, 2023, stating Solis2 was deceased from AMEX card associated with CITI (Exhibit N).

60. On August 9, 2023, four years and ten months after the filing of the original complaint, the Defendants filed a Motion for Leave to file an amended complaint.

61. The Motion for Leave to Amend states in paragraph 2, the complaint is being amended to reference that the loan is a HELOC (Exhibit O).

62. The Amended Complaint now referenced the HELOC, contained a different amount owed, $103,147.98, (Exhibit P) and contained the same Possession Certificate, HELOC Agreement and HELOC Mortgage that the original 2018 complaint contained.

63. The Amended Complaint was verified under penalty of perjury by Lauren Benning, Vice President Document Execution, Cenlar FSB as servicer for CITI.

64. On August 21, 2023, Plaintiffs objected to the Amended complaint because it would force Plaintiffs to pay attorney's fees for unnecessary and unsuccessful work for the prior four years and ten months.

65. Attorney's Fees Outline, 2023, Florida Judicial College Circuit Civil Fundamentals Materials Updated and Presented by Judge Gina Beovides, 11th Judicial Circuit and Judge James Nutt, 15th Judicial Circuit, states that attorneys cannot charge for unnecessary work, unsuccessful work, work unrelated to litigation, etc.

66. The Court allowed the Defendants to amend the complaint and agreed with the Plaintiffs' objections regarding attorney's fees and said to remind it of the issue later.

67. On September 26, 2023, Plaintiffs filed a second Motion to Compel production of documents in the trial court.

68. On September 26, 2023, the trial Court ordered the Defendants to comply with the second Motion to Compel in ten days.

69. On October 5, 2023, Defendants submitted this response to Plaintiffs' Production of Documents request:

Paragraph 43. Please provide a copy of all insurance policies (hazard, windstorm and flood), premiums and paid receipts on the subject property of the foreclosure (730 86th Street, Miami Beach, FL 33141).

Response: Plaintiff does not have any documents responsive to Defendants' request.

70. On October 30, 2023, the Plaintiffs requested the contact information of the following persons from the Defendants to depose them (Exhibit Q):

Sue Jordan, Lauren Benning, Jennifer Ollier, Pel-I-Vernitsky – all employees of CENLAR or CITIMORTGAGE, Inc.

71. On November 24, 2023, the Plaintiffs filed a Third Motion to Compel because the Defendants failed to comply with the trial court's orders.

72. Plaintiffs filed three motions to compel the Defendants to provide complete discovery in the foreclosure action.

73. Plaintiffs filed a Motion to Compel the Witnesses on November 23, 2023.

74. Solis1 received a letter dated January 15, 2024 from CITI stating that Solis2 was deceased (Exhibit R).

75. Defendants refused to provide the contact information for Sue Jordan and others for five months.

76. On April 3, 2024, the trial Court ordered Defendants to provide the contact information after hearing the Motion to Compel the Witnesses.

77. On April 4, 2024, during the calendar call, the state Court said discovery was closed and the Plaintiffs could not depose the witnesses.

78. On April 6, 2024, Defendants provided some witness contact information, but it did not include Sue Jordan (Exhibit S).

11

79. On April 8, 2024, Defendants filed the following (Exhibit T):

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF INSURANCE POLICIES**

Plaintiff, CITIBANK, N.A., by and through its undersigned counsel, hereby responds to the Third Motion to Compel served by Defendants, GRACE DENISE SOLIS A/K/A GRACE D. SOLIS AND SHIRLEY JANICE SOLIS, and ordered by the Court, and states as follows:

Plaintiff does not have any insurances policies in its possession and is not maintaining insurance on the subject property.

80. This case was filed on April 11, 2024.

81. To date, and at trial on April 12, 2024, Defendants have not provided the complete margins and indices used to calculate the interest owed as requested by Solis1 from year 2005 to the present (Exhibit U).

82. The Defendants have given the Plaintiffs contradictory information regarding the amounts owed according to the two complaints filed in the trial court.

83. Defendants knew that CITI was not the correct Plaintiff.

84. Defendants' discovery that was requested from the Plaintiffs was not used in the foreclosure trial.

85. On April 12, 2024, the foreclosure trial was held.

86. The Bailee letter (Exhibit V), which was entered by the Defendants as evidence in the state foreclosure action, states CitiMortgage, Inc. is commencing and prosecuting a foreclosure action

Regarding the above referenced mortgage loan file on which CitiMortgage, Inc is commencing and prosecuting a foreclosure action, the original document(s) relating to such mortgage loan the original document(s) are being delivered to <u>Robertson Anschutz & Schneid, P.L.</u> for the purpose of prosecuting such foreclosure action
(Firm Name)

87. Both the original and amended foreclosure complaints state the Plaintiff is CITI, despite the Possession Certificate and Bailee letter stating that the foreclosure action is to commence under CITIMORTGAGE, Inc.

88. CITIBANK, N.A. and CITIMORTGAGE, Inc. are different entities.

89. Plaintiffs informed the Court that CITIMORTGAGE, Inc. was to prosecute the foreclosure action according to the Bailee letter.

90. Defendants entered into evidence a letter from CENLAR to Solis1, dated November 21, 2019, which stated that the owner of the loan was CITIMORTGAGE, INC., (Exhibit W).

91. No employee of CITI verified anything in the complaints.

92. Employees of CITIMORTGAGE, INC. and CENLAR verified documents in the complaints.

93. On April 12, 2024, Uniform Final Judgment of Foreclosure was entered against the Plaintiffs.

94. The Court found that a debt was owed but was silent regarding the objection that CITI was not the correct Plaintiff.

95. The trial court struck all of the Defendants attorneys' fees due to Plaintiffs reminder that the Court would review the attorney's fees due to the amended complaint filed four years and ten months later, (Exhibit X).

96. CENLAR's witness informed ROBERTSON and STEVENS to redact the Plaintiffs' sensitive information at trial.

97. Defendants objected to the trial courts striking the attorney's fees and the Court reminded them that they were informed previously that the attorney's fees may be struck for the four years' and ten months' work done prior to the amended complaint.

98. The trial court set the sale of the Plaintiffs' homesteaded property for June 11, 2024.

99. On April 19, 2024, Defendants filed Plaintiffs' unredacted bank statements, tax returns, loan modification paperwork, etc. into the docket of the state foreclosure action after being told by CENLAR'S witness at the foreclosure trial that the documents needed to be redacted.

100. Defendants' filing of Plaintiffs sensitive information in the public court docket compromises their financial privacy.

101. The unredacted documents were not used at trial.

102. Defendants escrowed for insurance but refused to provide the policies and invoices to Defendant as requested during discovery.

103. On May 27, 2024, Plaintiffs withdrew an Emergency Motion to Vacate Sale for Failure to Join the Proper Party.

104. On May 27, 2024, Plaintiffs informed the Defendants that the Motion was Withdrawn and to cancel the hearing, but Defendants refused to cancel the hearing (Exhibit Y).

105. Only the moving party can cancel a hearing.

106. Solis1 filed a Chapter 13 bankruptcy on May 30, 2024, Case No. 24-13517-CLC in the Southern District of Florida.

107. Bankruptcy filings damage credit standing and rating.

108. On June 3, 2024, Defendants re-published the Notice of Judicial Sale by the Clerk after the automatic stay was in place (Exhibit Z).

109. On June 10, 2024, Plaintiffs received CENLAR'S June 3, 2024, statement requesting payment after the automatic stay was in place (Exhibit AA).

110. CENLAR'S statement dated June 3, 2024, does not include escrows for insurance.

111. June 17, 2024, Plaintiffs paid the Judgement of Foreclosure.

14

112. CENLAR sent a letter to Plaintiffs dated June 27, 2024, stating that it had placed flood insurance on the property effective May 10, 2024 through May 10, 2025 (Exhibit BB).

## COUNT I
## WILLFUL AND NEGLIGENT VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS CITIBANK, N.A., CENLAR, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, LLC, AND STEVENS

113. Plaintiffs allege and incorporate the information in paragraphs 1 through 112.

114. Plaintiffs are consumers within the meaning of the FCCPA, Fla. Stat. §559.55(2).

115. Defendants are debt collectors within the meaning of the FCCPA, Fla. Stat. §559.55(6).

116. Defendants CITI and CENLAR are creditors within the meaning of the FCCPA, Fla. Stat. §559.55(3).

117. Defendants willfully and negligently violated the FCCPA. Defendants' violations include, but are not limited to the following:

118. Florida Statute 559.715 reads:

   Assignment of consumer debts. --This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The assignee is a real party in interest and may bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default.

119. Defendants never provided to Plaintiff notice of an Assignment of Mortgage (AOM) nor is an AOM in favor of Defendants recorded in public records.

120. FL Statute §559.72(9) reads:

   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

121.  Defendants filed foreclosure action against Plaintiffs knowing that CITI was not in possession of HELOC according to the Bailee letter and the Possession Certificate.  CENLAR provided letters to the Plaintiffs in 2019 stating that CITIMORTGAGE, Inc. was the owner of the HELOC at the time CITI filed the amended complaint against the Defendants in 2023.

122.  Defendants falsely verified the 2018 foreclosure complaint contained a HELOC note when no such item exists and an incorrect outstanding balance.

123.  Defendants filed a lawsuit against Plaintiffs while Plaintiffs were requesting complete debt validation in 2018.

124.  Defendants did not provide the margins and indices from the inception of the HELOC so that the Plaintiffs could calculate if the interest on the HELOC was correctly charged.

125.  Defendants were escrowing for flood insurance and when the Plaintiffs requested the policies and invoices, the Defendants claimed they did not have insurance on the property.

126. Defendants refused to provide witness contact information for five months because they knew they were prosecuting the action under the wrong entity and did not want the Plaintiffs to depose the witnesses that would have confirmed this fact.

127. Defendants continued to try to collect attorney's fees for work done before the amended complaint despite being informed by the trial court twice that they could not.

128. Defendants forced Plaintiffs private personal and financial information including unredacted bank statements into the court docket without putting it under seal, compromising their financial privacy.

129. After Plaintiffs personal information was in the court docket, CITI was closing Solis2's credit card accounts by stating she was deceased, which damaged her credit score, when CITI knew that was inaccurate.

**WHEREFORE,** Plaintiffs demand judgment for damages against CITIBANK, N.A., CENLAR SERVICING, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, LLC, and Kim Stevens for actual damages as they may bear or statutory damages, punitive damages, declaratory and injunctive relief, attorney's fees and costs, emotional distress, mental anguish, and other damages if the state foreclosure succeeds and awarding such other and further relief as the Court may deem just and proper pursuant to Fla. Stat §559.77 and the opportunity to amend this complaint and/or additional parties after conducting appropriate discovery.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §1692 BY DEFENDANTS CITIBANK, N.A., CENLAR SERVICING, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, LLC, and; Kim Stevens

130.  Plaintiffs allege and incorporate the information in paragraphs 1-129.

131. Defendants violated the Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692(d) by harassing and abusing Plaintiffs by claiming that flood insurance is being escrowed, but not providing evidence of insurance policies and invoices.

132.  CENLAR is CITI'S loan servicer and has provided an Annual Escrow Account Disclosure Statement to the Plaintiffs where it claims to be collecting flood insurance.  However, Defendant CITI notified the state court in the foreclosure case that it is not maintaining insurance on the subject property.

133. Defendants filed two completely different complaints against the Plaintiffs using the same set of facts that confused and frustrated the Plaintiffs.

134. Defendants abused the Plaintiffs by not providing the contact information to not allow them to depose the persons that provided certifications or affirmations under penalty of perjury,

17

that were then used as evidence against the Defendants.  Defendants abused the Plaintiffs by not providing complete discovery so that the Plaintiffs could not properly defend themselves.

135. Defendants harassed and abused the Plaintiffs by forcing them to enter their driver's licenses and social security numbers into the trial court docket to compromise their personal information and forcing them to pay the wrong entity to save their home from foreclosure.

136.  Defendants willfully entered into the trial court docket unredacted tax returns, bank statements, social security numbers despite being told by CENLAR's witness at trial to redact the sensitive information.

137.  Defendants harassed the Plaintiffs by refusing to cancel the hearing regarding the Plaintiffs' Motion.

138.  Defendants violated the Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692(e) by providing false and misleading information by stating that the HELOC was a note, filing two different complaints with the same set of facts, exhibits with different amounts due, stating that the Plaintiff was CITI when they knew it should have been CITIMORTGAGE, INC., that flood insurance was escrowed but then saying there was no flood insurance.

139. Defendants violated the Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692(f) by using unfair practices by withholding contact information to the Plaintiffs in order to not allow them to depose the persons that provided certifications or affirmations under penalty of perjury, that were then used as evidence against the Defendants.  Defendants also violated 15 U.S.C. § 1692(f) by filing two different complaints to charge attorney's fees for unsuccessful work to confuse the Plaintiffs, stating there was no flood insurance when there was, charging attorney's fees for unsuccessful work, entering the Plaintiffs confidential information into the court docket, etc.

140. Defendants violated the Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. §
1692(g) by not validating the debt by providing accurate accounting including the margins and
indices used to calculate the interest owed on the HELOC since 2012.  The indices and margins
were not submitted into evidence because the trial court found that it was missing the first two
years' margins and indices from 2005 through 2006.  To date, no accurate accounting of the
alleged debt has taken place, despite it being requested since 2010.

141. Defendants violated the Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. §
1692(j) by providing deceptive forms to the Plaintiffs by saying there was flood insurance
escrowed, there was no flood insurance at all, etc.  Another violation of the (FDCPA) 15 U.S.C.
§ 1692(j) by submitting two foreclosure complaints, verified under penalty of perjury, that state
that CITI was the Plaintiff, when it should have been CITIMORTGAGE, INC. according to the
Possession Certificate, Bailee letter, and letter from CENLAR stating CITIMORTGAGE, INC.
was the owner of the HELOC, etc.  The foreclosure complaints also deceived the Plaintiffs by
stating the Plaintiff was CITI when it should have been CITIMORTGAGE, INC.  The Plaintiffs
have been forced to pay the wrong entity to save their home from foreclosure.

**WHEREFORE**, Plaintiffs demand judgment for damages against Defendants CITIBANK,
N.A., CENLAR SERVICING, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE &
PARTNERS, LLC, and Kim Stevens for actual damages as they may bear and/or statutory
damages, punitive damages, declaratory and injunctive relief, attorney's fees and costs,
emotional distress and mental anguish, and other damages if the state foreclosure succeeds and
awarding such other and further relief as the Court may deem just and proper and the opportunity
to amend this complaint and/or additional parties after conducting appropriate discovery.

**DEMAND FOR TRIAL BY JURY**

19

Plaintiffs hereby demand a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 7th day of July 2024.

Grace Solis
*Pro se*
730 86th Street
Miami Beach, FL 33141

Shirley Solis
*Pro se*
730 86th Street
Miami Beach, FL 33141

20

**EXHIBIT A**

**HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE**

citibank

# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

Borrower(s):   **GRACE D. SOLIS**

Property Address: 730 86TH ST, MIAMI BEACH, FL 33141-0000 (the "Property")

| | |
|---|---|
| Credit Limit: | $104,000.00 |
| Index: | 6.500% |
| Initial Margin (if applicable): | -1.150% |
| Initial Daily Periodic Rate (if applicable): | 0.014658% |
| Initial ANNUAL PERCENTAGE RATE (if applicable): (The Initial Annual Percentage Rate will vary as the Index varies) | 5.350% (Index +/- the Initial Margin) |
| Date the Initial Margin Ends and Regular Margin Begins (if applicable): | 03/02/2006 |
| Regular Margin: | -0.150% |
| Regular Daily Periodic Rate: | 0.017397% |
| Regular ANNUAL PERCENTAGE RATE: (The Regular Annual Percentage Rate will vary as the Index varies) | 6.350% (Index +/- the Regular Margin) |

### Closing Costs, Paid by Citibank*

| | | | |
|---|---|---|---|
| Appraisal Fee: | $5.50 | Recording Fees: | $61.00 |
| Credit Report Fee: | $2.00 | City/County Tax/Stamps: | $0.00 |
| Flood Certification Fee (Finance Charge): | $4.25 | State Tax/Stamps: | $0.00 |
| Settlement or Closing Fee (Finance Charge): | $350.00 | Intangible Tax: | $208.00 |
| Abstract or Title Search Fee: | $50.00 | Document Stamp Tax: | $364.00 |
| Title Examination Fee: | $0.00 | Mortgage Registration Tax: | $0.00 |
| Title Insurance Binder: | $0.00 | Tax Certificate Fee: | $0.00 |
| Document Preparation: | $0.00 | Mortgage Taxes:   Borrower Portion | $0.00 |
| Overnight/Postage Fee (Finance Charge): | $0.00 | Lender's Portion | $0.00 |

Total Closing Costs: $ 1044.75

*These charges are paid outside of the closing by Lender. However, if your loan is terminated within the first 36 months, with the exception of the Lender's Portion of the Mortgage Taxes and the Document Preparation Fee, you will be required to repay us all of these closing costs incurred on your behalf.

The undersigned Borrower(s), jointly and severally if more than one, agree to all of the terms and conditions of this Home Equity Line of Credit Agreement and Disclosure, which consists of 9 pages, and acknowledge receipt of a completed copy, along with the notice about your Billing Rights. The date of this Agreement is the latest date next to a Borrower's signature.

_Grace D. Solis_                    09/02/2005
GRACE D. SOLIS

## EXHIBIT "A"

Pay to the order of
without recourse on us Citibank, N.A.
successor in interest to
Citibank, F.S.B.

_Harrison Luval_
Harrison Luval, Vice President
Citibank, N.A.



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

1. **DEFINITIONS:** As used herein:

   a) "Account" means the Home Equity Line of Credit Account opened under the Agreement.

   b) "Agreement" means this Home Equity Line of Credit Agreement and Disclosure together with any modifications, amendments, replacements or substitutions thereto.

   c) "Business Day" means any day other than a Saturday, Sunday or a federal holiday.

   d) "Citibank" means Citibank, F.S.B. also known as Citibank, Federal Savings Bank.

   e) "Credit Limit" means the maximum aggregate amount of the Loan Advances that may be outstanding at any given time pursuant to the Agreement.

   f) "Draw Period" means the ten years from the date of the Agreement during which Loan Advances may be made.

   g) "Index" means the highest Prime Rate as published in the Money Rates section of *The Wall Street Journal* from time to time. *The Wall Street Journal* is available at many newsstands and public libraries, or you may obtain copies from The Wall Street Journal, 200 Burnett Road, Chicopee, Massachusetts 01020. A Prime Rate is not necessarily the lowest or best rate available.

   h) "Initial Pricing" means that your Agreement has an Initial Margin, Initial Daily Periodic Rate, and an Initial Annual Percentage Rate.

   i) "Loan Advances" means amounts drawn on your Account pursuant to the Agreement by Home Equity Line of Credit checks, or in any other way Citibank allows, and advances by Citibank pursuant to the Agreement or Mortgage to protect the Property or Citibank's security interest in the Property, including but not limited to advances to maintain required insurance on the Property or to pay taxes on the Property.

   j) "Mortgage" means the mortgage, deed of trust, deed to secure debt or cooperative security agreement which covers the Property which secures the Agreement.

   k) "Property" means the property described in the Mortgage which secures the Agreement.

   l) "Repayment Period" means the twenty years immediately following the Draw Period during which Loan Advances may not be made.

   m) "You," "Your" and "Yours," whether or not the first letter of the word is capitalized, means each person who signs below as Borrower, jointly and severally.

   Certain other terms are defined elsewhere in this Agreement.

2. **PROMISE TO PAY:** You promise to pay to Citibank the total of all Closing Costs (if indicated above that Closing Costs are paid by Borrower), all Loan Advances, together with Finance Charges at the applicable daily periodic rate, and any other fees, charges or other Finance Charges, all as provided for in the Agreement.

3. **HOW FINANCE CHARGES ARE IMPOSED AND DETERMINED:**

   a) Finance Charges on Loan Advances at the applicable Daily Periodic Rate begin to accrue on the date the Loan Advance is posted to your Account. There is no grace period for repayment of your balance during which Finance Charges will not accrue. If there are any other Finance Charges payable under the Agreement, they will be dollar amounts itemized herein as Finance Charges and will be due and payable on the date of the Agreement.

   b) The appropriate margin is added to the Index to determine the Annual Percentage Rate, which will be divided by 365 (366 in leap years) to determine the Daily Periodic Rate which will be applied to the balance on which the Finance Charge will be computed during your monthly billing cycle.



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

   c) The Index used for a billing cycle will be the daily Index rate published each Business Day.

   d) If your Account has Initial Pricing:
      (i) The Initial Margin shown above will be in effect from the date of the Agreement until the Date the Initial Margin Ends and Regular Margin Begins shown above.
      (ii) The Initial Annual Percentage Rate and the Initial Daily Periodic Rate, shown above, will be in effect from the date of the Agreement and can change each Business Day.
      (iii) On the Date the Initial Margin Ends and Regular Margin Begins shown above, the Regular Margin shown above will go into effect. If the Index has not changed so as to affect the rate, the Regular Annual Percentage Rate and Regular Daily Periodic Rate shown above will then be in effect and can change each Business Day.

   e) If your Account does not have Initial Pricing:
      (i) The Regular Margin shown above will be in effect from the date of the Agreement.
      (ii) The Regular Annual Percentage Rate and the Regular Daily Periodic Rate will be in effect from the date of the Agreement and can change each Business Day.

   f) Any increase in the Annual Percentage Rate will result in an increase in the minimum monthly payment. The Annual Percentage Rate will not exceed 18%, no matter how much the Index increases.

   g) You will be sent statements on a monthly cycle which will reflect your Account activity and any amounts you owe Citibank. The amount of the Finance Charge in your statements will be calculated by multiplying the daily periodic rate for the day by the daily balance for your Account at the end of each day in the monthly billing cycle. The resulting Finance Charges for each day are totaled at the end of the statement period and disclosed on the statement as "Finance Charges - Interest". To determine the daily balance Citibank takes the beginning balance of your Account each day, adds any new Loan Advances and other charges, and subtracts any payments and credits. Late Fees, credit life insurance, if any, and unpaid Finance Charges will not be counted as part of the daily balance for purposes of calculating the Finance Charge.

   h) Payments are applied first to due and unpaid Finance Charges and other charges and then to the unpaid balance of Loan Advances.

**4. FINANCE CHARGES NOT DUE TO DAILY PERIODIC RATE; CLOSING COSTS:**

   a) If you retained a mortgage broker, the amount of the mortgage broker fee, if any, is a Finance Charge. The amount of the mortgage broker fee is determined by your agreement with your mortgage broker and is not required by Citibank or paid by Citibank.

   b) If you agreed to pay the Closing Costs for your Account, your Closing Costs include Finance Charges in the amounts shown on page one of this Agreement for the cost of flood and tax certifications, overnight courier fees, and the cost charged by Citibank's attorneys or closing agents to conduct the closing for your Account.

   c) A transaction fee (Finance Charge) of $100.00 will be assessed each time you convert balances to a fixed rate, amortized repayment schedule pursuant to Section 13 of this Agreement.

**5. OTHER CHARGES:** These are charges other than Finance Charges. These charges are not counted as part of your daily unpaid balance of Loan Advances for purposes of computing Finance Charges:

   a) There is a $50 Annual Fee associated with your Account. This fee will automatically be charged to your Account in the same manner as a Loan Advance beginning on the first anniversary of your Account opening and annually thereafter.



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

b) **Late Fee.** If Citibank does not receive the full amount of any monthly payment due within 15 calendar days of the due date, you will be charged a Late Fee of the greater of 6% of the overdue payment or $5. However, you will not be charged a Late Fee on an unpaid Late Fee.

c) **Overlimit Fee.** If there is a Loan Advance which causes your Credit Limit to be exceeded, Citibank will charge you a $10 overlimit fee. This charge will not be imposed on more than four transactions a day.

d) **Stop Payment Fee.** If you request Citibank to stop payment on one of your Home Equity Line of Credit Checks, Citibank will charge you an $8 stop payment charge per request.

e) **Returned Item Fee.** If your payment is returned unpaid for any reason, Citibank will charge you a $25 returned item fee.

f) **Early Closure Release Fee.** If Citibank pays the closing costs to open your Account and, within 36 months of the date of this Agreement, you request that your Account be closed or take any other action which will result in a release of the Mortgage, you agree to pay an early closure release fee which will consist of all costs Citibank incurred to open your Account. These costs are disclosed as Closing Costs on the first page of this Agreement. The amount of this fee will be automatically charged to your Account in the same manner as a Loan Advance.

g) **Document Research Fee.** If, for any purpose other than a billing error inquiry or a tax audit inquiry, you request Citibank to provide copies of Account documents, Citibank may charge you $2 per copy and a $20 per hour document research fee.

h) **Other Fees Disclosed in Agreement.** Any charges imposed by Citibank, if any, in connection with your Account are disclosed above at the beginning of the Agreement.

i) **Other Fees Disclosed in Mortgage.** You agree to pay any other fees or charges provided for in the Mortgage or otherwise provided for in the Agreement.

j) **Fee to Release Prior Lien.** You may have to pay a fee to release a prior lien or security interest in the Property.

k) You agree to pay any reasonable costs incurred by Citibank in connection with the enforcement of its rights and remedies under the Agreement and the Mortgage, including, but not limited to, any reasonable attorneys' fees and other collection costs.

6. **SECURITY INTEREST IN PROPERTY:** As security for the Agreement, you are giving Citibank a security interest in the Property located at the address shown above, which security interest secures all of your obligations under this Agreement and the Mortgage. This Property is more fully described in the Mortgage you will sign along with this Agreement. Collateral which secures other obligations to Citibank may also secure the Agreement.

7. **PAYMENT TERMS:** You agree to pay your monthly payments by the due date shown on your monthly statement. During the Draw Period, you agree to pay a minimum monthly payment, which will be shown on your monthly statement, and which will equal the sum of any past due or over Credit Limit amounts plus accrued and unpaid Finance Charges and other unpaid fees or charges imposed pursuant to the Agreement. Your paying this minimum monthly payment will not reduce the principal balance of Loan Advances which you owe Citibank, except to the extent over Credit Limit amounts are paid. During the Repayment Period, you agree to pay a monthly payment, which will be shown on your monthly statement, and which will equal the Finance Charges that have accrued on the outstanding balance for the billing period, plus principal equal to the greater of $50 or 1/240th of your principal balance of Loan Advances as of the end of the Draw Period, plus the sum of the following amounts when applicable: past due amounts on your Account, amount owing in excess of your Credit Limit, Late Fees and other charges imposed pursuant to the Agreement. On the last payment due date of the Repayment Period, any remaining unpaid amounts owed Citibank will be due and payable. You may prepay your Account in whole or in part at any time without penalty, but if you request that your Account be closed or take any other action which will result in a release of the Mortgage, you may owe an early closure release fee as provided for in the OTHER CHARGES section. Loan Advances may not be drawn to make payments on the Account. Citibank may accept late payments or partial payments, even though marked "payment in full," without losing any of Citibank's rights under the Agreement.



## HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

8.  **TRANSACTION REQUIREMENTS:** You may draw Loan Advances during the Draw Period up to your Credit Limit **if your** Account has not been closed or suspended or your Credit Limit reduced to where further Loan Advances would not be **permitted.**

9.  **TERMINATION OF ACCOUNT BY CITIBANK:** Citibank may close your Account, and require payment of the **outstanding** balance in full in a single payment, if:

   a)  You fail to meet the repayment terms of the Agreement for any outstanding balance.

   b)  There has been fraud or a material misrepresentation by you in connection with the Account.

   c)  You take any action or fail to take any action which adversely affects the Property or Citibank's security interest in the Property, including but not limited to: a transfer of title to the Property or sale of the Property without Citibank's **written** permission; a failure to maintain any required insurance on the Property; failure to pay taxes on the Property; you **permit the** filing of a lien senior to that held by Citibank; the sole Borrower obligated on the Account dies; the Property is taken **through** eminent domain; a prior lien-holder forecloses; you commit waste or otherwise destructively use or fail to maintain the Property in a way that adversely affects the Property; there is illegal use of the Property which could subject the **Property to** seizure; one of two Co-Borrowers dies and Citibank's security is thereby adversely affected; or you move out of the **Property** and Citibank's security is thereby adversely affected.

   d)  You are or become an "executive officer" of Citibank as defined in Federal Reserve Board Regulation O and Citibank determines to require payment in full to comply with federal regulation.

In addition to the foregoing, Citibank shall have the right to exercise any and all of it rights and remedies allowed by law or as **set** forth in this Agreement or in the Mortgage, including, but not limited to, the right to bring an action against you and the right **to bring** a foreclosure action against the Property.

10.  **SUSPENSION OF ACCOUNT OR REDUCTION OF CREDIT LIMIT BY CITIBANK:** Citibank may prohibit **additional** extensions of credit or reduce your Credit Limit during any period in which:

   a)  You or any of you request a suspension of the Account or reduction of the Credit Limit.

   b)  The maximum Annual Percentage Rate is reached.

   c)  The value of the Property declines significantly below the Property's appraised value for purposes of the Account. As an example, if the value of the Property declines such that the initial difference between the Credit Limit and the available **equity** (based on the Property's appraised value) is reduced by fifty percent, such an event would constitute a significant **decline in** the value of the Property.

   d)  Citibank reasonably believes that you will be unable to fulfill the repayment obligations under the Agreement because **of a** material change in your financial circumstances.

   e)  You are in default of any material obligation under the Agreement or Mortgage.

   f)  Citibank is precluded by government action from imposing the Annual Percentage Rate provided for in the Agreement.

   g)  The priority of Citibank's security interest is adversely affected by government action to the extent that the value of **the** security interest is less than 120% of the Credit Limit.

   h)  Citibank is notified by its regulatory agency that continued advances constitute an unsafe and unsound practice.

If any of the above circumstances change during the Draw Period and you want to reopen your Account or increase your Credit **Limit** to the original Credit Limit, you must make such a request to Citibank in writing and pay any bona fide and reasonable **appraisal and** credit report fees actually incurred by Citibank to investigate whether the above circumstances continue to exist. If Citibank suspended your Account or reduced your Credit Limit as a result of your request, the request for reinstatement must be signed **by all of** you.



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

You agree that you will not attempt to obtain any additional credit extensions once you know that your credit privileges have been terminated or suspended. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations under the Agreement.

11. **OTHER CHANGES TO THE ACCOUNT:** Citibank may change the Index and Regular Margin used under the Agreement if the original Index is no longer available, the new index has an historical movement substantially similar to that of the original Index, and the new index and margin would have resulted in an Annual Percentage Rate substantially similar to the rate in effect at the time the original Index became unavailable. Citibank may make a specified change to the Account if you specifically agree to the change in writing at that time. Citibank may make changes to the Account that will unequivocally benefit you throughout the remainder of the Account. Citibank may make insignificant changes in the terms of the Account, including but not limited to: changing the address to which payments are sent; minor changes to features such as the billing cycle date, the payment due date and the day and the day of the month on which Index values are measured; changes in rounding practices within the tolerance rules allowed by applicable regulation; and changes to balance computation methods if the change produces an insignificant difference in the Finance Charge you pay.

12. **PROMOTIONAL RATE OFFERS:** At Citibank's discretion, Citibank may offer you a promotional rate (a promotional daily periodic rate and/or promotional margin). The period of time for which the promotional rate applies may be limited. Citibank will allocate your payments and credits to pay off balances at low promotional rates before paying off balances at higher periodic rates. Any promotional rate, the corresponding periodic rate, and the period of time during which it is in effect will be disclosed to you. Any promotional rate offer will be subject to the terms of the offer and this Agreement.

13. **OPTIONAL CONVERTED BALANCE FEATURE FOR CERTAIN ACCOUNTS:** The terms described herein are available only to accounts with an assigned credit limit of $25,000.00 or greater and a loan to value ratio (LTV) of 80% or less.

    During the Draw Period and during the first 15 years of the Repayment Period, and provided that Your Account is in good standing and You meet such other conditions as we may establish, you may use the optional fixed rate Converted Balance feature to convert all or a portion of your Account balance to a fixed rate, amortizing repayment schedule. Once converted, the interest rate on any converted amount will be fixed and will no longer vary. The unpaid balances of all outstanding Converted Balances will reduce your available credit limit within the variable rate portion of your Account. As you repay each Converted Balance, your available credit limit will be replenished in like amounts subject to your general availability to obtain Loan Advances under the terms of this Agreement. The minimum amount of each Converted Balance is $10,000.00 and available loan terms range between 12 to 240 months. You may establish a maximum of three (3) Converted Balances at any one time and may not establish more than five (5) Converted Balances during the term of your Account. You will pay a transaction fee (Finance Charge) of $100 when establishing a Converted Balance. You may establish a new Converted Balance to pay off all or part of an existing Converted Balance.

    The minimum payment on each Converted Balance will be an amount of principal and interest sufficient to repay the Converted Balance in amortized installments over the term you select provided that you make all payments by the scheduled due date. This minimum payment will not change when the Repayment Period begins. The payment amount is in addition to the minimum monthly payment for the variable rate portion of your Account as provided for in Section 7 above and will be due on the same due date as shown on your monthly statement. If you still owe any part of the Converted Balance or interest thereon as of the final payment date, any remaining unpaid amounts will be due and payable.

    The **Annual Percentage Rate** for each Converted Balance is fixed and will be determined by the value of an index. We will take the index in effect on the date the Converted Balance is established by us and add a margin. The index we will use is the Federal Reserve Statistical Release H.15 "Selected Interest Rates" Interest Rate Swaps 14 (3Year). The maximum ANNUAL PERCENTAGE RATE that can apply to a Converted Balance is 18%.

14. **TAX IMPLICATIONS:** You should consult a tax advisor regarding the deductibility of interest (Finance Charges) and other charges under the Agreement.

15. **DELAY IN ENFORCEMENT:** Citibank may delay the exercise of Citibank's rights under the Agreement or Mortgage without losing them.



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

16. **PROPERTY INSURANCE:** You agree to maintain insurance on the Property as provided for in the Mortgage. If Borrower fails to maintain property insurance, Citibank may obtain insurance coverage, at Citibank's option and Borrower's expense. Citibank is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Citibank, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Citibank under this Section shall be considered Loan Advances and become additional debt of Borrower secured by the Mortgage.

17. **CREDIT INFORMATION:** You understand and agree that Citibank may obtain credit reports for credit applications and for updates, renewals or extensions of the credit granted. Upon request, Citibank will inform you if a report has been obtained and will give you the name and address of the agency that furnished the report. You also agree that Citibank may obtain and use credit reports and other information that Citibank has obtained in a lawful manner consistent with Citibank's privacy policies about you for subsequent solicitations or for any other lawful purpose.

18. **FURTHER ASSURANCES:** You agree that, upon Citibank's request, you will promptly execute, acknowledge, initial and deliver to Citibank any documentation Citibank deems necessary to replace or correct any lost, misplaced, misstated or inaccurate document signed by you at closing.

19. **GOVERNING LAW:** The Agreement will be governed by United States federal law and, to the extent the United States federal law is inapplicable, then by the laws of the Commonwealth of Virginia; except that, with regard to the perfection and enforcement of Citibank's security interest in the Property, the Agreement will be governed by the law of the state where the Property is located.

20. **DUE ON SALE:** The Mortgage or Deed of Trust which covers the Property contains substantially the following provision: Due on Transfer Provision – Transfer of the Property. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in You is sold or transferred and You are not a natural person) without Citibank's prior written consent, Citibank may, at Citibank's option, require immediate payment in full of all sums secured by this Mortgage or Deed of Trust. However, Citibank shall not exercise this option if the exercise is prohibited by applicable law as of the date of this Mortgage or Deed of Trust. If Citibank exercises this option, Citibank shall give You notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which all sums secured by this Mortgage or Deed of Trust must be paid. If these sums are not paid prior to the expiration of this period, Citibank may invoke any remedies permitted by this Mortgage or Deed of Trust without further notice or demand on You.

21. **CHANGE IN NAME, ADDRESS OR EMPLOYMENT:** You agree to notify us in writing of any change in name, address or employment.

22. **NO WAIVER:** Neither you nor Citibank shall be deemed to have waived any of rights, powers or remedies hereunder unless such waiver is embodied in a writing executed by either you or Citibank. The waiver by either you or Citibank of any breach or default by the other party to the Agreement in the performance of any obligation hereunder shall not constitute a waiver of any subsequent breach or default.

23. **NOTICES:** All notices provided for in the Agreement shall be in writing and shall be deemed given (a) when delivered on a Business Day if delivered personally, (b) on the day after deposit with any overnight courier if such date is a Business Day, (c) three days after deposit in the United States mail, if delivered by certified mail, return receipt requested, postage prepaid and addressed to you at the address set forth on the first page of the Agreement or addressed to Citibank at the customer service address shown on your monthly statement.

24. **INVALIDITY CLAUSE:** If any provision of the Agreement shall be otherwise unlawful, void, or for any reason unenforceable, then that provision shall be enforced to the maximum extent permissible so as to effect the intent of you and Citibank. In either case, the remainder of the Agreement shall continue in full force and effect.



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

## YOUR BILLING RIGHTS (KEEP THIS NOTICE FOR FUTURE USE)

This notice contains important information about your rights and Citibank's responsibilities under the Fair Credit Billing Act.

**Notify Citibank in case of errors or questions about your bill.**

If you think your bill is wrong, or if you need more information about a transaction on your bill, write to Citibank on a separate sheet at the address listed on your bill. Write to Citibank as soon as possible. Citibank must hear from you no later than 60 days after Citibank sent you the first bill on which the error or problem appeared. You can telephone Citibank, but doing so will not preserve your rights.

In your letter, give us the following information:

- Your name and Account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

If you have authorized Citibank to pay your Home Equity Line of Credit bill automatically from your checking or other authorized account, you can stop the payment on any amount you think is wrong. To stop the payment your letter must reach Citibank three business days before the automatic payment is scheduled to occur.

## YOUR RIGHTS AND CITIBANK'S RESPONSIBILITIES AFTER CITIBANK RECEIVES YOUR WRITTEN NOTICE

Citibank must acknowledge your letter within 30 days, unless Citibank has corrected the error by then. Within 90 days, Citibank must either correct the error or explain why Citibank believes the bill was correct.

After Citibank receives your letter, Citibank cannot try to collect any amount you question, or report you as delinquent. Citibank can continue to bill you for the amount you question, including Finance Charges, and Citibank can apply any unpaid amount against your credit limit. You do not have to pay any questioned amount while Citibank is investigating, but you are still obligated to pay the parts of your bill that are not in question.

If Citibank finds that Citibank made a mistake on your bill, you will not have to pay any Finance Charges related to any questioned amount. If Citibank did not make a mistake, you may have to pay Finance Charges, and you will have to make up any missed payments on the questioned amount. In either case, Citibank will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that Citibank thinks you owe, Citibank may report you as delinquent. However, if Citibank's explanation does not satisfy you and you write to Citibank within ten days telling Citibank that you still refuse to pay, Citibank must tell anyone Citibank reports you to that you have a question about your bill. And, Citibank must tell you the name of anyone Citibank reported you to. Citibank must tell anyone Citibank reports you to that the matter has been settled between you and Citibank when it finally is.

If Citibank does not follow these rules, Citibank cannot collect the first $50 of the questioned amount, even if your bill was correct.



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

**AUTHORIZATION TO CHARGE ACCOUNT – AUTO-DEDUCT SERVICE**

By signing below, you authorize Citibank to charge your account described below to pay the minimum amounts due Citibank under the above Home Equity Line of Credit Agreement and Disclosure.

Financial Institution Name: _____

Address: _____

ABA Number: _____

Account type:          [ ] Checking          [ ] Money Market          [ ] Savings

Account Number: _____

_____          _____
Authorized Signature       Date                          Authorized Signature       Date

As an option and not a condition to the Agreement, Citibank has offered you the convenience of making payments using pre-authorized payments from a checking or savings account as described.

Your payment will be made automatically on your current due date from your account described above.  If your due date falls on a weekend or holiday, your payment will be deducted on the last business day before your due date.  If there are insufficient funds in your account, Citibank may debit your account for the payment when sufficient funds are available.  Your payment will be made automatically at the minimum due amount, as indicated on your billing statement.  Even after you enroll for the auto-deduct service, you should continue to make payments due under your statement until the auto-deduct service is in place for your Account.

Citibank reserves the right to cancel the auto-deduct service for your Account if there are insufficient funds in your Account for any three consecutive scheduled debits or if any payment is 60 days in arrears.  Citibank also reserves the right to change the terms and conditions of this Auto Deduct Agreement after 21 days prior notice to you.

YOU MAY ATTACH A COPY OF A VOIDED CHECK OR PREPRINTED DEPOSIT OR WITHDRAWAL SLIP FROM THE ACCOUNT DESCRIBED ABOVE IN WHICH FUNDS ARE TO BE DEBITED FROM.

# EXHIBIT B

## HOME EQUITY LINE OF CREDIT MORTGAGE

# Mail To

AMERICAN TITLE CORP.
1540 N. OLD RAND ROAD
WAUCONDA, IL 60084
847-487-9200

███████████████████████████

CFN 2005R1025692
OR Bk 23824 Pgs 3563 - 3569; (7pgs)
RECORDED 09/29/2005 14:32:09
MTG DOC TAX 364.00
INTANG TAX 208.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

**WHEN RECORDED RETURN TO:**
CITIBANK
Document Administration
1000 Technology Drive - MS 221
O'Fallon, MO 63368-2240

**THIS INSTRUMENT WAS PREPARED BY:**
SHAILESH S RAI
P.O. Box 790017, MS 221
St. Louis, MO 63179
(800) 925-2484

# HOME EQUITY LINE OF CREDIT MORTGAGE

**ACCOUNT NO.:** ████████

In this Mortgage, "You", "Your" and "Yours" means **GRACE DENISE SOLIS, A SINGLE WOMAN, SYLVIA SOLIS, AN UNMARRIED WOMAN AND SHIRLEY JANICE SOLIS, A SINGLE WOMAN**, of **730 86TH ST, MIAMI BEACH, FL 33141-0000**, each person signing as mortgagor. "We," "Us" and "Our" means **CITIBANK, FEDERAL SAVINGS BANK**, 11800 Spectrum Center Drive, Reston, VA 22090. The "Borrower" means the individual(s) who has(ve) signed the Home Equity Line of Credit Agreement and Disclosure (the "Agreement") of even date herewith and in connection with this Mortgage. The "Property" means the real estate, including the leasehold (if any), located at **730 86TH ST, MIAMI BEACH, FL 33141-0000** and having the legal description attached to and made a part of this Mortgage.

**THIS MORTGAGE** between You and Us is made as of the date next to Your first signature below and has a final maturity date 30 years from such date.

The Agreement provides that the credit secured by the Property is an open-end revolving line of credit at a variable rate of interest. The maximum amount of all loan advances made to the Borrower under the Agreement and which may be secured by this Mortgage may not exceed **$104,000.00** (the "Credit Limit"). At any particular time, the outstanding obligation of Borrower to Us under the Agreement may be any sum equal to or less than the Credit Limit plus interest and other charges owing under the Agreement and amounts owing under this Mortgage. Obligations under the Agreement, Mortgage and any riders thereto shall not be released even if all indebtedness under the Agreement is paid, unless and until We cause a mortgage release to be executed and such release is properly recorded.

**TO SECURE** to Us: (a) the payment and performance of all indebtedness and obligations of the Borrower under the Agreement or any modification or replacement of the Agreement; (b) the payment of all other sums advanced in accordance herewith to protect the security of this Mortgage, with finance charges thereon at the variable rate described in the Agreement; and (c) the payment of any future advances made by Us to Borrower (pursuant to Paragraph 16 of this Mortgage (herein "Future Loan Advances")) and, in consideration of the indebtedness herein recited, You hereby mortgage, grant and convey to Us, with, if allowed by applicable law, power of sale, the Property.

**TOGETHER WITH** all the improvements now or hereafter erected on the Property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to You to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, water rights and water stock, and all fixtures now or hereafter attached to the Property (which, if this Mortgage is on a unit in a condominium project or planned unit development, shall include the common elements in such project or development associated with such unit), all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property.

CFX-H-SI-702-FL
SOLIS

1 of 6

Revised 06/24/2005
ACAPS: ███████

```
EXHIBIT "B"
```

# citibank®

## Mortgage, continued

IN WITNESS WHEREOF, YOU HAVE EXECUTED THIS MORTGAGE, AND AGREE TO BE BOUND BY ALL TERMS
AND CONDITIONS STATED ON PAGES 3 THROUGH 6 FOLLOWING.

NOTICE TO BORROWER
DO NOT SIGN THIS MORTGAGE IF IT CONTAINS BLANK SPACES.
ALL SPACES SHOULD BE COMPLETED BEFORE YOU SIGN.

| | |
|---|---|
| _09/02/2005_ | _09/02/2005_ |
| Mortgagor: **GRACE DENISE SOLIS** | Mortgagor: **SHIRLEY JANICE SOLIS** |
| 730 86TH ST, MIAMI BEACH, FL 33141-0000 | 730 86TH ST, MIAMI BEACH, FL 33141-0000 |
| [ ] Married                    [ ] Unmarried | [ ] Married                    [ ] Unmarried |
| _09/02/2005_ | |
| Mortgagor: **SYLVIA SOLIS** | Mortgagor: |
| 730 86TH ST, MIAMI BEACH, FL 33141-0000 | |
| [ ] Married                    [ ] Unmarried | [ ] Married                    [ ] Unmarried |
| | |
| [ ] Married                    [ ] Unmarried | [ ] Married                    [ ] Unmarried |
| Signed, sealed and delivered in the presence of | Witness                                 Date |

STATE OF FLORIDA
County of ____Dade____

The foregoing instrument was acknowledged before me this **09/02/2005**, by **GRACE DENISE SOLIS, SHIRLEY JANICE SOLIS,
and SYLVIA SOLIS** who is personally known to me or who has produced ____Drive rs license____
as identification and who did (did not) take an oath.

_____
(Signature of Person Taking Acknowledgment)

(Name of Person Taking Acknowledgment Typed, Printed or
Stamped)   **Felix J. Redmundo**
Commission # DD128597
Expires June 24, 2006
Bonded Thru
(Serial Number, if any) Atlantic Bonding Co., Inc.

_____
(Title or Rank)

CFX-H-SI-702-FL
SOLIS

Revised 06/24/2005
ACAPS: ▮▮▮▮▮▮

# citibank®

## Mortgage, continued

You covenant that You are lawfully seized of the estate hereby conveyed and have the right of mortgage, grant, and convey the Property, and that the Property is unencumbered, except for the encumbrances of record and any first mortgage. You covenant that You warrant and will defend generally the title to the Property against all claims and demands, except those disclosed in writing to Us as of the date of this Mortgage.

You and We covenant and agree as follows:

1. **Payment of Indebtedness.** Borrower shall promptly pay when due the indebtedness secured by this Mortgage including, without limitation, that evidenced by the Agreement.

2. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Us under the Agreement will be applied to the principal balance and any finance charges, late charges, collection costs, and other charges owing with respect to the indebtedness secured by this Mortgage in such order as We may choose from time to time.

3. **Charges; Liens.** Except as expressly provided in this Paragraph 3, You shall pay all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any, by Your making payments, when due, directly to the payee thereof. In the event You make payments directly to the payee thereof, upon Our request You shall promptly furnish to Us receipts evidencing such payment.

You shall make payments, when due, on any indebtedness secured by a mortgage or other lien that is prior in right on time to this Mortgage (a "Prior Mortgage"). You shall promptly discharge the lien of any Prior Mortgage not disclosed to Us in writing at the time of application for the Agreement, provided, however, that You shall not be required to discharge any such lien so long as You shall (a) in good faith contest such lien by, or defend enforcement of such lien in, legal proceedings which operate to prevent the enforcement of the lien or forfeiture of the Property or any part thereof, or (b) secure from the holder of such prior lien an agreement in form and substance satisfactory to Us subordinating such lien to this Mortgage. You shall not enter into any agreement with the holder of a Prior Mortgage whereby such Prior Mortgage, or the indebtedness secured thereby is modified, amended, extended or renewed, without Our prior written consent. You shall neither request nor allow any future advances to be secured by a Prior Mortgage without Our prior written consent.

4. **Hazard Insurance.** You shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and such other hazards as We may require (including flood insurance coverage, if required by Us) and in such amounts and for such periods as We may require. Unless We require in writing otherwise, the policy shall provide insurance on a replacement cost basis in an amount not less than that necessary to comply with any coinsurance percentage stipulated in the hazard insurance policy. All insurance policies and renewals thereof shall be in form and substance and with carriers acceptable to Us and shall include a standard mortgage clause in favor of and in form and substance satisfactory to Us. In the event of loss, You shall give prompt notice to the insurance carrier and Us. We may make proof of loss if not made promptly by You.

If the Property is abandoned by You, or if You fail to respond to Us within thirty (30) days from the date the notice is mailed by Us to You that the insurance carrier offers to settle a claim for insurance benefits, We are authorized to collect and apply the insurance proceeds at Our option either to restoration or repair of the Property, or to sums secured by this Mortgage.

If the Property is acquired by Us under Paragraph 14 of this Mortgage, all of Your right, title and interest in and to any insurance policies, and in and to the proceeds thereof resulting from damage to the Property prior to the sale or acquisition, shall pass to Us to the extent of the sums secured by this Mortgage immediately prior to such sale or acquisition.

The provisions of this Paragraph 4 shall be subject to the provisions of Paragraph 5 if this Mortgage covers a unit in a condominium project or a planned unit development.

5. **Preservation and Maintenance of Property; Condominiums and Planned Unit Developments.** If this Mortgage is on a unit in a condominium or a planned unit development (herein "Condominium Project"), then: (a) You shall perform all of Your obligations under the declaration or covenants creating or governing the Condominium Project, the by-laws and regulations of the Condominium Project, and all constituent documents (herein "Project Documents"), including the payment when due of assessments imposed by the

---

# citibank®

## Mortgage, continued

homeowners association or other governing body of the Condominium Project (herein "Owner's Association"); (b) You shall be deemed to have satisfied the insurance requirements under Paragraph 4 of this Mortgage if the Owners Association maintains full force and effect a "master" or "blanket" policy on the Condominium Project which provides insurance coverage against fire, hazards included within the term "extended coverage" and such other hazards (including flood insurance) as We may require, and in such amounts and for such periods as We may require naming Us as additional loss payee; (c) the provisions of any Project Documents regarding the application of any insurance proceeds from "master" or "blanket" policies covering the Condominium Project shall supersede the provisions of Paragraph 4 of this Mortgage to the extent necessary to avoid conflict between the provisions thereof and hereof; (d) You hereby assign to Us the right to receive distributions on account of the Property under "master" or "blanket" policies covering the Condominium Project to the extent not applied to the restoration or repair of the Property, with any such distributions in excess of the amount necessary to satisfy in full the obligations secured by this Mortgage being paid to You; (e) You shall give Us prompt written notice of any lapse in any insurance coverage under a "master" or "blanket" policy on the Condominium Project; and (f) You shall not, without Our prior written consent, consent to either (i) the abandonment or termination of the Condominium Project (except for the abandonment or termination provided by law in the case of substantial destruction by fire or other casualty or in the case of a taking or condemnation or eminent domain), (ii) any material amendment to the Project Documents (including any change in the percentage interest of the unit owners in the Condominium Project), or (iii) the effectuation of any decision by the Owners Association to terminate professional management and assume self-management of the Condominium Project. If the Property has rental units, You shall maintain insurance against rent loss in addition to the other hazards for which insurance is required herein.

**6. Protection of Our Security.** If You fail to perform Your obligations under this Mortgage, or if any action or proceedings adversely affects our interest in the Property, We may, at Our option, take any action reasonably necessary (including, without limitation, paying expenses and attorney fees and to have entry upon the Property to make repairs) to perform Your obligations or to protect Our interests. Any amounts disbursed by Us pursuant to this Paragraph 6, with interest thereon at the variable rate described in the Agreement, shall become indebtedness secured by this Mortgage (except as expressly provided herein). Nothing contained in this Paragraph 6 shall require Us to incur any expense or take any action hereunder.

**7. Inspection.** We or Our agents may enter and inspect the Property, after giving You reasonable prior notice.

**8. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Us. Neither Borrower nor You will be relieved of any obligation to make payments if We apply the award received to the outstanding balance owed.

If You abandon the Property, or if, after notice by Us to You that the condemnor offers to make an award or settle a claim for damages, You fail to respond to Us within thirty (30) days after the date such notice is mailed, We are authorized to collect and apply the proceeds in the same manner as provided in Paragraph 4 hereof.

**9. Forbearance Not a Waiver.** Any forbearance by Us in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy in the future. Any waiver by Us must be in writing and signed by Us.

**10. Successors and Assigns Bound; Joint and Several Liability; Captions.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, Your and Our respective successors and assigns, subject to the provisions of Paragraph 13 hereof. All Your covenants and agreements shall be joint and several. The captions and headings of the paragraphs of this Mortgage are for convenience only and are not to be used to interpret or define the provisions hereof.

**11 Notices.** Except for any notice required under applicable law to be given in another manner, (a) any notice to You provided for in this Mortgage shall be given by personal delivery or by mailing such notice by first-class postage paid, addressed to You at the address of the Property shown at the beginning of this Mortgage or at such other address as You may designate by notice to Us as provided herein, and (b) any notice to Us shall be given by personal delivery or by mailing such notice by certified mail, return receipt requested, to Our address stated herein or to such other address as We may designate by notice to You as provided herein.

# citibank®

## Mortgage, continued

12. **Severability.** If any term of this Mortgage is found to be unenforceable, all other provisions will remain in full force.

13. **Due on Transfer Provision - Transfer of the Property.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in You is sold or transferred and You are not a natural person) without Our prior written consent, We may, at Our option, require immediate payment in full of all sums secured by this Mortgage. However, We shall not exercise this option if the exercise is prohibited by applicable law as of the date of this Mortgage. If We exercise this option, We shall give You notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which all sums secured by this Mortgage paid. If these sums are not paid prior to the expiration of this period, We may invoke any remedies permitted by this Mortgage without further notice or demand on You.

14. **Default.** If You breach any term in this Mortgage, or if Borrower fails to perform any obligation under the Agreement, We may, at Our option, declare all sums secured by this Mortgage to be immediately due and payable without further demand any may invoke the power of sale under this Mortgage and any other remedies permitted by law. We may collect from You all reasonable costs incurred in enforcing the terms of this Mortgage, including attorney's fees and allocated costs of Our salaried employees.

15. **Assignment of Rents.** As additional security hereunder, You hereby assign to Us the rents of the Property; provided, however, that You shall have, prior to acceleration under Paragraph 14 hereof or abandonment of the Property, the right to collect and retain such rents as they become due and payable.

16. **Future Loan Advances.** Upon Your request, We at Our option may make Future Loan Advances to You or Borrower. Such Future Loan Advances, with interest thereon, shall be secured by this Mortgage when evidenced by a promissory note or agreement stating that said note or agreement is so secured.

17. **Release.** Upon payment of all sums secured by this Mortgage and upon (a) expiration of the Agreement or (b) Your request, We shall release this Mortgage and You shall pay all costs of recordation, if any.

18. **Appointment of Receiver; Lender in Possession.** Upon acceleration under this Mortgage or abandonment of the Property, We shall be entitled to have a receiver appointed by a court to enter upon, take possession of, and manage the Property and collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including but not limited to, receiver's fees and premiums on the receiver's bonds and reasonable attorneys fees and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

19. **Statement of Obligation.** We may collect a fee for furnishing a statement of obligation in an amount not to exceed the maximum amount permitted under applicable law.

20. **No Merger.** There shall be no merger of the interest or estate created by this Mortgage with any other interest or estate in the Property at any time held by or for Our benefit in any capacity, without Our prior written consent.

21. **Fixture Filing.** This Mortgage constitutes a financing statement filed as a fixture filing in the Official Records of the County Recorder of the county in which the Property is located with respect to any and all fixtures included within the term "Property" as used in this Mortgage and with respect to any goods or other personal property that may now or hereafter become such fixtures.

22. **Third Party Waivers.** In the event that any of You has not also signed the Agreement as Borrower, each of You: (a) agrees that We may, from time to time, without notice to, consent from or demand on You, and without affecting or impairing in any way any of Our rights or Your obligations, (i) renew, extend, accelerate, compromise or change the interest rate or other terms of the Agreement and any promissory note or agreement evidencing a Future Loan Advance, and (ii) accept, waive and release other security (including guarantees) for the obligations arising under the Agreement or any promissory note or agreement evidencing a Future Loan Advance, and (b) waives (i) any right to require Us to proceed against any Borrower or any other person, proceed against or exhaust any security for the obligations secured by this Mortgage or pursue any other remedy in Our power whatsoever, (ii) any defense or right against Us arising out of any

# citibank®
## Mortgage, continued

disability or other defense or cessation of liability of any Borrower for any reason other than full payment, (iii) any defense or right against Us arising out of Our foreclosure upon the Property, even though such foreclosure results in the loss of any right of subrogation, reimbursement or other right You have against any Borrower, (iv) all presentments, diligence, protests, demands and notice of protest, dishonor, and nonperformance, (v) until payment in full of the indebtedness secured by this Mortgage, any right of subrogation or the benefit of any security for such indebtedness, and (vi) the benefit of the statute of limitations affecting the Property to the extent permitted by law. Any partial payment by Borrower or other circumstance that operates to toll any statute of limitations as to such person shall operate to toll such statute as to You.

23. **Choice of Law.** The Mortgage will be governed by United States federal law and, to the extent the United States federal law is inapplicable, then by the laws of the Commonwealth of Virginia; except that, with regard to the perfection and enforcement of Citibank's security interest in the Property, the Mortgage will be governed by the law of the state where the Property is located.

24. **Your Copy.** You shall be given one conformed copy of the Agreement and this Mortgage.

25. **Loan Charges Legislation Affecting Our Rights.** If the Agreement is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Agreement exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any such loan charge already collected from You or Borrower which exceeded permitted limits will be refunded to You or Borrower; We may choose to make this refund by reducing the principal owed under the Agreement or by making a direct payment to You or Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge due. If enactment or expiration of applicable laws has the effect of rendering any provision of the Agreement or this Mortgage unenforceable according to its terms, We may at Our option, require immediate payment in full of all sums secured by this Mortgage and may invoke any remedies permitted by Paragraph 14.

OR BK 23824 PG 3569
LAST PAGE

ACAPS #: ███████████
ATC FILE #: ███████
Customer Name: Grace Solis

LEGAL DESCRIPTION

THE WEST 24.85 FEET OF LOT 10, IN BLOCK 12, OF BISCAYNE BEACH
2ND ADDITION, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN
PLAT BOOK 46, AT PAGE 39, OF THE PUBLIC RECORDS OF MIAMI–DADE
COUNTY, FLORIDA.

P.I.N. #: 02–3203–011–0170

AMERICAN TITLE CORPORATION
1540 N. Old Rand Rd, Wauconda, IL. 60084 ♦ Phone: (847) 487-9200 Fax: (847) 487-9753
www.americantitlecorp.com

**EXHIBIT C**

**CITIGROUP TO PAY $100 MILLION TO SETTLE U.S. LIBOR RIGGING PROBE**

# ⬡ REUTERS                                                              🔍

| on screen and off, dead at 103 | placed under coronavirus quarantin... | | ❯ |
| 14 MINUTES AGO | 14 MINUTES AGO | | |

# Citigroup to pay $100 million to settle U.S. Libor rigging probe

Jonathan Stempel                                                    🐦   f

NEW YORK (Reuters) - Citigroup Inc (C.N) agreed to pay $100 million to settle charges by most U.S. states that it defrauded government and nonprofit entities by manipulating Libor, an interest rate benchmark that underlies a wide range of consumer transactions.

The Citigroup Inc (Citi) logo is seen at the SIBOS banking and financial conference in Toronto, Ontario, Canada October 19, 2017. Picture taken October 19, 2017. REUTERS/Chris Helgren

2/5/2020                                Citigroup to pay $100 million to settle U.S. Libor rigging probe - Reuters

NOW READING  Citigroup to pay $100 million to settle U.S. Libor rigging probe

Kirk Douglas, Hollywood's tough guy          About 350 U.S. evacuees from China
on screen and off, dead at 103               placed under coronavirus quarantin...
14 MINUTES AGO                               14 MINUTES AGO                                          >

Citigroup did not admit or deny wrongdoing, and agreed to cooperate.

It became the third bank to settle, following settlements of $220 million by Deutsche Bank AG (DBKGn.DE) last October and $100 million by Barclays Plc (BARC.L) in August 2016.

Banks have paid roughly $9 billion to settle Libor-rigging probes worldwide.

In a statement, New York-based Citigroup said it has adopted industrywide reforms intended to stop rate rigging, and "made substantial investments in its systems, controls and monitoring processes to better guard against inappropriate behavior."

Libor is short for the London Interbank Offered Rate. Banks use it to set rates on hundreds of trillions of dollars of credit card, mortgage, student loan and other transactions, and to determine the cost of borrowing from each other.

The states accused Citigroup of concealing from market participants that it made improper Libor submissions to avoid negative publicity and protect its reputation, and had concerns that other banks' submissions were inappropriate.

Citigroup's alleged misconduct occurred in 2008 and 2009, during a global financial crisis that led to its acceptance of three U.S. government bailouts.

"Our office has zero tolerance for fraudulent or manipulative conduct that undermines our financial markets," Underwood said in a statement. "Financial institutions have a basic responsibility to play by the rules - and we will continue to hold those accountable who don't."

2/5/2020                                   Citigroup to pay $100 million to settle U.S. Libor rigging probe - Reuters

**NOW READING**  Citigroup to pay $100 million to settle U.S. Libor rigging probe

| Kirk Douglas, Hollywood's tough guy on screen and off, dead at 103 | About 350 U.S. evacuees from China placed under coronavirus quarantin... | |
|---|---|---|
| 14 MINUTES AGO | 14 MINUTES AGO | > |

Apps    Newsletters    Advertise with Us    Advertising Guidelines    Cookies    Terms of Use    Privacy



All quotes delayed a minimum of 15 minutes. See here for a complete list of exchanges and delays.

© 2020 Reuters. All Rights Reserved.

# EXHIBIT D

# LETTER FROM THE OCC 2011



Comptroller of the Currency
Administrator of National Banks

March 14, 2011

Grace Solis
730 86th Street
Miami Beach FL 33141

Re:    Case# 01485224
       CITIBANK, NATIONAL ASSOCIATION

Dear Ms. Solis:

This letter acknowledges receipt of your correspondence concerning the above referenced bank. The Office of the Comptroller of the Currency (OCC) is the federal regulator responsible for this institution. Based upon your correspondence we have opened a case in the OCC's Customer Assistance Group (CAG). Please make note of the case number listed above, and provide the number on any future correspondence or contact with our office.

We have carefully reviewed the information you provided, and contacted the bank requesting a response to your issues. In most instances, the bank will respond directly to you and copy us in writing. Once you receive the bank's response, it is very important that you carefully review their summary and actions taken, if any.

If the bank has satisfactorily addressed your issues and/or concerns no further action on your part is required. If however, the bank failed to address any of your issues and/or concerns or you disagree with their response, please contact the CAG in writing within 30 days of receipt of the bank's letter. Please include in your reply the specific issues that the bank failed to address or, if applicable, the reasons you disagree with the bank's assessment. Also, please include any additional documentation that supports your position.

The OCC examines national banks to ensure their safe and sound financial condition and ensures compliance with applicable banking laws, rules and regulations. The CAG was established to assist customers who have questions or complaints involving national banks. For additional information on the OCC and CAG please visit our internet site www.helpwithmybank.gov.

.he CAG offers guidance, and assists consumers in resolving complaints about national banks and their subsidiaries. The CAG is not a consumer advocacy or bank advocacy group. The OCC is an administrative agency and we do not have jurisdiction to resolve contractual and factual issues. We do not have judicial authority and cannot award damages in excess of a bank's error.

While complaint processing times may vary, on average you should receive a written response from CAG within 60 days after we have a complete file. If you would like to check the status of your case online, please visit www.helpwithmybank.gov and click on the Check Case Status link. Should you have questions, please contact this office at the number listed below.

Sincerely,

*Customer Assistance Group*

**EXHIBIT E**

**2018 FORECLOSURE COMPLAINT**

Filing # 78722967 E-Filed 10/02/2018 11:57:50 AM

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO.

CITIBANK, N.A.,
       Plaintiff,

vs.

GRACE DENISE SOLIS A/K/A GRACE
D. SOLIS; UNKNOWN SPOUSE OF
GRACE DENISE SOLIS A/K/A GRACE
D. SOLIS; SHIRLEY JANICE SOLIS;
UNKNOWN SPOUSE OF SHIRLEY
JANICE SOLIS; THE UNKNOWN HEIRS,
BENEFICIARIES, DEVISEES,
GRANTEES, ASSIGNEES, LIENORS,
CREDITORS, TRUSTEES AND ALL
OTHERS WHO MAY CLAIM AN
INTEREST IN THE ESTATE OF SYLVIA
SOLIS, DECEASED; EDWARD SOLIS;
CITIBANK, N.A. SUCCESSOR BY
MERGER TO CITIBANK (SOUTH
DAKOTA), N.A.; 13500 NE 3RD COURT,
LLC; ANY AND ALL UNKNOWN
PARTIES CLAIMING BY, THROUGH,
UNDER, AND AGAINST THE HEREIN
NAMED INDIVIDUAL DEFENDANT(S)
WHO ARE NOT KNOWN TO BE DEAD
OR ALIVE, WHETHER SAID
UNKNOWN PARTIES MAY CLAIM AN
INTEREST AS SPOUSES, HEIRS,
DEVISEES, GRANTEES, OR OTHER
CLAIMANTS,
       Defendant(s).
_____/

## VERIFIED COMPLAINT FOR FORECLOSURE OF MORTGAGE

Plaintiff, CITIBANK, N.A., sues the Defendants and alleges:

## COUNT I – MORTGAGE FORECLOSURE

PAGE 1

18-191226 - JoD

1.     This is an action to foreclose a mortgage on real property in MIAMI-DADE County, Florida.

2.     The Court has jurisdiction over the subject matter.

3.     On September 2, 2005, GRACE DENISE SOLIS A/K/A GRACE D. SOLIS executed and delivered a promissory note securing the payment of the note to CITIBANK, FEDERAL SAVINGS BANK. A copy of the Note is attached hereto as Exhibit "A". On September 2, 2005 GRACE DENISE SOLIS A/K/A GRACE D. SOLIS and SYLVIA SOLIS, DECEASED and SHIRLEY JANICE SOLIS executed and delivered a mortgage. The Mortgage was recorded on September 29, 2005 in Official Records Book 23824, Page 3563, of the Public Records of Miami-Dade County, Florida and mortgaged the property described in the mortgage then owned by the Mortgagor(s). A copy of the Mortgage is attached hereto as Exhibit "B".

4.     The Plaintiff's Mortgage is a lien superior in dignity to any prior or subsequent right, title, claim, lien, or interest of any defendant in this action, including but not limited to, any interest arising out of Mortgagor(s) or Mortgagor(s)' predecessor(s) and/or successor(s) in interest.

5.     Plaintiff is the holder of the original note secured by the mortgage.

6.     Defendant(s) have defaulted under the Note and Mortgage by failing to pay the payment due December 27, 2013, and all subsequent payments.

7.     Plaintiff declares the full amount payable under the Note and Mortgage to be due, except to the extent any part of that amount is or would be subject to a statute of limitations defense.

8.     Pursuant to the terms of the note and mortgage, and except for those Defendants who have been discharged in bankruptcy, Defendant(s) owe Plaintiff $101,833.68 that is due and owing on principal on the Note and Mortgage, plus interest from and after September 27, 2010, and title search expenses for ascertaining necessary parties to this action.

**PAGE 2**

18-191226 - JoD

9.     On or about October 26, 2013, SYLVIA SOLIS died.

10.    In order to protect its security, the Plaintiff may have advanced and paid Ad Valorem Taxes, premiums on insurance required by the Mortgage and other necessary costs, or may be required to make such advances during the pendency of this action. Any such sum(s) so paid will also be due and owing pursuant to the terms of the note and mortgage.

11.    The property is now owned by Defendant(s), GRACE DENISE SOLIS A/K/A GRACE D. SOLIS and SHIRLEY JANICE SOLIS and THE UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, GRANTEES, ASSIGNEES, LIENORS, CREDITORS, TRUSTEES AND ALL OTHERS WHO MAY CLAIM AN INTEREST IN THE ESTATE OF SYLVIA SOLIS, DECEASED, if living and, if dead, the unknown spouses, heirs, and beneficiaries of GRACE DENISE SOLIS A/K/A GRACE D. SOLIS and SHIRLEY JANICE SOLIS who now hold(s) possession.

12.    All conditions precedent to the acceleration of this mortgage note and to foreclosure of the mortgage have occurred, been satisfied or been waived.

13.    Plaintiff is obligated to pay its attorneys a reasonable fee for their services. Plaintiff is entitled to recover its attorneys' fees pursuant to the express terms of the Note and Mortgage.

14.    Plaintiff alleges that the claims of the remaining Defendants are secondary, junior, inferior and subject to the prior claim of Plaintiff.

15.    Defendant, UNKNOWN SPOUSE OF GRACE DENISE SOLIS A/K/A GRACE D. SOLIS, may claim some right, title, or interest in the property herein sought to be foreclosed by virtue of homestead rights, possession or some other unknown interest, the exact nature of which is unknown to Plaintiff and not a matter of public record. However, said interest, if any, is subordinate, junior, and inferior to the lien of Plaintiff's mortgage.

PAGE 3

18-191226 - JoD

16.    Defendant, UNKNOWN SPOUSE OF SHIRLEY JANICE SOLIS, may claim some right, title, or interest in the property herein sought to be foreclosed by virtue of homestead rights, possession or some other unknown interest, the exact nature of which is unknown to Plaintiff and not a matter of public record. However, said interest, if any, is subordinate, junior, and inferior to the lien of Plaintiff's mortgage.

17.    The Defendant, EDWARD SOLIS, may claim some right, title, or interest in the property herein sought to be foreclosed by virtue of POSSIBLE HEIR IN THE ESTATE OF SYLVIA SOLIS, DECEASED or some other unknown interest, the exact nature of which is unknown to Plaintiff and not a matter of public record. However, said interest, if any, is subordinate, junior, and inferior to the lien of Plaintiff's mortgage.

18.    Any interest in the property inuring to the Defendant, CITIBANK, N.A. SUCCESSOR BY MERGER TO CITIBANK (SOUTH DAKOTA), N.A., is subordinate and inferior to the lien of Plaintiff's mortgage, including, but not limited to, FINAL JUDGMENT recorded August 4, 2011, in Official Records Book 27779 at Page 2655 and RE-RECORDED FINAL JUDGMENT recorded September 15, 2011, in Official Records Book 27826 at Page 438 of the Public Records of Miami-Dade County, Florida.

19.    Any interest in the property inuring to the Defendant, 13500 NE 3RD COURT, LLC, is subordinate and inferior to the lien of Plaintiff's mortgage, including, but not limited to, FINAL JUDGMENT recorded January 3, 2017, in Official Records Book 30370 at Page 1018 and RE-RECORDED FINAL JUDGMENT recorded April 6, 2017, in Official Records Book 30485 at Page 4281 of the Public Records of Miami-Dade County, Florida.

20.    Any and all unknown parties claiming by, through, under, and against the herein named individual Defendant(s) who are not known to be dead or alive, whether said unknown parties may

**PAGE 4**

18-191226 - JoD

claim an interest as spouses, heirs, devisees, grantees, or other claimants, are joined as Defendants herein. The claims of said Defendants are subordinate, junior, and inferior to the interest of the Plaintiff.

WHEREFORE, Plaintiff demands judgment foreclosing the mortgage, for costs (and, when applicable, attorneys' fees), and, if the proceeds of the sale are insufficient to pay Plaintiff's judgment, Plaintiff asks the court to reserve jurisdiction to determine whether a deficiency is appropriate, in the event it is sought. Subject to any applicable statute of limitations, Plaintiff further requests that the Court ascertain the amount due to Plaintiff for principal and interest on the Mortgage and Note, and for late charges, abstracting, taxes, expenses and costs, including attorney's fees, plus interest thereon. If the sums due Plaintiff under the Mortgage and Note are not paid immediately, Plaintiff requests that the Court foreclose the Mortgage and the Clerk of the Court sell the Property securing the indebtedness to satisfy the Plaintiff's mortgage lien in accordance with the provisions of Florida Statutes §45.031 (2006); and that the rights, title and interest of any Defendant, or any party claiming by, through, under or against any Defendant named herein or hereinafter made a Defendant be forever barred and foreclosed. Plaintiff further requests, where applicable, that the Court appoint a receiver of the Property and of the rents, issues, income and profits thereof, or in the alternative, order sequestration of rents, issues, income and profits pursuant to Florida Statutes §697.07 (2006); and that the Court retain jurisdiction of this action to make any and all further orders and judgments as may be necessary and proper, including the issuance of a writ of possession and the entry of a deficiency judgment decree, when and if such deficiency decree shall appear proper, provided Borrower(s) has/have not been discharged in bankruptcy. Finally, Plaintiff asks the Court to retain jurisdiction to resolve disputes that might

PAGE 5

18-191228 - JoD

arise with respect to assessments due or allegedly due to any Homeowners or Condominium

Association, if applicable.

## VERIFICATION OF COMPLAINT

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed on this 25 day of September, 2018.

By: _____
Printed Name: Jennifer Ollier
Title: Vice President-Document Control, Employed by CitiMortgage, Inc., which provides certain loan servicing for Plaintiff
PLAINTIFF: CITIBANK, N.A.
Date: 9/25/18

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Plaintiff
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
Service Email: mail@rasflaw.com

By: _____
[ ]  Melissa Konick, Esq., FL Bar No. 17569, Email Address: mkonick@rasflaw.com
[ ]  Wendy Manswell, Esq., FL Bar No. 12027, Email Address: wmanswell@rasflaw.com
[X]  Rosemarie Wildman, Esq., FL Bar No. 645869, Email Address: rwildman@rasflaw.com
[ ]  Gweneth Brimm, Esq., FL Bar No. 727601, Email Address: gbrimm@rasflaw.com
[ ]  Shannon Dobel, Esq., FL Bar No. 126299, Email Address: sdobel@rasflaw.com

PAGE 6

18-191226 - JoD

**EXHIBIT F**

**POSSESSION CERTIFICATE**

## FLORIDA STATUTES, § 702.015(4) POSSESSION CERTIFICATE

1.      I, Sue Jorden, am employed by CitiMortgage, Inc., as Vice President - Document Control.  Pursuant to an agreement, CitiMortgage, Inc., provides certain loan servicing activities for Citibank, N.A., the holder of the Home Equity Line of Credit Agreement ("HELOC") described below. Pursuant to a corporate resolution from CitiMortgage, Inc., I am authorized to make the representations contained in this Possession Certificate ("Certificate") on behalf of Citibank, N.A.  The statements made in this Certificate are based on my personal knowledge obtained through my review of business records that are kept by CitiMortgage, Inc., in the normal course of business.

2.      I am over the age of 18 and competent to certify the information contained herein. Pursuant to Florida Statutes, § 702.015(4), under penalty of perjury, I give this certification.

3.      For convenience, the following party or parties listed on the HELOC are referred herein as "Borrower": Grace D. Solis. The Borrower executed a Home Equity Line of Credit Agreement ("HELOC") dated September 2, 2005, in the amount of $104,000.00.

4.      Citibank, N.A. is in possession of the original HELOC upon which this action is brought through its custodian, CitiMortgage, Inc., which possesses the HELOC on behalf of Citibank, N.A.

5.      At the time of verification, the original HELOC was located at CitiMortgage, Inc. at 1000 Technology Drive, O'Fallon, Missouri 63368.

6.      I personally verified CitiMortgage, Inc.'s possession of the original HELOC on July 10, 2018 at 9:01 AM.

1

7.     A true and correct copy of the HELOC is attached to this Certificate as <u>Exhibit A</u>.

Under penalty of perjury, I declare that I have read the foregoing Possession Certificate, and the

facts alleged therein are true and correct to the best of my knowledge and belief.

**CERTIFIER**

By:

Name: <u>Sue Jorden</u>

Date: <u>7-10-18</u>

FL – Possession Certificate – 20160128M
v.FL20160128M DEX0340.28598

**EXHIBIT G**

**CENLAR FLOOD INSURANCE COVERAGE FROM 11/21/21 TO 11/21/22**

# AMERICAN SECURITY INSURANCE COMPANY
A Stock Insurance Company • Home Office: Wilmington, DE
**PO BOX 50355 ATLANTA, GEORGIA 30302**

Master Policy Number
MSP-RCFL-00745-00

LOAN
NUMBER
4773559853

**RESIDENTIAL PROPERTY
JUNIOR MORTGAGE
FLOOD COVERAGE
DECLARATIONS**

POLICY NUMBER
FSR07451950989

**MORTGAGOR NAME AND ADDRESS** (Street No., City, State, Zip):
GRACE D SOLIS
730 86TH ST
MIAMI BEACH, FL  33141

**NAMED INSURED MORTGAGEE** – Name and Address:
CENTRAL LOAN ADMINISTRATION
& REPORTING ISAOA, ATIMA
P.O. BOX 202028
FLORENCE, SC  29502-2028

| POLICY PERIOD | COVERAGE | AMOUNT OF INSURANCE | PREMIUM |
|---|---|---|---|
| EFFECTIVE TIME 12:01 AM | Building Property | $148,402 | $1,781.00 |
| From 11/21/2021 To 11/21/2022 | ICC Coverage | $30,000 | Included |
| DESCRIBED LOCATION<br>730 86TH ST<br>MIAMI BEACH, FL  33141 | | | |
| | | | |
| | | | |
| | | | |
| Flood Zone: AE | | ANNUAL PREMIUM AMOUNT | $1,781.00 |
| Rate Group: | | ANNUAL TOTAL CHARGED | $1,781.00 |

FORMS AND ENDORSEMENTS ATTACHED AT TIME OF ISSUE:
MSP-RFL-JMC-J (06-09),MSP-RFL-POL (06-09),MSP-RFL-END-FL (09-20),MSP-RFL-JMC-END (01-13)
MSPRFLCONDOCCAEND (01-14)

Subject to the terms and provisions of the Mortgage Service Program, Residential Property Flood Policy attached hereto, it is agreed that the insurance applies to the property described above.

**NOTICE TO MORTGAGOR**

This coverage satisfies the flood insurance requirements of your mortgage agreement with the above Mortgagee. It was placed according to the terms of your mortgage agreement, in absence of evidence that you have other such insurance protecting the Mortgagee's interest in the covered property. The premium has been added to your account with the Mortgagee. If you now have or should later obtain other insurance, please ask your agent or insurance company to notify the Mortgagee at the address shown so that your account may be credited with any applicable premium refund for termination of the coverage.
THIS INSURANCE DOES NOT PROVIDE LIABILITY, CONTENTS OR PERSONAL PROPERTY COVERAGE OF ANY KIND. PLEASE REFER TO THE ATTACHED FORM(S) FOR A FULL DESCRIPTION OF THE TERMS AND LIMITATIONS OF THIS COVERAGE.

**DEDUCTIBLE**

For all perils, the sum of $750 shall be deducted from the amount which would otherwise be recoverable for each loss separately occurring. These deductibles shall apply separately to each building or structure.

CLAIMS INFORMATION ONLY
1-800-326-7781

ALL OTHER INQUIRIES
1-855-839-6253

01/07/2022
Issue Date

Authorized Representative



**EXHIBIT H**

**CENLAR STATEMENT 7/1/22 ESCROWS FOR INSURANCE**



CENLAR

Persons who are deaf, hard of hearing, or have limited speech may dial TTY 711.

PO Box 77404
Ewing, NJ 08628
Toll Free: 855-839-6253
**STATEMENT ENCLOSED**

## Home Equity Line of Credit Statement

| | |
|---|---|
| Statement Date: | 07/01/22 |
| Account Number: | 4773559853 |
| Payment Due Date: | 07/27/22 |
| Amount Due: | **$72,234.11** |

*IF PAYMENT IS RECEIVED AFTER 08/12/22, A $0.00 LATE CHARGE WILL BE ASSESSED

+ 0658831 000004043 07CU81 0929872 L4
GRACE D SOLIS
730 86TH ST
MIAMI BEACH, FL 33141-1116

Mail Payments To: CENTRAL LOAN ADMINISTRATION &
REPORTING
PO BOX 11733
NEWARK, NJ 07101-4733

www.loanadministration.com

Property Address: 730 86TH ST
MIAMI BEACH, FL 33141

**Account Information**

| | |
|---|---|
| Available Credit | $0 |
| Credit Limit | $103,148 |
| Statement Closing Date | 07/01/22 |
| Principal Balance as of 07/01/22 | $103,147.98 |
| Escrow Balance | $0.00 |
| Maturity Date | 09/2035 |

**Explanation of Amount Due**
If you are experiencing financial difficulty, you may call the US Department of Housing and Urban Development (HUD) at 800-569-4287 or go to www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm for a list of homeowner counselor or counseling organizations in your area.

| | |
|---|---|
| Principal: | $429.78 |
| Interest: | $349.43 |
| Escrow: | $148.42 |
| Optional Insurance: | $0.00 |
| Total Fees Charged Since Last Statement | $0.00 |
| Current Payment Amount Due on 07/27/22 | $927.63 |
| Past Due Amount | $71,306.48 |
| Total Amount Due | $72,234.11 |

**How We Arrived at Your Balance**

| Previous Balance | (+)Advances & Charges | (-) Payments & Credits | (+) FINANCE CHARGES | (+)(-) Credit/debit Adjustments | New Balance This is Not a Payoff Amount |
|---|---|---|---|---|---|
| $136,006.45 | $0.00 | $0.00 | $349.43 | $0.00 | $136,355.88 |

**Activity Since Your Last Statement (06/03/22 - 07/01/22) - To avoid additional finance charges, pay the new balance before 07/01/22**

| Segment Number | Tran Date | Effective Date | Description | Total | Principal | Finance Charges | Late Charges/ Other Fees | Escrow/ Other | Optional Insurance |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 05/11/22 | 05/11/22 | PROPERTY PRESERVATION DISB(631) PROPERTY INSPECT | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 001 | 05/03/22 | 05/03/22 | ATTORNEY ADVANCE DISB (630) ATTORNEY FEES | $907.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 001 | 04/04/22 | 04/04/22 | PROPERTY PRESERVATION DISB(631) PROPERTY INSPECT | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 001 | 03/01/22 | 03/01/22 | PROPERTY PRESERVATION DISB(631) PROPERTY INSPECT | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 001 | 01/13/22 | 01/13/22 | PROPERTY PRESERVATION DISB(631) PROPERTY INSPECT | $15.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 001 | 01/12/22 | 01/12/22 | ESCROW ADVANCE/REFUND REQUEST | $0.00 | $0.00 | $0.00 | $0.00 | -$1,781.00 | $0.00 |
| 001 | 01/12/22 | 01/12/22 | ADJUSTMENT-TRAN | -$1,781.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 001 | 01/12/22 | 01/12/22 | CORPORATE ADVANCE(MISC) CITI INEL INS | $1,781.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 001 | 01/11/22 | 01/11/22 | ESCROW ADVANCE | $1,781.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 001 | 01/11/22 | 01/11/22 | FLOOD INSURANCE | -$1,781.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**Finance Charges**

| Interest Adjustment Details | Segment Number | Days | Balance | Periodic Rate | Annual Percentage Rate | Periodic Finance Charges* |
|---|---|---|---|---|---|---|
| | 001 | 13 | $103,147.98 | 0.0105479 | 3.85000 | $141.44 |
| | 001 | 16 | $103,147.98 | 0.0126027 | 4.60000 | $207.99 |

**Important Messages - See Reverse Side For Additional Important Information**    *Unapplied funds represent funds that are held in suspense waiting final application. If this amount represents a partial payment, your payment will be applied upon receipt of the amount required to complete your payment.

| | |
|---|---|
| Total Fees Assessed This Period: $0.00 | Total Fees Assessed Year To Date: $0.00 |
| Total Interest Assessed This Period: $349.43 | Total Interest Assessed Year To Date: $2,039.93 |
| Total Suspense Received This Period: $0.00 | |

**Please Return this portion with your payment**

**GRACE D SOLIS**
**730 86TH ST**
**MIAMI BEACH, FL 33141-1116**

☐ Please check this box if your address or personal information has been updated on the reverse side of this payment coupon.

| | |
|---|---|
| Payment Due Date: | 07/27/22 |
| Current Payment Amount: | $927.63 |
| Past Due Amount: | $71,306.48 |
| **Total Amount Due:** | **$72,234.11** |
| Late Charge Amt: | $0.00 |
| After 08/12/22 Pay | $72,234.11 |

Account Number: 4773559853
GRACE D SOLIS

Make checks payable to:

CENTRAL LOAN ADMINISTRATION & REPORTING
PO BOX 11733
NEWARK, NJ 07101-4733

030000004773559853000L4KW720000072234110000072234110000072234110000(



**EXHIBIT I**

**TRIAL COURT ADMISSIONS FROM CITI DENYING THAT HELOC IS NOT A
NOTE AND DENYING THAT PLAINTIFFS HAVE BEEN DISPUTING THE DEBT**

Filing # 158551891 E-Filed 10/04/2022 12:46:37 PM

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI DADE
COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO. 2018-033416-CA-01

CITIBANK, N.A.
     Plaintiff,

vs.

GRACE DENISE SOLIS A/K/A
GRACE D. SOLIS and SHIRLEY
JANICE SOLIS and THE
UNKNOWN HEIRS,
BENEFICIARIES, DEVISEES,
GRANTEES, ASSIGNEES,
LIENORS, CREDITORS,
TRUSTEES AND ALL OTHERS
WHO MAY CLAIM AN INTEREST
IN THE ESTATE OF SYLVIA
SOLIS, DECEASED, *et al.*,
     Defendants.

_____/

## RESPONSE TO DEFENDANTS' REQUEST FOR ADMISSIONS

The Plaintiff, CITIBANK, N.A., by and through its undersigned attorney, files its

Response to Defendant Grace Solis and Shirley Solis' Request For Admissions and in support

thereof states as follows:

1. Defendant1 directly disputed the accuracy of the information that Plaintiffs were

    reporting about Account 1.

    RESPONSE: Denied

 

18-191226 - ReJ

PAGE 1

2. Plaintiff received Defendant1's multiple disputes about how the interest rate was calculated for Account1.

RESPONSE: Denied

3. There is no DECLARATION CLAUSE in Home Equity Line of Credit Mortgage Agreement.

RESPONSE: Denied

4. Defendants waived $10,127.09 plus $207.54 on May 17, 2018 from certain past due installment payments because they were not enforced within the applicable statute of limitations.

RESPONSE: Denied

5. The Home Equity Line of Credit Agreement is not a note.

RESPONSE: Denied

6. Plaintiff's Home Equity Line of Credit utilized LIBOR to calculate the interest rate for the account.

RESPONSE: Denied

7. The Truth in Lending Act requires creditors to provide consumers information regarding how their interest and annual percentage rate is calculated.

RESPONSE: Denied

8. Central Home Loan Servicing (CENLAR) is the current servicer of the HELOC.

RESPONSE: Admitted

18-191226 - ReJ

PAGE 2

9. Defendants' failure to provide the continuously requested calculation of the interest rates (since 2010) to Plaintiff1 contributed to Plaintiff1's failure to pay the interest amount owed.

RESPONSE: Denied

10. CITIMORTGAGE, INC. became the servicer of the HELOC after the HELOC was in default.

RESPONSE: Denied

11. Home Equity Line of Credit which is the subject of this foreclosure, does not specify a promise by the Defendants to repay a specified sum.

RESPONSE: Denied

12. Nothing on the face of the HELOC indicates the amount that was borrowed.

RESPONSE: Denied

18-191226 - ReJ

PAGE 3

## CERTIFICATE OF SERVICE

**I hereby certify that** a copy of the foregoing has been furnished to the parties listed on the attached service list via Mail and/or E-mail in accordance with the corresponding addresses listed therein on this 3rd day of October, 2022.

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE
& PARTNERS, PLLC
Attorney for Plaintiff
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
Service Email: flmail@raslg.com

By: _\S\ *Kim Stevens*_
Kim Stevens, Esquire
Florida Bar No. 0543136
Communication Email: kstevens@raslg.com

## SERVICE LIST

GRACE DENISE SOLIS A/K/A GRACE D. SOLIS
730 86TH ST
MIAMI BEACH, FL 33141-1116
PRIMARY EMAIL: SOLIS.G@AOL.COM

SHIRLEY JANICE SOLIS
730 86TH ST
MIAMI BEACH, FL 33141

By: _\S\ *Kim Stevens*_
Kim Stevens, Esquire
Florida Bar No. 0543136

18-191226 - ReJ

PAGE 4

**EXHIBIT J**

**TRIAL COURT ADMISSIONS FROM PLAINTIFFS INFORMING DEFENDANTS**

**THAT THERE WAS NO NOTE OR LOAN**

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO. 2018-033416-CA-01 3D19-1880

CITIBANK, N.A.,
    Plaintiff,

vs.

GRACE DENISE SOLIS A/K/A GRACE
D. SOLIS and SHIRLEY JANICE SOLIS
and THE UNKNOWN HEIRS,
BENEFICIARIES, DEVISEES,
GRANTEES, ASSIGNEES, LIENORS,
CREDITORS, TRUSTEES AND ALL
OTHERS WHO MAY CLAIM AN
INTEREST IN THE ESTATE OF SYLVIA
SOLIS, DECEASED, et. al.
    Defendant(s),

_____/

## PLAINTIFF'S REQUESTS FOR ADMISSION DEFENDANTS GRACE D. SOLIS AND SHIRLEY J. SOLIS

PLAINTIFF, CITIBANK, N.A., by and through the undersigned Attorney, pursuant to

Florida Rule of Civil Procedure 1.370, hereby requests Defendants, GRACE DENISE SOLIS

and SHIRLEY JANICE SOLICE to admit or deny the following Requests for Admission

within thirty (30) days from the date hereof.

## DEFINITIONS

For purposes of this Requests for Admissions, the following definitions and instructions
apply and are incorporated into each Request as though fully stated therein:

    1.    "Defendant(s)" shall refer to the Defendant(s) named herein these Requests for
Admission.

18-191226 - AmS

1

2.      "You" (including "you", "your" and "yours") shall refer to Defendant(s), your counsel and any consultants, attorneys, experts, investigators, agents or other persons acting on your behalf.

3.      "Plaintiff" means the Plaintiff identified in the case style, its counsel and any of its officers, directors, affiliates, shareholders, attorneys, consultants, experts, investigators, agents or other persons acting on its behalf, including any current and prior loan servicers.

4.      "Loan" means the loan at issue in this action memorialized by that certain promissory Note/ HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE executed by Defendant(s).

5.      "Note" means that certain promissory Note/ HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE executed by Defendant(s) which is at issue in this action attached hereto as **Exhibit "A"**.

6.      "Mortgage" means that certain Mortgage at issue in this action, executed by Defendant(s) to secure the Loan and/or Note/ HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE attached hereto as **Exhibit "B"**.

7.      "Demand Letter" means that certain letter attached hereto as **Exhibit "C"**.

8.      "Property" refers to the property secured by the Mortgage, defined specifically in the Mortgage at issue in this matter.

9.      "Lawsuit", "matter", "action" and/or "case" means the legal proceeding initiated by Plaintiff against you by filing the complaint.

10.     "Full Amount" means all of the principal and interest due and owing under the Note through the maturity date of the Note and the entirety of the Loan.

11.     "Current Amount" means the principal and interest due and owing up and through the date even herewith, along with any amounts due and owing for late fees, disbursements, costs, and other expenses.

## INSTRUCTIONS

1.      Each request for admission shall be deemed admitted unless within thirty (30) days after service hereof, you serve a written answer or objection addressed to the matter signed by you or your attorney.

2.      The answer to each request for admission shall specifically admit or deny the matter, or set forth in detail the reason why you cannot truthfully admit or deny the matter.

18-191226 - AmS                          2

3.    When good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as true and qualify or deny the remainder.

4.    You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny.

5.    If you object to a request for admission, please state the reason for the objection.

6.    Should you discover that any response to the requests for admission was incorrect when made, you shall, upon such discovery or determination, amend such response.

## REQUESTS FOR ADMISSION

1.    Admit that all conditions precedent to the bringing of this action have occurred or have been waived.

   **Response:**    Denied

2.    Admit that you own the property located at 730 86th St., Miami Beach, FL 33141.

   **Response:**    Admitted

3.    Admit that you signed the HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE, attached hereto as **Exhibit "A"**.

   **Response:**    Exhibit not attached

4.    Admit that you signed the Mortgage, atta

   **Response:**    Exhibit not attached

5.    Admit that you were not married when you signed the Mortgage, a copy of which is attached hereto as **Exhibit "B"**.

   **Response:**    Exhibit not attached

6.    Admit that you received the Letter attached hereto as **Exhibit "C"**.

   **Response:**    Exhibit not attached

7.    Admit that you failed to make the payments as stated in the Letter attached hereto as **Exhibit "C"**.

18-191226 - AmS

3

**Response:**   Exhibit not attached

8.   Admit that all payments made by you toward the loan were properly credited.

**Response:**   Denied

9.   Admit that you are in default of the payment obligations under the Note and Mortgage.

**Response:**   Denied, there is no Note; Admit to mortgage

10.   Admit that the outstanding principal balance of the Loan is correctly stated in the complaint.

**Response:**   Denied

11.   Admit that you have not paid off the loan.

**Response:**   Denied, this is not a loan.

12.   Admit that you have not reinstated the loan.

**Response:**   Denied, this is not a loan.

13.   Admit that you have resided at the Property since you obtained the Loan.

**Response:**   Resided in the property since 2000, before HELOC.

14.   Admit that you have not paid property taxes for the Property.

**Response:**   Denied

15.   Admit that you have not claimed homestead status for the property.

**Response:**   Denied

16.   Admit that you have not maintained insurance on the Property.

**Response:**   Admitted

17.   Admit that the Loan has not been terminated by any agreements.

**Response:**   Denied, this is not a loan.

**EXHIBIT K**

**DEFENDANTS' EMAIL FORCING PLAINTIFFS TO SUBMIT UNREDACTED**

**DRIVER'S LICENSES AND SOCIAL SECURITY INFORMATION INTO THE**

**COURT DOCKET**

## RE: Citibank v. Solis - Case #2018-033416-CA-01 - Discovery link below

From:  Kim Stevens (kstevens@raslg.com)

To:    solis.g@aol.com

Cc:    mcruz@raslg.com

Date:  Monday, October 17, 2022 at 01:15 PM EDT

If you do not file actual responses to the discovery, then you have not responded to our discovery.  You have until the end of business today.

***Kim Stevens, Esq.***
Litigation Attorney
Robertson, Anschutz, Schneid, Crane & Partners, PLLC



6409 CONGRESS AVENUE, SUITE 100
BOCA RATON, FLORIDA 33487
Phone  561.241.6901
Fax    561.241.6909
Email: kstevens@raslg.com
Email for Service: flmail@raslg.com

**From:** solis.g@aol.com <solis.g@aol.com>
**Sent:** Monday, October 17, 2022 1:00 PM
**To:** Kim Stevens <kstevens@raslg.com>
**Cc:** Mariah Cruz <mcruz@raslg.com>
**Subject:** Re: Citibank v. Solis - Case #2018-033416-CA-01 - Discovery link below

Good afternoon,

The Interrogatories, Admissions and production of documents are inside the file I provided to you.  I cannot file personal information into the Court, it contains my sister and my driver's license information along with social security numbers.  You have received them.  I filed a Notice with the Court informing them that you would receive them in email form due to their personal nature.  I cannot have our personal information accidentally inside a court docket that anyone can retrieve.  Thank you.

Best regards,

Grace Solis

954-588-8214

-----Original Message-----
From: Kim Stevens <kstevens@raslg.com>
To: 'solis.g@aol.com' <solis.g@aol.com>
Cc: Mariah Cruz <mcruz@raslg.com>
Sent: Mon, Oct 17, 2022 12:37 pm
Subject: RE: Citibank v. Solis - Case #2018-033416-CA-01 - Discovery link below

You need to file actual responses to the discovery, not a Notice of Compliance.  You have until the end
of business today to provide.

Thank you,

*Kim Stevens, Esq.*
Litigation Attorney
Robertson, Anschutz, Schneid, Crane & Partners, PLLC



6409 Congress Avenue, Suite 100
Boca Raton, Florida 33487
Phone  561.241.6901
Fax     561.241.6909
Email: kstevens@raslg.com
Email for Service: flmail@raslg.com

From: solis.g@aol.com <solis.g@aol.com>
Sent: Friday, October 14, 2022 11:42 PM
To: Kim Stevens <kstevens@raslg.com>
Subject: Citibank v. Solis - Case #2018-033416-CA-01 - Discovery link below

Good morning Ms. Stevens,

Below is a link to a file in dropbox which contains the Admissions, Interrogatories and Production of Documents.
Due to the voluminous amount of paper and sensitive information, this is the safest and easiest way to send the
information to you.  Thank you.

https://www.dropbox.com/transfer/AAAAANP3CrWlUccr-nfPcicWl2MbxguW5H_Mwougpr4RXXQBz_qWc4w

Best regards,

Grace Solis
954-588-8214
CONSUMER OPT-OUT: Please note that you may **opt out** of receiving further email communications to this email address by replying to this email with
the word **"stop"** in the subject line. While the firm will comply with your request to opt out of receiving further electronic communication to this email
address, please be advised that the firm may still be required by applicable law or court rule to provide you with certain notices or pleadings.
In some circumstances this firm may be deemed a "debt collector" as defined by the Fair Debt Collection Practices Act and other applicable
law. In such a case, this is an attempt to collect a debt. Any information obtained may be used for that purpose.
PRIVILEGE AND CONFIDENTIALITY NOTICE: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510-2521 and
is legally privileged. The contents of this e-mail message and any attachments are intended solely for the party or parties addressed and
named in this message. This communication and all attachments, if any, are intended to be and to remain confidential, and it may be subject
to the applicable attorney - client and or work product privileges. If you are not the intended recipient of this message, or if this message has
been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not
deliver, distribute, or copy this message and or any attachments if you are not the intended recipient. Do not disclose the contents or take any
action in reliance upon the information contained in this communication or any attachments. Although this E-mail and any attachments are
believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the
responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Robertson, Anschutz, Schneid, Crane &
Partners, PLLC for damage arising in any way from its use.

CONSUMER OPT-OUT: Please note that you may **opt out** of receiving further email communications to this email address by replying to this email with the
word **"stop"** in the subject line. While the firm will comply with your request to opt out of receiving further electronic communication to this email address,
please be advised that the firm may still be required by applicable law or court rule to provide you with certain notices or pleadings.

In some circumstances this firm may be deemed a "debt collector" as defined by the Fair Debt Collection Practices Act and other applicable law.
In such a case, this is an attempt to collect a debt. Any information obtained may be used for that purpose.

AOL Mail - RE: Citibank v. Solis - Case #2018-033416-CA-01 - Discovery link below

**PRIVILEGE AND CONFIDENTIALITY NOTICE: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510-2521 and is legally privileged. The contents of this e-mail message and any attachments are intended solely for the party or parties addressed and named in this message. This communication and all attachments, if any, are intended to be and to remain confidential, and it may be subject to the applicable attorney - client and or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute, or copy this message and or any attachments if you are not the intended recipient. Do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments. Although this E-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Robertson, Anschutz, Schneid, Crane & Partners, PLLC for damage arising in any way from its use.**

**EXHIBIT L**

**REINSTATEMENT LETTER SHOWING ESCROW DEFICITS**



# RAS
## ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC
### LAW OFFICES

David J. Schneid, Esquire
Managing Partner - Member of Florida Bar
James Robertson, Esquire
(1943 – 2019)

6409 Congress Ave, Suite 100
Boca Raton, FL 33487
Office 561.241.6901
www.raslegalgroup.com

Everett Anschutz, Esquire
Member of Texas Bar
John T. Crane, Esquire
Member of Georgia, and Texas Bar

Date: February 2, 2023

Borrower: GRACE DENISE SOLIS A/K/A GRACE D. SOLIS AND SYLVIA SOLIS, DECEASED AND SHIRLEY JANICE SOLIS
Property Address: 730 86TH ST, MIAMI BEACH, FL 33141
Loan No.: 4773559853
Our File No.: 18-191226 - MaH

Attn: Grace Solis
Email: solis.g@aol.com

We represent CITIBANK, N.A. in connection with the above-referenced loan.

Because we may be considered "debt collectors," you should proceed on the assumption and with the understanding that THIS FIRM IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

This letter is in response to your request for a reinstatement figure. The amount due to reinstate is **$112,736.61** good though February 15, 2023 pursuant to the itemized **Explanation of Charges** and the **Description of Charges** included herein. Please note that, by federal law, these amounts do not include any estimates.

Pursuant to the terms of your loan, however, other amounts (including escrow shortages) may become due to bring your account current. These other amounts are designated as "TBD," or "To Be Determined," in the Description of Reinstatement Figures and Other Amounts included below. We may provide you with current estimates of these other amounts upon request. Once determined, they will be invoiced to you for payment to bring your account current. Non-payment of these other amounts will not affect the fact of your reinstatement, but may subject you to another foreclosure action, or a first foreclosure action if none has yet been filed.

**Please note, we will not delay or dismiss any pending foreclosure action while awaiting your reinstatement payment and you remain liable for your monthly mortgage payments as they become due.**

 

18-191226 - MaH

IF A JUDGMENT IS ENTERED AND/OR A FORECLOSURE SALE IS SCHEDULED PRIOR TO OUR CLIENT'S ACCEPTANCE OF THE REINSTATMENT AMOUNT, PLAINTIFF CANNOT GUARANTEE THAT THE JUDGMENT WILL BE VACATED OR THE SALE WILL BE CANCELED, AS BOTH ARE SUBJECT TO THE COURT'S DISCRETION

UPON OUR CLIENT'S ACCEPTANCE OF THE REINSTATEMENT AMOUNT, HOWEVER, WE WILL ENDEAVOR TO CANCEL THE SALE (if necessary), VACATE THE JUDGMENT (if necessary), AND TO DISMISS THE LAWSUIT.

**THIS LETTER EXPIRES BY THE GOOD THROUGH DATE LISTED ABOVE. THEREAFTER, YOU WILL HAVE TO REQUEST AN UPDATED REINSTATEMENT LETTER, IF DESIRED.**

YOU WILL REMAIN LIABLE TO YOUR ATTORNEY, IF YOU HAVE ONE, FOR ANY ATTORNEY'S FEES AND COSTS YOU HAVE INCURRED IN CONNECTION WITH THE FORECLOSURE MATTER ITSELF, INCLUDING THOSE INCURRED PRIOR TO THE FILING OF ANY FORECLOSURE COMPLAINT.

If you have questions or need additional information, contact us at the following:

Department of Ancillary Services
Robertson, Anschutz, Schneid, Crane & Partners, PLLC.
Attorneys for Plaintiff
Direct Line: 561-241-6901 ext. 1888
FLRein.Payoff@raslg.com

18-191226 - MaH

DESCRIPTION OF REINSTATEMENT AND OTHER FIGURES BY CATEGORY

| Description of Charges | Amounts Due |
|---|---|
| Monthly Mortgage Payments | $78,838.30 |
| Accumulated Late Charges | |
| Escrow Deficits | $8,392.00 |
| Suspense Balance | |
| Non-Sufficient Funds | |
| Property Preservation | |
| Property Inspections | $530.00 |
| Broker's Price Opinion/Appraisal | |
| Loan Modification Fees | |
| Title Search | $250.00 |
| Title Examination | |
| Title Updates | $45.00 |
| Pre-Suit Occupancy Investigation | |
| Mediation Attorney Fees | $725.00 |
| Mediation Costs | $490.00 |
| Mediation Compliance Fees | |
| Clerk Filling Fee | $1,028.59 |
| Clerk Recording Fee | $9.00 |
| Dismissal Fee | |
| Motion to Release Original Loan Documents | |
| Motion to Cancel Sale | |
| Skip Trace | |
| Service of Process | $821.30 |
| Publication Costs | $245.00 |
| Mail | $3.42 |
| Overnight Document Delivery Costs | |
| Litigation Fees | $17,784.00 |
| Attorney's Fees | $3,325.00 |
| Attorney's Fees/Costs paid to prior counsel | |
| Bankruptcy Fees to other counsel | |
| Property Registration | |
| SCRA | |
| Court Reporting Cost | $250.00 |
| Death Certificate | |
| Death Certificate Recording Cost | |
| TOTAL: | $112,736.61 |

**EXHIBIT M**

**CENLAR LETTER CANCELLING INSURANCE DATED 6/13/23**

NAMED INSURED MORTGAGEE - Name and Address
CENTRAL LOAN ADMINISTRATION
& REPORTING ISAOA, ATIMA
P.O. BOX 202028
FLORENCE, SC  29502-2028

Date of Issue:  June 13, 2023

ADDITIONAL INSURED / MORTGAGOR - Name and Address
GRACE D SOLIS
730 86TH ST
MIAMI BEACH, FL  33141

### AMERICAN SECURITY INSURANCE COMPANY
PO Box 50355 Atlanta, GA 30302

## LENDER-PLACED INSURANCE
## CONFIRMATION OF CANCELLATION

Property Address:     730 86TH ST
                      MIAMI BEACH, FL  33141

Re: Loan Number:    4773559853
    Policy Number:  FLR07452056601

Dear Customer:

The Named Insured Mortgagee/Lender has requested cancellation of the lender-placed insurance that was issued in compliance with your mortgage/lien agreement. This cancellation is effective at 12:01 a.m. on 05/10/2023. The reason for this cancellation is:

    Named Insured's Request.

If you have any questions, please feel free to call your mortgage lender at 1-855-839-6253.

Sincerely,

Insurance Department



AS1161-0509

**EXHIBIT N**

**AMERICAN EXPRESS LETTER STATING SOLIS2 WAS DECEASED**

06/15/2023

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

6000408-0000408 S0195 001 ------ 541607 2800

Estate of SHIRLEY J SOLIS
730 86TH ST
MIAMI BEACH FL 33141-1116



Re: Macy's American Express® Card Account Ending In 7305

Dear Estate of SHIRLEY J SOLIS:

We recently received notification of the passing of SHIRLEY J SOLIS, the owner of the above-referenced Macy's American Express® Card account. We wish to extend our sympathies to SHIRLEY J SOLIS's family and friends during this difficult time.

The purpose of this letter is to inform you that the account has been closed and placed with one of our outside probate partners for special handling. All scheduled or pending payments have been cancelled. The closing of the account will protect it from fraudulent use and will prevent new charges, interest or late fees from accruing on the account balance. Further, the placement of the account with one of our probate partners is not a negative reflection on the account or on its accountholder(s). ASCENSION POINT at 1-888-806-9074 (For TTY: Use 711 or other Relay Service), our probate partner, is authorized by us to discuss the account details with the authorized representative* of the estate. We encourage the estate's authorized representative to communicate with one of their agents to discuss account details.

We are confident that the family will be treated by ASCENSION POINT with the same respect SHIRLEY J SOLIS received as one of our valued customers. Thank you for your assistance in resolving this matter.

Sincerely,

Citibank, N.A

**\*Authorized representatives and family members are not personally responsible for the debts of the Estate.**

2800



**EXHIBIT O**

**MOTION FOR LEAVE TO AMEND COMPLAINT T REFERENCE HELOC**

Filing # 179298676 E-Filed 08/09/2023 03:59:05 PM

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI DADE
COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO. 2018-033416-CA-01

CITIBANK, N.A.
      Plaintiff,
vs.

GRACE DENISE SOLIS A/K/A GRACE D.
SOLIS, et al.
      Defendant(s).
_____/

## <u>MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>

    **COMES NOW** the Plaintiff, by and through its undersigned Counsel, and pursuant to

Florida Rule of Civil Procedure 1.190 files this Motion for Leave to File Amended Complaint

and in support thereof would state:

1.  Leave of Court to amend the Complaint is required as Defendant has filed a responsive

pleading to the original Complaint.

2.  The complaint is being amended to reference that the loan is a home equity line of credit

agreement.

3.  Pursuant to Florida Rule of Civil Procedure 1.190, and supported by well-grounded public

policy, "Leave of court shall be freely given when justice so requires."

4.  This Motion is being filed in the interest of justice and will in no way prejudice the

Defendants in this action.

5.  Plaintiff has attached hereto copies of the proposed Amended Complaint.



PAGE 1

18-191226 - AmM

6.  Plaintiff prays that an Order be entered granting leave to amend the Complaint and that any previously entered defaults shall stand since the issues as to said Defendant(s) remain the same as in the Original Complaint.

**WHEREFORE**, Plaintiff prays for relief in an Order granting Plaintiff leave to file, the Amended Complaint attached and further deeming that document to be the Amended Complaint filed in this action.

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE
& PARTNERS, PLLC
Attorney for Plaintiff
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
Service Email: flmail@raslg.com


By: _\S\Wendy Manswell_
    Wendy Manswell, Esquire
    Florida Bar No. 12027
    Communication Email: wmanswell@raslg.com

18-191226 - AmM

**EXHIBIT P**

**2023 AMENDED COMPLAINT SHOWING NEW AMOUNT OWED**

Filing # 179298676 E-Filed 08/09/2023 03:59:05 PM

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO. 2018-033416-CA-01

CITIBANK, N.A.,
       Plaintiff,

vs.

GRACE DENISE SOLIS A/K/A GRACE
D. SOLIS; SHIRLEY JANICE SOLIS; THE
UNKNOWN HEIRS, BENEFICIARIES,
DEVISEES, GRANTEES, ASSIGNEES,
LIENORS, CREDITORS, TRUSTEES
AND ALL OTHERS WHO MAY CLAIM
AN INTEREST IN THE ESTATE OF
SYLVIA SOLIS, DECEASED; EDWARD
SOLIS; CITIBANK, N.A. SUCCESSOR
BY MERGER TO CITIBANK (SOUTH
DAKOTA), N.A; 13500 NE 3RD COURT,
LLC,
       Defendant(s).

_____/

## VERIFIED AMENDED COMPLAINT FOR FORECLOSURE OF MORTGAGE

Plaintiff, CITIBANK, N.A., sues the Defendants and alleges:

## COUNT I – MORTGAGE FORECLOSURE

1.    This is an action to foreclose a mortgage on real property in MIAMI DADE County,

Florida.

2.    The Court has jurisdiction over the subject matter.

3.    GRACE DENISE SOLIS A/K/A GRACE D. SOLIS executed and delivered a HOME

EQUITY LINE OF CREDIT ("HELOC"), dated September 2, 2005, securing payment to the

payee named thereon. A copy of the HELOC is attached hereto as Exhibit "A". GRACE DENISE

PAGE 1

18-191226 - AmM

SOLIS A/K/A GRACE D. SOLIS; SYLVIA SOLIS, DECEASED and SHIRLEY JANICE SOLIS, executed and delivered the mortgage, dated September 2, 2005. A copy of the mortgage is attached hereto as Exhibit "B". The mortgage was recorded on September 29, 2005, in Official Records Book 23824, Page 3563, of the Public Records of Miami Dade County, Florida, and encumbered the property described in said mortgage.

4.     The Plaintiff's Mortgage is a lien superior in dignity to any prior or subsequent right, title, claim, lien or interest arising out of mortgagor(s) or the mortgagor(s)' predecessor(s) in interest.

5.     The Plaintiff is entitled to enforce the HELOC, as Plaintiff is the owner of the security instrument for the subject loan. Plaintiff has standing to enforce its rights and obligations under the HELOC, including the right to foreclose the subject HELOC and Mortgage.

6.     Defendant(s) have defaulted under the covenants, terms and agreements of the HELOC and mortgage in that the payment due December 27, 2013, and all subsequent payments have not been paid.

7.     Plaintiff declares the full amount payable under the HELOC and mortgage to be due.

8.     Defendant(s) owe Plaintiff an unpaid principal balance in the amount of **$103,147.98** that is due and owing principal, plus interest from and after November 27, 2013, and title search expenses for ascertaining necessary parties to this action, except for those defendants who have been discharged in bankruptcy.

9.     On or about October 26, 2013, SYLVIA SOLIS died.

10.    In order to protect its security, the Plaintiff may have advanced and paid Ad Valorem Taxes, premiums on insurance required by the mortgage and other necessary costs, or may be required to make such advances during the pendency of this action. Any such sum so paid will be due and owing Plaintiff.

18-191226 - AmM                        **PAGE 2**

11.     The property is now owned by Defendant(s), GRACE DENISE SOLIS A/K/A GRACE D. SOLIS and SHIRLEY JANICE SOLIS and THE UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, GRANTEES, ASSIGNEES, LIENORS, CREDITORS, TRUSTEES AND ALL OTHERS WHO MAY CLAIM AN INTEREST IN THE ESTATE OF SYLVIA SOLIS, DECEASED, who now hold(s) possession.

12.     All conditions precedent to the acceleration of the HELOC and foreclosure of the mortgage have occurred, been satisfied or waived.

13.     For purposes of collection and foreclosure, the Plaintiff has retained the undersigned attorney and is obligated to pay said attorney a reasonable fee for his services.

14.     Claims of the remaining Defendants are secondary, junior, inferior and subject to the prior claim of Plaintiff.

15.     The Defendant, EDWARD SOLIS, may claim some right, title, or interest in the property herein sought to be foreclosed by virtue of POSSIBLE HEIR/BENEFICIARY IN THE ESTATE OF SYLVIA SOLIS, DECEASED or some other unknown interest, the exact nature of which is unknown to Plaintiff and not a matter of public record. However, said interest, if any, is subordinate, junior, and inferior to the lien of Plaintiff's mortgage.

16.     Any interest in the property inuring to the Defendant, CITIBANK, N.A. SUCCESSOR BY MERGER TO CITIBANK (SOUTH DAKOTA), N.A., is subordinate and inferior to the lien of Plaintiff's mortgage, including, but not limited to, FINAL JUDGMENT recorded August 4, 2011, in Official Records Book 27779 at Page 2655 and RE-RECORDED FINAL JUDGMENT recorded September 15, 2011, in Official Records Book 27826 at Page 0438 of the Public Records of Miami-Dade County, Florida.

18-191226 - AmM                              PAGE 3

17.     Any interest in the property inuring to the Defendant, 13500 NE 3RD COURT, LLC, is subordinate and inferior to the lien of Plaintiff's mortgage, including, but not limited to, FINAL JUDGMENT recorded January 3, 2017, in Official Record Book 30370 at Page 1018 and RE-RECORDED FINAL JUDGMENT recorded April 6, 2017, in Official Record Book 30485 at Page 4281 of the Public Records of Miami Dade County, Florida.

WHEREFORE, Plaintiff requests, subject to any applicable statute of limitations, that the Court ascertain the amount due to Plaintiff for principal and interest on the HELOC and for late charges, abstracting, taxes, expenses and costs, including attorney's fees, plus interest thereon; that if the sums due Plaintiff under the HELOC are not paid immediately, the Court foreclose the Mortgage and the Clerk of the Court sell the Property securing the indebtedness to satisfy the Plaintiff's mortgage lien in accordance with the provisions of Florida Statutes §45.031 (2006); that the rights, title and interest of any Defendant, or any party claiming by, through, under or against any Defendant named herein or hereinafter made a Defendant be forever barred and foreclosed; that the Court appoint a receiver of the Property and of the rents, issues, income and profits thereof, or in the alternative, order sequestration of rents, issues, income and profits pursuant to Florida Statutes §697.07 (2006); and that the Court retain jurisdiction of this action to make any and all further orders and judgments as may be necessary and proper, including the

[THIS SPACE IS INTENTIONALLY LEFT BLANK]

**PAGE 4**

issuance of a writ of possession and the entry of a deficiency judgment decree, when and if such

deficiency decree shall appear proper, if borrower(s) has not been discharged in bankruptcy.

**<u>VERIFICATION</u>**

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed on this __8__ day of __August__, 20__23__

By: _Lauren Benning_
Print Name: __Lauren Benning__
Title: __Vice President Document Execution__
Company: Cenlar FSB as servicer for CITIBANK, N.A.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC
Attorney for Plaintiff
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
Service Email: FLmail@raslg.com

/s/ Wendy Manswell
Wendy Manswell, Esq.,
FL Bar No. 12027
Email: wmanswell@raslg.com

18-191226 - AmM

**PAGE 5**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached document has been furnished to the parties listed on the service list via Mail and/or E-mail in accordance with the corresponding addresses listed therein on this _August 9, 2023

> ROBERTSON, ANSCHUTZ, SCHNEID, CRANE
> & PARTNERS, PLLC
> Attorney for Plaintiff
> 6409 Congress Ave., Suite 100
> Boca Raton, FL 33487
> Telephone: 561-241-6901
> Facsimile: 561-997-6909
> Service Email: flmail@raslg.com
> /s/ Wendy Manswell
> Wendy Manswell, Esq.,
> FL Bar No. 12027
> Email: wmanswell@raslg.com

GRACE DENISE SOLIS A/K/A GRACE D. SOLIS
730 86TH ST
MIAMI BEACH, FL 33141-1116
PRIMARY EMAIL: SOLIS.G@AOL.COM

SHIRLEY JANICE SOLIS
730 86TH ST
MIAMI BEACH, FL 33141

THE UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, GRANTEES, ASSIGNEES,
LIENORS, CREDITORS, TRUSTEES AND ALL OTHERS WHO MAY CLAIM AN
INTEREST IN THE ESTATE OF SYLVIA SOLIS, DECEASED
730 86TH ST
MIAMI BEACH, FL 33141

EDWARD SOLIS
19002 NW 12TH COURT
PEMBROKE PINES, FL 33029

CITIBANK, N.A. SUCCESSOR BY MERGER TO CITIBANK (SOUTH DAKOTA), N.A.
701 EAST 60TH STREET NORTH
SIOUX FALLS, SD 57104

**EXHIBIT Q**

**October 30, 2023 EMAIL REQUESTING CONTACT INFORMATION FOR**

**THE FOLLOWING TO DEPOSE THEM**

**Sue Jordan, Lauren Benning, Jennifer Ollier, Pel-I-Vernitsky – all**

**employees of CENLAR or CITIMORTGAGE, Inc.**

Re: 4th Deposition Request for CITIBANK, N.A. v GRACE DENISE SOLIS :: RAS 18-191226 -

From: solis.g@aol.com (solis.g@aol.com)

To: cjeffries@raslg.com; kstevens@raslg.com

Date: Tuesday, November 7, 2023 at 07:21 PM EST

Good evening,

No, you cannot direct from whom I will take a deposition. I have provided the list of the people I will depose, I expect to know by tomorrow, their contact information and location, including the person that completed the Admissions. Thank you.

Best regards,

Grace Solis
954-588-8214

On Tuesday, November 7, 2023 at 09:50:19 AM EST, Kim Stevens <kstevens@raslg.com> wrote:

Good morning,

In response to all your deposition requests below, please be advised we will only produce a corporate representative for deposition, to take place by Zoom. If you wish to proceed with that deposition, please advise so I can get that set up with my client.

Regards,

*Kim Stevens, Esq.*

Litigation Attorney

Robertson, Anschutz, Schneid, Crane & Partners, PLLC



6409 Congress Avenue, Suite 100

Boca Raton, Florida 33487

Phone  561.241.6901

Fax     561.241.6909

Email: kstevens@raslg.com

Email for Service: flmail@raslg.com

---

**From:** solis.g@aol.com <solis.g@aol.com>
**Sent:** Sunday, November 5, 2023 5:41 PM
**To:** Cassandra Jeffries <cjeffries@raslg.com>; Kim Stevens <kstevens@raslg.com>
**Subject:** Re: 4th Deposition Request for CITIBANK, N.A. v GRACE DENISE SOLIS :: RAS 18-191226 -

No, thank you.  I need the name, title, and location of the person that completed the Admissions.  Thank you.

Best regards,

Grace Solis

954-588-8214

On Sunday, November 5, 2023 at 10:22:57 AM EST, Kim Stevens <kstevens@raslg.com> wrote:

You can depose a corporate representative.

*Kim Stevens, Esq.*

Litigation Attorney

Robertson, Anschutz, Schneid, Crane & Partners, PLLC



6409 Congress Avenue, Suite 100

Boca Raton, Florida 33487

Phone  561.241.6901

Fax     561.241.6909

Email: kstevens@raslg.com

Email for Service: flmail@raslg.com

**From:** solis.g@aol.com <solis.g@aol.com>
**Sent:** Saturday, November 4, 2023 6:05 PM
**To:** Cassandra Jeffries <cjeffries@raslg.com>; Kim Stevens <kstevens@raslg.com>
**Subject:** Re: 4th Deposition Request for CITIBANK, N.A. v GRACE DENISE SOLIS :: RAS 18-191226 -

Good evening,

Someone completed the Admissions and I need to depose him or her.  I will let the Court know that you are obstructing my case.  Thank you.

Best regards,

Grace Solis

954-588-8214

On Saturday, November 4, 2023 at 01:32:11 PM EDT, Kim Stevens <kstevens@raslg.com> wrote:

Again, no one completed the Admissions.  If you wish to depose a corporate representative, I can get that set up.

As to the other 4 people, I will have to get that information from my client and get back to you.

***Kim Stevens, Esq.***

Litigation Attorney

Robertson, Anschutz, Schneid, Crane & Partners, PLLC



6409 Congress Avenue, Suite 100

Boca Raton, Florida 33487

Phone  561.241.6901

Fax      561.241.6909

Email: kstevens@raslg.com

Email for Service: flmail@raslg.com

---

**From:** solis.g@aol.com <solis.g@aol.com>
**Sent:** Friday, November 3, 2023 4:52 PM
**To:** Cassandra Jeffries <cjeffries@raslg.com>; Kim Stevens <kstevens@raslg.com>
**Subject:** Re: 4th Deposition Request for CITIBANK, N.A. v GRACE DENISE SOLIS :: RAS 18-191226 -

I don't know why you will not cooperate with providing the following people to be deposed.  Your office provided the following documents to the court, thus they are in your possession.

I need the name, title, and the location of the person that completed the Admissions in order to depose him/her.

Sue Jordan, VP of CitiMortgage, Inc. - certified HELOC in possession;

Lauren Benning, Vice President Document Execution Company, Cenlar FSB, - Verified complaint;

Jennifer Ollier, Vice President Document Control, employed by CitiMortgage, Inc - Verified complaint;

Pel-I-Vernitsky VP Document Execution - completed the interrogatories.

If you need a reason for them to be deposed, I ask you why do you need to depose my sister and I when we already answered your discovery?  Are you trying to inflate your attorneys' fees?  Why would any deposition take more than two hours?  It seems you are trying to harass and/or intimidate us.  Please provide the information requested as soon as possible and the dates when they will be available for deposition.  Thank you.

Best regards,

Grace Solis

954-588-8214

On Friday, November 3, 2023 at 04:35:39 PM EDT, Kim Stevens <kstevens@raslg.com> wrote:

Again, Admissions are completed by counsel, not the client.  Therefore, they are not verified.

Case 1:24-cv-21356-KMW    Document 8    Entered on FLSD Docket 07/09/2024    Page 98 of 142

Again, please explain why you are requested these specific people.


**Kim Stevens, Esq.**

Litigation Attorney

Robertson, Anschutz, Schneid, Crane & Partners, PLLC



6409 Congress Avenue, Suite 100

Boca Raton, Florida 33487

Phone  561.241.6901

Fax     561.241.6909

Email: kstevens@raslg.com

Email for Service: flmail@raslg.com

---

**From:** solis.g@aol.com <solis.g@aol.com>
**Sent:** Friday, November 3, 2023 4:30 PM
**To:** Cassandra Jeffries <cjeffries@raslg.com>; Kim Stevens <kstevens@raslg.com>
**Subject:** Re: 3rd Deposition Request for CITIBANK, N.A. v GRACE DENISE SOLIS :: RAS 18-191226 -

---

Good afternoon,


I need the name, title, location of the person that completed the Admissions, even though they were not verified.


I need the location of the following:

Sue Jordan, VP of CitiMortgage, Inc.

Lauren Benning, Vice President Document Execution Company, Cenlar FSB,

Jennifer Ollier, Vice President Document Control, employed by CitiMortgage, Inc

Pel-l-Vernitsky VP Document Execution

The other people either verified the complaint, provided a certification or answered the interrogatories.  Your office submitted these documents to the court, therefore you have them in your possession.  Kindly forward the information requested.  Thank you.

Best regards,

Grace Solis

954-588-8214

On Wednesday, November 1, 2023 at 03:31:07 PM EDT, Kim Stevens <kstevens@raslg.com> wrote:

For each of the persons listed below, please advise what you are requesting them for (what document they specifically executed, etc.).  As to the Request for Admissions, those are not verified.

Thank you,

**Kim Stevens, Esq.**

Litigation Attorney

Robertson, Anschutz, Schneid, Crane & Partners, PLLC



6409 Congress Avenue, Suite 100

Boca Raton, Florida 33487

Phone  561.241.6901

Fax      561.241.6909

Email: kstevens@raslg.com

Email for Service: flmail@raslg.com

Case 1:24-cv-21356-KMW   Document 8   Entered on FLSD Docket 07/09/2024   Page 100 of 142

**From:** solis.g@aol.com <solis.g@aol.com>
**Sent:** Wednesday, November 1, 2023 2:31 PM
**To:** Cassandra Jeffries <cjeffries@raslg.com>; Kim Stevens <kstevens@raslg.com>
**Subject:** 2nd Deposition Request for CITIBANK, N.A. v GRACE DENISE SOLIS :: RAS 18-191226 -
URGENT

Good afternoon,

This is my second request.  Please let me know when the following people will be available for deposition in
December 2023, and where they are located:

Sue Jordan, VP of CitiMortgage, Inc.

Lauren Benning, Vice President Document Execution Company, Cenlar FSB,

Jennifer Ollier, Vice President Document Control, employed by CitiMortgage, Inc

Pel-I-Vernitsky VP Document Execution

I also need to know the name, title, and location of the person who completed the Admissions.

Thank you.

Best regards,

Grace Solis

954-588-8214

----- Forwarded Message -----

**From:** solis.g@aol.com <solis.g@aol.com>

**To:** Kim Stevens <kstevens@raslg.com>

**Cc:** Cassandra Jeffries <cjeffries@raslg.com>

**Sent:** Monday, October 30, 2023 at 03:15:24 PM EDT

**Subject:** Re: Deposition Request for CITIBANK, N.A. v GRACE DENISE SOLIS :: RAS 18-191226 - URGENT

Good afternoon,

Case 1:24-cv-21356-KMW   Document 8   Entered on FLSD Docket 07/09/2024   Page 101 of 142

I have not received any request for depositions prior to this email. I have been responsive to every email. Therefore, if you had not received a response, you needed to send a second request, as per your ethics. One email does not suffice. I have received every email from your paralegal. You will not set this unilaterally.

These are the following people that I will depose:

Sue Jordan, VP of CitiMortgage, Inc.

Lauren Benning, Vice President Document Execution Company, Cenlar FSB,

Jennifer Ollier, Vice President Document Control, employed by CitiMortgage, Inc

Pel-I-Vernitsky VP Document Execution

Please let me know when they will be available for depositon in December, 2023. Thank you.

Best regards,

Grace Solis

954-588-8214

On Monday, October 30, 2023 at 10:21:32 AM EDT, Kim Stevens <kstevens@raslg.com> wrote:

Good morning Ms. Solis,

You have not responded to our request for depositions. Therefore, we will set the deposition unilaterally.

Thank you,

**_Kim Stevens, Esq._**

Litigation Attorney

Robertson, Anschutz, Schneid, Crane & Partners, PLLC



6409 Congress Avenue, Suite 100

Boca Raton, Florida 33487

Phone  561.241.6901

Fax     561.241.6909

Email: kstevens@raslg.com

Email for Service: flmail@raslg.com

---

**From:** Kim Stevens
**Sent:** Wednesday, October 25, 2023 9:34 AM
**To:** solis.g@aol.com
**Cc:** Cassandra Jeffries <cjeffries@raslg.com>
**Subject:** Deposition Request for CITIBANK, N.A. v GRACE DENISE SOLIS :: RAS 18-191226

Dear Ms. Solis,

We wish to take the deposition of both you and Shirley for some time during December 4th through 7th of your choice, each deposition to take about 2 hours.  Please provide a date/time you are both available.  If I do not hear back from you by end of business on Friday, we will set the depositions unilaterally.

Thank you,

***Kim Stevens, Esq.***

Litigation Attorney

Robertson, Anschutz, Schneid, Crane & Partners, PLLC



6409 Congress Avenue, Suite 100

Boca Raton, Florida 33487

Phone  561.241.6901

Fax     561.241.6909

Email: kstevens@raslg.com

Email for Service: flmail@raslg.com

CONSUMER OPT-OUT: Please note that you may opt out of receiving further email communications to this email address by replying to this email with the word "stop" in the subject line. While the firm will comply with your request to opt out of receiving further electronic communication to this email address, please be advised that the firm may still be required by applicable law or court rule to provide you with certain notices or pleadings.

In some circumstances this firm may be deemed a "debt collector" as defined by the Fair Debt Collection Practices Act and other applicable law. In such a case, this is an attempt to collect a debt. Any information obtained may be used for that purpose.

PRIVILEGE AND CONFIDENTIALITY NOTICE: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510-2521 and is legally privileged. The contents of this e-mail message and any attachments are intended solely for the party or parties addressed and named in this message. This communication and all attachments, if any, are intended to be and to remain confidential, and it may be subject to the applicable attorney - client and or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute, or copy this message and or any attachments if you are not the intended recipient. Do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments. Although this E-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Robertson, Anschutz, Schneid, Crane & Partners, PLLC for damage arising in any way from its use.

CONSUMER OPT-OUT: Please note that you may opt out of receiving further email communications to this email address by replying to this email with the word "stop" in the subject line. While the firm will comply with your request to opt out of receiving further electronic communication to this email address, please be advised that the firm may still be required by applicable law or court rule to provide you with certain notices or pleadings.

In some circumstances this firm may be deemed a "debt collector" as defined by the Fair Debt Collection Practices Act and other applicable law. In such a case, this is an attempt to collect a debt. Any information obtained may be used for that purpose.

PRIVILEGE AND CONFIDENTIALITY NOTICE: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510-2521 and is legally privileged. The contents of this e-mail message and any attachments are intended solely for the party or parties addressed and named in this message. This communication and all attachments, if any, are intended to be and to remain confidential, and it may be subject to the applicable attorney - client and or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute, or copy this message and or any attachments if you are not the intended recipient. Do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments. Although this E-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Robertson, Anschutz, Schneid, Crane & Partners, PLLC for damage arising in any way from its use.

CONSUMER OPT-OUT: Please note that you may opt out of receiving further email communications to this email address by replying to this email with the word "stop" in the subject line. While the firm will comply with your request to opt out of receiving further electronic communication to this email address, please be advised that the firm may still be required by applicable law or court rule to provide you with certain notices or pleadings.

In some circumstances this firm may be deemed a "debt collector" as defined by the Fair Debt Collection Practices Act and other applicable law. In such a case, this is an attempt to collect a debt. Any information obtained may be used for that purpose.

PRIVILEGE AND CONFIDENTIALITY NOTICE: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510-2521 and is legally privileged. The contents of this e-mail message and any attachments are intended solely for the party or parties addressed and named in this message. This communication and all attachments, if any, are intended to be and to remain confidential, and it may be subject to the applicable attorney - client and or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute, or copy this message and or any attachments if you are not the intended recipient. Do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments. Although this E-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the

**EXHIBIT R**

**LETTER FROM CITI THAT SOLIS2 WAS DECEASED**

01/15/2024

ılıılılıldıııpılıdılılılılılılılılıılıılıılıllılılılılıılıdıl

Estate of SHIRLEY J SOLIS
730 86TH ST
MIAMI BEACH FL 33141-1116



Re: Citi Mastercard® Account Ending in 6056

Dear Estate of SHIRLEY J SOLIS:

We recently received notification of the passing of SHIRLEY J SOLIS, the owner of the above-referenced Citi Mastercard® account.  We wish to extend our sympathies to SHIRLEY J SOLIS's family and friends during this difficult time.

The purpose of this letter is to inform you that the account has been closed and placed with one of our outside probate partners for special handling. All scheduled or pending payments have been cancelled. The closing of the account will protect it from fraudulent use and will prevent new charges, interest or late fees from accruing on the account balance. Further, the placement of the account with one of our probate partners is not a negative reflection on the account or on its accountholder(s). ASCENSION POINT at 1-888-806-9074 (For TTY: Use 711 or other Relay Service), our probate partner, is authorized by us to discuss the account details with the authorized representative* of the estate. We encourage the estate's authorized representative to communicate with one of their agents to discuss account details.

We are confident that the family will be treated by ASCENSION POINT with the same respect SHIRLEY J SOLIS received as one of our valued customers.  Thank you for your assistance in resolving this matter.

Sincerely,

Citibank, N.A

*Authorized representatives and family members are not personally responsible for the debts of the Estate.

2800



**EXHIBIT S**

**4/6/2024 DEFENDANTS' EMAIL WITH INCOMPLETE CONTACT**

**INFORMATION**

## Re: Citibank v Solis - witness information for 18-191226

From:  solis.g@aol.com (solis.g@aol.com)

To:  cjeffries@raslg.com; kstevens@raslg.com

Date:  Saturday, April 6, 2024 at 11:23 PM EDT

Good evening,

Thank you for giving me this information after discovery has passed and the judge said it was not necessary. I needed this information that you could have easily provided. Thank you for railroading us, I hope you are proud of yourselves.

Best regards,

Grace Solis
954-588-8214

On Saturday, April 6, 2024 at 10:35:41 AM EDT, Kim Stevens <kstevens@raslg.com> wrote:

Good morning,

Lauren Benning and Pei Vernitsky are employed by Cenlar FSB who's address is 425 Phillips Blvd Ewing, New Jersey 08618. My client opposes their depositions and the judge already stated that discovery is closed, but I am still providing the information.

We are still working on getting the information for the Citimortgage deponents you requested.

*Kim Stevens, Esq.*

Litigation Attorney

Robertson, Anschutz, Schneid, Crane & Partners, PLLC



6409 Congress Avenue, Suite 100

Boca Raton, Florida 33487

Phone  561.241.6901

Fax    561.241.6909

Email: kstevens@raslg.com

Email for Service: flmail@raslg.com

CONSUMER OPT-OUT: Please note that you may opt out of receiving further email communications to this email address by replying to this email with the word "stop" in the subject line. While the firm will comply with your request to opt out of receiving further electronic communication to this email address, please be advised that the firm may still be required by applicable law or court rule to provide you with certain notices or pleadings.

In some circumstances this firm may be deemed a "debt collector" as defined by the Fair Debt Collection Practices Act and other applicable law. In such a case, this is an attempt to collect a debt. Any information obtained may be used for that purpose.

PRIVILEGE AND CONFIDENTIALITY NOTICE: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510-2521 and is legally privileged. The contents of this e-mail message and any attachments are intended solely for the party or parties addressed and named in this message. This communication and all attachments, if any, are intended to be and to remain confidential, and it may be subject to the applicable attorney - client and or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute, or copy this message and or any attachments if you are not the intended recipient. Do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments. Although this E-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Robertson, Anschutz, Schneid, Crane & Partners, PLLC for damage arising in any way from its use.

**EXHIBIT T**

**SUPPLEMENTAL RESPONSE STATING DEFENDANTS DID NOT HAVE**

**INSURANCE POLCIES IN ITS POSSESSION**

Filing # 195649177 E-Filed 04/08/2024 07:26:17 AM

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO. 2018-033416-CA-01

CITIBANK, N.A.,
     Plaintiff,

vs.

GRACE DENISE SOLIS A/K/A GRACE D.
SOLIS AND SHIRLEY JANICE SOLIS, et
al.
     Defendant(s).

_____/

## **PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF INSURANCE POLICIES**

Plaintiff, CITIBANK, N.A., by and through its undersigned counsel, hereby responds to the Third Motion to Compel served by Defendants, GRACE DENISE SOLIS A/K/A GRACE D. SOLIS AND SHIRLEY JANICE SOLIS, and ordered by the Court, and states as follows:

Plaintiff does not have any insurances policies in its possession and is not maintaining insurance on the subject property.

 

PAGE 1

18-191226 - CaJ

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the parties listed on the attached service list via Mail and/or E-mail in accordance with the corresponding addresses listed therein on this 6th day of April, 2024.

> ROBERTSON, ANSCHUTZ, SCHNEID, CRANE
> & PARTNERS, PLLC
> Attorney for Plaintiff
> 6409 Congress Ave., Suite 100
> Boca Raton, FL 33487
> Telephone: 561-241-6901
> Facsimile: 561-997-6909
> Service Email: flmail@raslg.com
>
> By:  \S\ *Kim Stevens*
> Kim Stevens, Esquire
> Florida Bar No. 0543136
> Communication Email: kstevens@raslg.com

## SERVICE LIST

GRACE DENISE SOLIS A/K/A GRACE D. SOLIS
730 86TH STREET
MIAMI BEACH, FL 33141
PRIMARY EMAIL: SOLIS.G@AOL.COM

SHIRLEY JANICE SOLIS
730 86TH STREET
MIAMI BEACH, FL 33141

THE UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, GRANTEES, ASSIGNEES,
LIENORS, CREDITORS, TRUSTEES AND ALL OTHERS WHO MAY CLAIM AN
INTEREST IN THE ESTATE OF SYLVIA SOLIS, DECEASED
730 86TH ST
MIAMI BEACH, FL 33141

EDWARD SOLIS
19002 NW 12TH COURT
PEMBROKE PINES, FL 33029

PAGE 2

18-191226 - CaJ

**EXHIBIT U**

**MARGINS AND INDICES MISSING YEARS 2005 THROUGH 2006**

```
                      A R M  I n d e x  P u b l i c a t i o n  T a b l e  ( A R M H )
          WSJ1    (ACTIVE)     ARM INDEX PUBLICATION TABLE          10/03/23 16:15:08
    ZI:N WALL STREET JOURNAL PRIME INDEX-FOR HELOCS      PUB FREQ:    1 MO/  0 DA
    -------------------------------------------------------------------------------
        PUBLISH      INDEX      BEGINNING     ENDING          ACT:  A ADD       H HISTORY
    ACT   DATE       VALUE      EFF DATE    EFF DATE                C CHANGE     S SEARCH
         MMDDYY      __.____    MMDDYY      MMDDYY                  D DELETE     V VERIFY
    -------------------------------------------------------- (SCROLL : PF7) -------
    PUBLISH   INDEX   BEGINNING  ENDING    --- ENTRY --   -- VERIFY --  -- CHANGE --
     DATE     VALUE   EFF DATE  EFF DATE  USER  DATE     USER  DATE    USER DATE
    06/01/07  8.25000 06/01/07  07/31/07  A2W 06/20/07   ZXW 06/20/07
    04/23/07  8.25000 04/23/07  05/31/07  A2W 04/24/07   ZXW 04/25/07
```



USER DOES NOT HAVE SECURITY TO PERFORM MAINTENANCE

**A R M   I n d e x   P u b l i c a t i o n   T a b l e   ( A R M H )**

```
     WSJ1    (ACTIVE)    ARM INDEX PUBLICATION TABLE      10/03/23 16:14:54
ZI:N WALL STREET JOURNAL PRIME INDEX-FOR HELOCS         PUB FREQ:  1 MO/  0 DA
-----------------------------------------------------------------------------
    PUBLISH     INDEX     BEGINNING    ENDING          ACT:  A ADD      H HISTORY
ACT  DATE       VALUE     EFF DATE     EFF DATE              C CHANGE    S SEARCH
    MMDDYY     __.____    MMDDYY       MMDDYY                D DELETE    V VERIFY
-----------------------------------------------------------  (SCROLL : PF7, PF8) --
    PUBLISH     INDEX     BEGINNING  ENDING    --- ENTRY --  -- VERIFY --  -- CHANGE --
    DATE        VALUE     EFF DATE   EFF DATE  USER  DATE    USER  DATE    USER  DATE
```

| PUBLISH DATE | INDEX VALUE | BEGINNING EFF DATE | ENDING EFF DATE | ENTRY USER | ENTRY DATE | VERIFY USER | VERIFY DATE | CHANGE USER | CHANGE DATE |
|---|---|---|---|---|---|---|---|---|---|
| 01/02/09 | 3.25000 | 04/01/09 | 12/31/09 | AZW | 01/02/09 | AVB | 01/02/09 | | |
| 12/17/08 | 3.25000 | 12/17/08 | 03/31/09 | AZW | 12/17/08 | ZXW | 12/17/08 | | |
| 10/31/08 | 4.00000 | 10/31/08 | 12/16/08 | ZXW | 10/31/08 | ZXW | 12/17/08 | AZW | 12/17/08 |
| 10/09/08 | 4.50000 | 10/09/08 | 10/30/08 | AZW | 10/09/08 | AVB | 10/31/08 | ZXW | 10/31/08 |
| 05/01/08 | 5.00000 | 05/01/08 | 10/08/08 | AZW | 05/01/08 | ZXW | 10/09/08 | AZW | 10/09/08 |
| 03/19/08 | 5.25000 | 03/19/08 | 04/30/08 | AZW | 03/19/08 | ZXW | 03/19/08 | | |
| 03/01/08 | 6.00000 | 03/01/08 | 03/18/08 | AVB | 03/05/08 | ZXW | 03/19/08 | AZW | 03/19/08 |
| 01/31/08 | 6.00000 | 01/31/08 | 02/29/08 | ZXW | 01/31/08 | AVB | 01/31/08 | | |
| 01/23/08 | 6.50000 | 01/23/08 | 01/30/08 | ZXW | 01/23/08 | AVB | 01/31/08 | ZXW | 01/31/08 |
| 12/12/07 | 7.25000 | 12/12/07 | 01/22/08 | AZW | 12/12/07 | AVB | 01/24/08 | ZXW | 01/23/08 |
| 11/07/07 | 7.50000 | 12/01/07 | 12/11/07 | AZW | 11/07/07 | AVB | 12/12/07 | AZW | 12/12/07 |
| 11/01/07 | 7.50000 | 11/01/07 | 11/30/07 | AZW | 11/01/07 | ZXW | 11/01/07 | | |
| 09/19/07 | 7.75000 | 09/19/07 | 10/31/07 | AZW | 09/19/07 | ZXW | 09/19/07 | | |
| 08/01/07 | 8.25000 | 08/01/07 | 09/18/07 | AZW | 08/16/07 | ZXW | 09/19/07 | AZW | 09/19/07 |

USER DOES NOT HAVE SECURITY TO PERFORM MAINTENANCE

```
                    A R M   I n d e x   P u b l i c a t i o n   T a b l e   ( A R M H )

        WSJ1    (ACTIVE)     ARM INDEX PUBLICATION TABLE         10/03/23 16:14:35
     ZI:N WALL STREET JOURNAL PRIME INDEX-FOR HELOCS         PUB FREQ:  1 MO/  0 DA
     -----------------------------------------------------------------------------
                                                       ACT:  A ADD        H HISTORY
         PUBLISH      INDEX      BEGINNING   ENDING           C CHANGE     S SEARCH
     ACT   DATE       VALUE      EFF DATE    EFF DATE         D DELETE     V VERIFY
           MMDDYY      ____      MMDDYY      MMDDYY      ----- (SCROLL : PF7, PF8) --
     PUBLISH    INDEX     BEGINNING   ENDING    --- ENTRY --   -- VERIFY --   -- CHANGE --
     DATE       VALUE     EFF DATE    EFF DATE  USER  DATE     USER  DATE     USER  DATE
     12/16/16   3.75000   12/15/16    03/15/17  ANE 12/16/16   CRB 03/17/17   ANE 03/17/17
     04/01/16   3.50000   04/01/16    12/14/16  DSK 04/01/16   CRB 12/16/16   ANE 12/16/16
     12/18/15   3.50000   12/18/15    03/31/16  AZW 12/18/15   EZH 12/18/15
     12/09/14   3.25000   01/01/15    12/17/15  AZW 12/09/14   EZH 12/18/15   AZW 12/18/15
     07/01/14   3.25000   07/01/14    12/31/14  AZW 07/01/14   ZXW 07/10/14
     10/01/13   3.25000   01/01/14    06/30/14  AZW 10/01/13   MEP 10/02/13
     04/01/13   3.25000   07/01/13    12/31/13  AZW 04/02/13   MEP 04/02/13
     11/01/12   3.25000   01/01/13    06/30/13  AZW 11/01/12   ZXW 11/01/12
     12/01/11   3.25000   03/02/12    12/31/12  AZW 12/01/11   ZXW 12/01/11
     10/03/11   3.25000   01/01/12    03/01/12  AZW 10/03/11   ZXW 10/03/11
     03/01/11   3.25000   07/01/11    12/31/11  AZW 03/01/11   ZXW 03/01/11
     10/04/10   3.25000   01/01/11    06/30/11  AZW 10/04/10   ZXW 10/04/10
     03/02/10   3.25000   06/01/10    12/31/10  AZW 03/02/10   ZXW 03/02/10
     10/01/09   3.25000   01/01/10    06/01/10  AZW 10/01/09   ZXW 10/01/09
     USER DOES NOT HAVE SECURITY TO PERFORM MAINTENANCE
```

# ARM Index Publication Table (ARMH)

```
                                                    10/03/23 16:12:55
     WSJ1   (ACTIVE)      ARM INDEX PUBLICATION TABLE     PUB FREQ:  1 MO/  0 DA
ZI:N WALL STREET JOURNAL PRIME INDEX-FOR HELOCS
-----------------------------------------------------------------------
                                                ACT:  A ADD      H HISTORY
     PUBLISH     INDEX    BEGINNING   ENDING           C CHANGE   S SEARCH
ACT   DATE       VALUE     EFF DATE   EFF DATE          D DELETE   V VERIFY
     MMDDYY                MMDDYY     MMDDYY           (SCROLL : PF7, PF8) --
-----------------------------------------------------------------------
```

| ACT | PUBLISH DATE | INDEX VALUE | BEGINNING EFF DATE | ENDING EFF DATE | ENTRY USER | ENTRY DATE | VERIFY USER | VERIFY DATE | CHANGE USER | CHANGE DATE |
|-----|-----------|----------|----------|----------|-----|----------|-----|----------|-----|----------|
| | 01/01/20 | 4.75000 | 01/01/20 | 03/03/20 | LAW | 01/02/20 | CRB | 03/04/20 | LAW | 03/04/20 |
| | 10/31/19 | 4.75000 | 10/31/19 | 12/31/19 | LAW | 10/31/19 | CRB | 10/31/19 | | |
| | 09/19/19 | 5.00000 | 09/19/19 | 10/30/19 | CRB | 09/19/19 | DKM | 09/23/19 | LAW | 10/31/19 |
| | 08/02/19 | 5.25000 | 08/01/19 | 09/18/19 | CRB | 08/02/19 | MRN | 08/02/19 | CRB | 09/19/19 |
| | 07/01/19 | 5.50000 | 07/01/19 | 07/31/19 | MRN | 07/02/19 | CRB | 08/02/19 | | |
| | 04/01/19 | 5.50000 | 04/01/19 | 06/30/19 | MRN | 04/03/19 | CRB | 04/03/19 | | |
| | 12/21/18 | 5.50000 | 12/20/18 | 03/31/19 | MRN | 12/21/18 | CRB | 04/03/19 | MRN | 04/03/19 |
| | 09/28/18 | 5.25000 | 09/27/18 | 12/19/18 | CRB | 09/28/18 | IVW | 01/02/19 | MRN | 12/21/18 |
| | 06/15/18 | 5.00000 | 06/14/18 | 09/26/18 | CRB | 06/15/18 | MRN | 01/02/19 | CRB | 09/28/18 |
| | 03/22/18 | 4.75000 | 03/22/18 | 06/13/18 | CRB | 03/23/18 | MRN | 06/15/18 | CRB | 06/15/18 |
| | 12/15/17 | 4.50000 | 12/14/17 | 03/21/18 | ANE | 12/15/17 | CRB | 03/23/18 | CRB | 03/23/18 |
| | 10/02/17 | 4.25000 | 10/01/17 | 12/13/17 | CRB | 10/02/17 | ANE | 12/15/17 | CRB | 12/15/17 |
| | 06/15/17 | 4.25000 | 06/15/17 | 09/30/17 | ANE | 06/16/17 | CRB | 06/16/17 | ANE | 06/16/17 |
| | 03/16/17 | 4.00000 | 03/16/17 | 06/14/17 | ANE | 03/17/17 | CRB | 06/16/17 | ANE | 06/16/17 |

USER DOES NOT HAVE SECURITY TO PERFORM MAINTENANCE

about:blank

# ARM Index Publication Table (ARMH)

```
                                              10/03/23 16:12:41
      WSJ1   (ACTIVE)    ARM INDEX PUBLICATION TABLE   PUB FREQ:  1 MO/  0 DA
   ZI:N WALL STREET JOURNAL PRIME INDEX-FOR HELOCS
                                             ACT:  A ADD       H HISTORY
                                                   C CHANGE    S SEARCH
                                                   D DELETE    V VERIFY
                                                   (SCROLL : PF7, PF8) --
                                                   -- CHANGE --
```

| PUBLISH DATE | INDEX VALUE | BEGINNING EFF DATE | ENDING EFF DATE | --- ENTRY --- USER DATE | -- VERIFY -- USER DATE | -- CHANGE -- USER DATE |
|---|---|---|---|---|---|---|
| 06/16/22 | 4.75000 | 06/16/22 | 06/29/22 | LAW 06/16/22 | ANE 06/16/22 | |
| 05/05/22 | 4.00000 | 05/05/22 | 06/15/22 | LAW 05/05/22 | ANE 06/16/22 | LAW 06/16/22 |
| 03/31/22 | 3.50000 | 03/31/22 | 05/04/22 | LAW 04/01/22 | ANE 05/05/22 | LAW 05/05/22 |
| 03/17/22 | 3.50000 | 03/17/22 | 03/30/22 | LAW 03/17/22 | ANE 03/17/22 | |
| 12/31/21 | 3.25000 | 01/03/22 | 03/16/22 | LAW 01/03/22 | ANE 03/17/22 | LAW 03/17/22 |
| 09/30/21 | 3.25000 | 10/01/21 | 01/02/22 | LAW 10/01/21 | ANE 10/01/21 | |
| 06/30/21 | 3.25000 | 07/01/21 | 09/30/21 | LAW 07/01/21 | CRB 07/01/21 | |
| 03/31/21 | 3.25000 | 04/01/21 | 06/30/21 | LAW 04/01/21 | ANE 04/01/21 | |
| 12/31/20 | 3.25000 | 01/02/21 | 03/31/21 | CRB 12/31/20 | ANE 12/31/20 | |
| 10/01/20 | 3.25000 | 10/01/20 | 01/01/21 | LAW 10/01/20 | CRB 10/01/20 | |
| 06/30/20 | 3.25000 | 07/01/20 | 09/30/20 | LAW 07/01/20 | ANE 07/01/20 | |
| 03/31/20 | 3.25000 | 03/31/20 | 06/30/20 | LAW 04/01/20 | CRB 04/01/20 | |
| 03/17/20 | 3.25000 | 03/17/20 | 03/30/20 | LAW 03/17/20 | CRB 03/17/20 | |
| 03/04/20 | 4.25000 | 03/04/20 | 03/16/20 | LAW 03/04/20 | CRB 03/17/20 | LAW 03/17/20 |

USER DOES NOT HAVE SECURITY TO PERFORM MAINTENANCE

about:blank

```
                    ARM Index Publication Table (ARMH)

       WSJ1    (ACTIVE)     ARM INDEX PUBLICATION TABLE        10/03/23 16:08:44
     ZI:N WALL STREET JOURNAL PRIME INDEX-FOR HELOCS       PUB FREQ:  1 MO/  0 DA
     --------------------------------------------------------------------------
        PUBLISH    INDEX     BEGINNING    ENDING       ACT:  A ADD      H HISTORY
     ACT  DATE     VALUE      EFF DATE   EFF DATE             C CHANGE   S SEARCH
          MMDDYY   __.____    MMDDYY     MMDDYY               D DELETE   V VERIFY
     --------------------------------------------------------------  (SCROLL : PF8) --------
     PUBLISH  INDEX   BEGINNING  ENDING   --- ENTRY --  -- VERIFY --  -- CHANGE --
     DATE     VALUE   EFF DATE  EFF DATE  USER  DATE    USER  DATE    USER  DATE
     10/02/23 8.50000 10/02/23  01/01/24  LAW 10/02/23  RYJ 10/02/23
     07/27/23 8.50000 07/27/23  10/01/23  LAW 07/27/23  RYJ 07/27/23
     07/03/23 8.25000 07/03/23  07/26/23  LAW 07/03/23  RYJ 07/27/23  LAW 07/27/23
     05/04/23 8.25000 05/04/23  07/02/23  LAW 05/04/23  RYJ 05/04/23
     04/03/23 8.00000 04/03/23  05/03/23  LAW 04/03/23               LAW 05/04/23
     03/23/23 8.00000 03/23/23  04/02/23  LAW 03/23/23  RYJ 03/23/23
     02/02/23 7.75000 02/02/23  03/22/23  LAW 02/02/23               LAW 03/23/23
     01/03/23 7.50000 01/03/23  02/01/23  LAW 01/03/23               LAW 02/02/23
     12/15/22 7.50000 12/15/22  01/02/23  LAW 12/15/22               LAW 01/03/23
     11/03/22 7.00000 11/03/22  12/14/22  LAW 11/03/22               LAW 12/15/22
     09/30/22 6.25000 10/03/22  11/02/22  LAW 10/03/22               LAW 11/03/22
     09/22/22 6.25000 09/22/22  10/02/22  LAW 09/22/22  ANE 09/22/22  LAW 09/22/22
     07/28/22 5.50000 07/28/22  09/21/22  LAW 07/29/22  ANE 09/22/22  LAW 09/22/22
     06/30/22 4.75000 06/30/22  07/27/22  LAW 07/01/22  ANE 07/29/22  LAW 07/29/22
     USER DOES NOT HAVE SECURITY TO PERFORM MAINTENANCE
```

**EXHIBIT V**

**BAILEE LETTER**

**CitiMortgage, Inc**
**Bailee Agreement**

Date: _7/11/2018_

Re: Borrower Name: _Soles_          Servicer Loan Number: _29081014 84_

To: <u>Robertson Anschutz & Schneid, P.L.</u> As Custodian:
        (Firm Name)

      Regarding the above referenced mortgage loan file on which CitiMortgage, Inc is commencing and prosecuting a foreclosure action, the original document(s) relating to such mortgage loan the original document(s) are being delivered to <u>Robertson Anschutz & Schneid, P.L.</u> for the purpose of prosecuting such foreclosure action.
        (Firm Name)

We acknowledge and agree that effective upon our receipt of the original document(s) and as of today, the original document(s) is hereby held by <u>Robertson Anschutz & Schneid, P.L.</u> _ as Bailee for CitiMortgage, Inc, its successors and/or assigns·
        (Firm Name)

This form acknowledges receipt of the original document(s) as listed below.

X    **Original Note**
       Endorsements/Allonge details if applicable ___Blank___
       Total endorsements/allonges received: ___1___ _Citibank, N.A._
       List the details of the endorsement(s):
       1. _____
       2. _____
       3. _____
       *If additional endorsements were received, please attach required details.

O    **Lost Note Affidavit**
       Copy of Note attached? Yes _____ No _____
       Endorsements/Allonge details if applicable: _____
       Total received: _____
       List the details of the endorsement(s):
       1. _____
       2. _____
       3. _____
       *If additional endorsements were received, please attach required details.

X    **Original Mortgage/Deed of Trust** Recorded? Yes _X_ No _____
       County Certified Copy? Yes _____ No _____
O    **Original Title Policy**
O    **Original Assignment(s)** Total received: _____
    1. _____
       a. Recorded? Yes _____ No _____
    2. _____
       a. Recorded? Yes _____ No _____
    3. _____
       a. Recorded? Yes _____ No _____
       *If additional assignments were received, please attach required details.

X    **Other Documents** _FL Cert_____

O    **Other Documents** _____
Date: _7/17/18_
Firm Name: _Robertson Anschutz & Schneid, P.A._     Phone Number:
_561-241-6901_
Acknowledged by: _Lanetra Smith_
Print Name: _Lanetra Smith_

**_Please Return this executed document to: CitiMortgage, Inc by uploading to VendorScape /_**
**_Service Gateway_**

**EXHIBIT W**

**11/21/19 LETTER FROM CENLAR STATING CITIMORTGAGE, INC. IS OWNER**

**OF HELOC**



November 21, 2019

Grace D. Solis
730 86th St.
Miami Beach, FL 33141

Re:     Loan number: 4773559853
        Property Address:  730 86th St., Miami Beach, FL 33141

Dear Grace D. Solis:

We are in receipt of your request to validate the debt related to the above-referenced loan ("the Loan"), which is dated October 31, 2019, and was received in our offices on November 5, 2019.

The Loan was originated by Citibank, N.A. and is currently owned by CitiMortgage, Inc., located at PO Box 6728, Sioux Falls, SD 57117, 800-283-7918. Cenlar FSB dba Central Loan Administration & Reporting ("Cenlar") subservices the Loan on behalf of CitiMortgage, Inc.

The Loan is currently due in the amount of $45,432.47 of which $44,510.69 is past due.

The following amounts are due and owing:

| | | |
|---|---|---|
| Accrued late charges | = | $0 |
| Other fees* | = | $0 |
| Funds advanced** | = | $2,271.75 |

       **this amount represents funds advanced on your behalf  to date (please refer to the enclosed History of Corporate Advance Transactions for an itemization)

Also enclosed are copies of the Note and  Mortgage  that you signed at closing and a Payment History showing the activity on the account.

With regard to your requests:

1. Please see enclosed copy of the payment history.

2. Please refer to the enclosed Home Equity Line of Credit Agreement.

3. Please see enclosed most recent Home Equity Line of Credit Statement.

4. The deceleration letter dated October 5, 2016 (enclosed) is informing you that since the dismissal of the mortgage foreclosure, your loan has returned to installment status, as such while you are no longer obligated to pay immediately all sums due and owing on your loan, you are still required to pay monthly installments, as well as any past due amounts.

5. You are still required to pay monthly installments, as well as any past due amounts on your loan as specified in your loan documents and monthly billing statement.

Solis, Grace D.
November 21, 2019
Page 2

6. This is beyond the scope permitted by RESPA, in that it is not applicable, does not relate to the servicing of the Loan, requests proprietary information or is unduly burdensome.

7. A letter dated September 20, 2019, informed you that the servicing of the loan was being transferred from Citimortgage to Central Loan Administration and Reporting (CENLAR), enclosed is a copy of the letter.

8. No late fees have been assessed since we acquired the loan on October 5, 2019.

9. Please refer to the enclosed Owner of the loan information.

10. The loan was transferred to Cenlar, effective October 5, 2019.

Any other remaining requests cannot be answered at this time, as it is unduly burdensome or beyond the scope permitted by RESPA.

Should you have any questions regarding this matter, please contact me at 866-677-8807.

Sincerely,

*Esther Chung*

Esther Chung
Executive Resolution Specialist

Enclosures

348

**EXHIBIT X**

**FINAL JUDGMENT OF FORECLOSURE STRIKING ATTORNEY'S FEES**

IN THE FLORIDA COURT OF THE ELEVENTH
JUDICIAL CIRCUIT OF FLORIDA IN AND FOR
MIAMI DADE COUNTY
GENERAL JURISDICTION DIVISION
CASE NO: 2018-033416-CA-01

CITIBANK, N.A.,
      Plaintiff,

vs.

GRACE DENISE SOLIS A/K/A GRACE D.
SOLIS; SHIRLEY JANICE SOLIS; THE
UNKNOWN HEIRS, BENEFICIARIES,
DEVISEES, GRANTEES, ASSIGNEES,
LIENORS, CREDITORS, TRUSTEES AND ALL
OTHERS WHO MAY CLAIM AN INTEREST IN
THE ESTATE OF SYLVIA SOLIS, DECEASED;
EDWARD SOLIS; 13500 NE 3RD COURT, LLC;
CITIBANK, N.A. SUCCESSOR BY MERGER TO
CITIBANK (SOUTH DAKOTA), N.A.; ANY AND
ALL UNKNOWN PARTIES CLAIMING BY,
THROUGH, UNDER, AND AGAINST THE
HEREIN NAMED INDIVIDUAL
DEFENDANT(S) WHO ARE NOT KNOWN TO
BE DEAD OR ALIVE, WHETHER SAID
UNKNOWN PARTIES MAY CLAIM AN
INTEREST AS SPOUSES, HEIRS, DEVISEES,
GRANTEES, OR OTHER CLAIMANTS,
      Defendant(s).

_____/

## UNIFORM FINAL JUDGMENT OF FORECLOSURE

    This action was tried before the court at a Non-Jury Trial on April 12, 2024. On the
evidence presented. **IT IS ADJUDGED** that Plaintiff's Final Judgment is **GRANTED** against all
defendants listed by name: GRACE DENISE SOLIS A/K/A GRACE D. SOLIS; SHIRLEY
JANICE SOLIS; THE UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, GRANTEES,
ASSIGNEES, LIENORS, CREDITORS, TRUSTEES AND ALL OTHERS WHO MAY CLAIM
AN INTEREST IN THE ESTATE OF SYLVIA SOLIS, DECEASED; EDWARD SOLIS;
CITIBANK, N.A. SUCCESSOR BY MERGER TO CITIBANK (SOUTH DAKOTA),
N.A.;13500 NE 3RD COURT, LLC; GRACE SOLIS;

18-191226 - SuB

1. **Amounts Due.** Plaintiff, CITIBANK, N.A., whose address is c/o Cenlar FSB, 425 Phillips Boulevard, Ewing, NJ 08618, is due:

| | |
|---|---|
| Principal | $103,147.98 |
| Interest to date of this judgment: April 12, 2024 | $46,980.79 |
| Inspections | $790.00 |
| Conversion | $1,553.00 |
| Recoverable Corporate Advances | $6,040.00 |
| SUBTOTAL | $158,511.77 |

Attorneys' Fees:
  Finding as to reasonable number of hours: 133.60
  Finding as to reasonable hourly rate: $215.00
  Finding as to reasonable number of hours: 12.30
  Finding as to reasonable hourly rate: $275.00
  Finding as to reasonable number of hours: 12.50
  Finding as to reasonable hourly rate: $330.00
  Flat Fee: $4,750.00
  Attendance at Court: $325.00
  Mediation: $725.00
  Document Preparation: $50.00
  Attorneys' Fee Total:                         $42,081.50
Court Costs, now taxed:
  Filing Fee:                                   $945.79
  Service of Process:                           $979.30
  Lis Pendens:                                  $9.00
  Publication:                                  $245.00
Other:                                          $2,656.85
  Title: $295.00
  Summons: $82.80
  Court Reporting: $1,939.05
  Mediation: $200.00
  Clerk Sale Fees: $140.00

**TOTAL SUM**                          $205,429.21   $158,511.77

That shall bear interest at a rate of 9.34%.

2. **Lien on Property.** Plaintiff holds a lien for the total sum superior to all claims or estates of defendant(s), on the following described property in Miami Dade County, Florida:

> **THE WEST 24.85 FEET OF LOT 10, IN BLOCK 12, OF BISCAYNE BEACH 2ND ADDITION, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 46, PAGE 39 OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

18-191226 - SuB

**Property Address: 730 86TH ST, MIAMI BEACH, FL 33141**

3. **Sale of Property.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Courts shall sell the subject property at public sale. Pursuant to Administrative Order 09-18, the Clerk of the Courts for the Eleventh Judicial Circuit is authorized to conduct on-line public auctions of real property in lieu of on-site auctions. The Clerk of the Courts shall conduct the sale online at www.miamidade.realforeclose.com commencing at 9:00 A.M. on ___6/11/24___, 2024, to the highest bidder for cash.

4. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full.

5. **Distribution of Proceeds.** On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this court.

6. **Right of Redemption/Right of Possession.** On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, and defendant(s) right of redemption as prescribed by section 45.0315, Florida Statutes (2013) shall be terminated, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property.

7. **Attorneys' Fees.** The Court finds, based upon the affidavits presented and upon inquiry of counsel for the Plaintiff, that the flat fee of $4,750.00 plus the fee of $1,100.00 for Attorneys' Attendance at Court/Mediation/Document Preparation are reasonable and appropriate for the Plaintiff's counsel's attorney's fees. Furthermore, the Court finds, based upon the affidavits presented and upon inquiry of counsel for the Plaintiff, that 133.60, 12.30, and 12.50 hours were reasonably expended by Plaintiff's counsel and that the respective hourly rates of $215.00, $275.00, and $330.00 are appropriate. PLAINTIFF'S COUNSEL CERTIFIES THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH PLAINTIFF. The Court finds that there are no reasons for either reduction or enhancement pursuant to *Florida Patient's Compensation Funds v. Rowe*, 472 So. 2d 1145 (Fla. 1985), and the Court therefore has awarded reasonable attorney's fees in the amount indicated in paragraph 1 of this Judgment.

18-191226 - SuB

8.   **Jurisdiction Retained.** Jurisdiction is reserved over this action to enforce the Final Judgment and to enter further orders that are proper including, without limitation, an award of attorney's fees and costs, a deficiency decree (if sought and appropriate), writs of possession, orders granting leave to file supplemental and/or amended pleadings to add additional parties, and orders resolving any disputes with respect to assessments and/or other amounts allegedly due associations.

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, IF ANY, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN THE DATE THAT THE CLERK REPORTS THE FUNDS AS UNCLAIMED. IF YOU FAIL TO FILE A TIMELY CLAIM, YOU WILL NOT BE ENTITLE TO ANY REMAINING FUNDS.

If the property has qualified for the homestead tax exemption in the most recent approved tax roll, the following paragraphs shall apply:

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 73 WEST FLAGLER STREET, ROOM 135, MIAMI, FL 33130, WITHIN 10 DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT (LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 NW FIRST AVENUE, SUITE 214, MIAMI, FL , (305) 579-5733) TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR

18-191226 - SuB

**SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU
TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU
CHOOSE TO CONTACT LEGAL AID SOCIETY AT THE DADE COUNTY BAR
ASSOCIATION FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE
AFTER RECEIPT OF THIS NOTICE.**

*(it) The Court Reserves jurisdiction to determine Reasonable fees and cost (if any)*

**DONE AND ORDERED** at _____ MIAMI DADE COUNTY, FLORIDA
this __12__ day of __April__, 2024.

William Thomas, Circuit Judge

William Thomas
Circuit Court Judge

COPIES FURNISHED TO:

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC
ATTORNEYS FOR PLAINTIFF
6409 CONGRESS AVE., SUITE 100
BOCA RATON, FL 33487
PRIMARY EMAIL: FLMAIL@RASLG.COM

FINAL ORDERS AS TO ALL PARTIES
SRS DISPOSITION  D3
NUMBER_____
THE COURT DISMISSES THIS CASE AGAINST
ANY PARTY NOT LISTED IN THIS FINAL ORDER
OR PREVIOUS ORDER(S). THIS CASE IS CLOSED
AS TO ALL PARTIES.
Judge's Initials  WT

GRACE DENISE SOLIS A/K/A GRACE D. SOLIS
730 86TH STREET
MIAMI BEACH, FL 33141
PRIMARY EMAIL: SOLIS.G@AOL.COM

SHIRLEY JANICE SOLIS
730 86TH STREET
MIAMI BEACH, FL 33141

THE UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, GRANTEES, ASSIGNEES, LIENORS,
CREDITORS, TRUSTEES AND ALL OTHERS WHO MAY CLAIM AN INTEREST IN THE
ESTATE OF SYLVIA SOLIS, DECEASED
730 86TH ST
MIAMI BEACH, FL 33141

EDWARD SOLIS
19002 NW 12TH COURT
PEMBROKE PINES, FL 33029

CITIBANK, N.A. SUCCESSOR BY MERGER TO CITIBANK (SOUTH DAKOTA), N.A.
701 EAST 60TH STREET NORTH
SIOUX FALLS, SD 57104

18-191226 - SuB

**EXHIBIT Y**

**DEFENDANTS' REFUSAL TO CANCEL HEARING WHEN PLAINTIFFS**

**WITHDREW THEIR MOTION TO VACATE SALE**

RE: URGENT - Citibank NA v Solis, Grace - 2018-033416 -CA-01 - Cancellation and Withdrawal of Emergency Motion to Vacate Foreclosure Sale filed 5/27/24

From:  Kim Stevens (kstevens@raslg.com)

To:     solis.g@aol.com; cjeffries@raslg.com

Cc:    pfriday@jud11.flcourts.org

Date:  Tuesday, May 28, 2024 at 07:07 AM EDT

We are not cancelling the hearing you requested to be set for tomorrow.  We will see you at 8:30am.

**Kim Stevens, Esq.**
Litigation Attorney
Robertson, Anschutz, Schneid, Crane & Partners, PLLC

# R|A|S

6409 CONGRESS AVENUE, SUITE 100
BOCA RATON, FLORIDA 33487
Phone  561.241.6901
Fax     561.241.6909
Email: kstevens@raslg.com
Email for Service: flmail@raslg.com

---

**From:** solis.g@aol.com <solis.g@aol.com>
**Sent:** Monday, May 27, 2024 5:22 PM
**To:** Kim Stevens <kstevens@raslg.com>; Cassandra Jeffries <cjeffries@raslg.com>
**Cc:** Patient Friday <pfriday@jud11.flcourts.org>
**Subject:** URGENT - Citibank NA v Solis, Grace - 2018-033416 -CA-01 - Cancellation and Withdrawal of Emergency Motion to Vacate Foreclosure Sale filed 5/27/24

Good morning,

We filed our Notice of Cancellation of Hearing for May 28, 2024 at 8:30am and Withdrawal of Emergency Motion to Vacate.  We cannot cancel it through Court Maps because it was done on our behalf by the Plaintiff.  Please cancel it on Court Map.  Thank you.

Best regards,

Grace Solis

954-588-8214

----- Forwarded Message -----

**From:** eservice@myflcourtaccess.com <eservice@myflcourtaccess.com>

**Sent:** Monday, May 27, 2024 at 05:16:11 PM EDT

**Subject:** SERVICE OF COURT DOCUMENT CASE NUMBER 132018CA033416000001 CITIBANK NA vs SHIRLEY JANICE SOLIS et al

Notice of Service of Court Documents

Filing Information

| | |
|---|---|
| Filing #: | 199225539 |
| Filing Time: | 05/27/2024 05:16:06 PM ET |
| Filer: | Grace D Solis 954-588-8214 |
| Court: | Eleventh Judicial Circuit in and for Miami-Dade County, Florida |
| Case #: | 132018CA033416000001 |
| Court Case #: | 2018-033416-CA-01 |
| Case Style: | CITIBANK NA vs SHIRLEY JANICE SOLIS et al |
| Documents | Click on the file name below to download or print your document NOW. The link expires in 14 days |

Documents

| Title | File |
|---|---|
| Notice Of Cancellation Of Hearing | Notice of Cancellation Heaing 5-28-24 830am.pdf |
| Motion To Withdraw | Defendants' Withdrawal of Eme Mot to Vacate Sale 5-28-24.pdf |

E-service recipients selected for service:

| Name | Email Address |
|---|---|
| Grace D Solis | solis.g@aol.com |
| JONATHAN IAN MEISELS | flmail@raslg.com |
| | kstevens@raslg.com |
| | cjeffries@raslg.com |

E-service recipients not selected for service:

| Name | Email Address |
|---|---|
| Alix J. Montes | amontes@ajmlawgroup.com |
| | idutari@ajmlawgroup.com |
| | msantos@ajmlawgroup.com |
| N/A | msantos@ajmlawgroup.com |
| Marc Elias Narotsky | marc@narotsky.com |
| | marcnarotsky@gmail.com |
| Naomi Susan Potash | Nberman822@aol.com |

This is an automatic email message generated by the Florida Courts E-Filing Portal. This email address does not receive email.

**Document Access Link(s) will be active for 14 days (excluding weekends) after the Clerk accepts the submission or it is abandoned. In addition to access to the link for 14 days (excluding weekends), the documents will also be available, after acceptance by the Clerk, to counsel of record in the portal on the My Cases page, by clicking on the case number and then the document name, or by accessing the Clerk's website.**

If you are not associated with this case and wish to be removed, please click here to request to be removed from the E-service list.

Thank you,
The Florida Courts E-Filing Portal

The following identifier(s) are associated with this transaction:

request_id#:199225539;Audit#:682109576;UCN#:132018CA033416000001;

CONSUMER OPT-OUT: Please note that you may opt out of receiving further email communications to this email address by replying to this email with the word "stop" in the subject line. While the firm will comply with your request to opt out of receiving further electronic communication to this email address, please be advised that the firm may still be required by applicable law or court rule to provide you with certain notices or pleadings.

In some circumstances this firm may be deemed a "debt collector" as defined by the Fair Debt Collection Practices Act and other applicable law. In such a case, this is an attempt to collect a debt. Any information obtained may be used for that purpose.

PRIVILEGE AND CONFIDENTIALITY NOTICE: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510-2521 and is legally privileged. The contents of this e-mail message and any attachments are intended solely for the party or parties addressed and named in this message. This communication and all attachments, if any, are intended to be and to remain confidential, and it may be subject to the applicable attorney - client and or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute, or copy this message and or any attachments if you are not the intended recipient. Do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments. Although this E-mail and any attachments are believed to be free of any virus or

other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Robertson, Anschutz, Schneid, Crane & Partners, PLLC for damage arising in any way from its use.

**EXHIBIT Z**

**DEFENDANTS RE-PUBLISHED NOTICE OF JUDICIAL SALE WHILE**

**AUTOMATIC STAY WAS IN PLACE**

MIAMI'S
# COMMUNITY NEWS

## AFFIDAVIT OF PUBLICATION

**Community Newspapers**
6796 SW 62nd Ave, South Miami
305.669.7031 I legals@cnews.net

State of Florida        , County of Orange        , ss:

Before the undersigned authority personally appeared Madeline Vostrejs, who on oath says: That (s)he is a duly authorized signatory of Column Software, PBC, and duly authorized agent of Community Newspapers, a weekly newspaper published in Miami-Dade County, Florida that the attached copy of advertisement, being a Legal Advertisement of Notice in the Matter of Case No: 2018-033416-CA-01 was published in said newspaper, in the issue(s) of the Community Newspapers published in said Miami-Dade County, Florida, and that the said newspaper has heretofore been continuously published in said Miami-Dade County, Florida, each week and for a minimum period of one year. Affiant further says that the website and newspaper complies with the legal requirements for publication in Chapter 50, Florida Statutes. Affiant further says that he/ she has neither paid nor promised any person, firm or corporation any discount, rebate, commission or refund for the purpose of securing this advertisement for publication in the said newspaper.

**Publication Dates:**
• May 27, 2024

**Publication Fee: $270.00**

*Madeline Vostrejs*
(Signed)

**VERIFICATION**

State of Florida
County of Orange

Subscribed in my presence and sworn to before me on this:
06/03/2024

Notary Public
Notarized remotely online using communication technology via Proof

PAMELA BAEZ
Notary Public - State of Florida
Commission # HH 126XX
Expires on Sept. 11, 2025

IN THE CIRCUIT COURT OF
THE ELEVENTH JUDICIAL
CIRCUIT
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA
GENERAL JURISDICTION
DIVISION
Civil Action No.: 2018-
033416-CA-01
Section: Section, CA 27

CITIBANK NA
Plaintiff(s) / Petitioner(s)

VS.

SOLIS, GRACE
Defendant(s) / Respondent(s)

NOTICE OF JUDICIAL
SALE BY THE CLERK

NOTICE IS HEREBY GIVEN
that pursuant to an Order
or Final Judgment entered
in the above styled cause
now pending in said court,
that I will sell to the highest
and best bidder for cash
on-line at www.Miami-Dade.
RealForeclose.com at 09:00
o'clock. AM on June 11,
2024 the following described
property:

THE WEST 24.85 FEET OF
LOT 10, IN BLOCK 12, OF
BISCAYNE BEACH 2ND
ADDITION, ACCORDING
TO THE PLAT THEREOF,
AS RECORDED IN PLAT
BOOK 46, PAGE 39 OF
THE PUBLIC RECORDS
OF MIAMI-DADE COUNTY,
FLORIDA.

Property Address: 730 86TH
ST, MIAMI BEACH, FL 33141

Any person claiming an
interest in the surplus from
the sale, if any, other than the
property owner as of the date
of the lis pendens must file a
claim before the clerk reports
the surplus as unclaimed.

WITNESS my hand and the
seal of this court on May 14,
2024.
By: Beatriz Cardona, Deputy
Clerk

Juan Fernandez-Barquin,
Clerk of the Court and
Comptroller
Miami-Dade County, Florida

Law Firm: ROBERTSON,
ANSCHUTZ, SCHNEID,
CRANE & PARTNERS, PLLC.

Published on 05/27/2024 and
05/03/2024.

Published on 05/27/2024

**EXHIBIT AA**

**CENLAR STATEMENT SENT WHILE AUTOMATIC STAY WAS IN PLACE**

**CENLAR**

Persons who are deaf, hard of hearing, or have limited speech may dial TTY 711.

PO Box 77404
Ewing, NJ 08628
Toll Free: 855-839-6253
**STATEMENT ENCLOSED**

0-836-CYS14-0001671-001-1-000-010-000-000

GRACE D SOLIS
730 86TH ST
MIAMI BEACH FL  33141-1116

ıllıılıılllılılılılılılılılılılılılılılılıll

### Home Equity Line of Credit Statement

| | |
|---|---|
| Statement Date: | 06/03/24 |
| Account Number: | 4773559853 |
| Payment Due Date: | 06/27/24 |
| **Amount Due:** | **$151,020.19** |

*IF PAYMENT IS RECEIVED AFTER 07/13/24, A $0.00 LATE CHARGE WILL BE ASSESSED*

Mail Payments To:   Central Loan Administration & Reporting
PO Box 11733
Newark, NJ  07101-4733

loanadministration.com

**Explanation of Amount Due**
*If you are experiencing financial difficulty, you may call the US Department of Housing and Urban Development (HUD) at 800-569-4287 or go to https://www.hud.gov/program_offices/housing for a list of homeowner counselor or counseling organizations in your area.*

| | |
|---|---|
| Principal: | $429.78 |
| Interest: | $753.03 |
| Escrow: | $0.00 |
| Optional Insurance: | $0.00 |
| Other Fees | $0.00 |
| **Current Payment Amount Due on 06/27/24** | **$1,182.81** |
| Past Due Amount | $149,837.38 |
| **Total Amount Due:** | **$151,020.19** |
| *Includes Fees Charged Since Last Statement* | $3,345.00 |

Property Address:  730 86TH ST
MIAMI BEACH, FL 33141

**Account Information**

| | |
|---|---|
| Available Credit: | $0.00 |
| Credit Limit: | $103,148.00 |
| Statement Closing Date: | 06/03/24 |
| Principal Balance as of 06/03/24: | $103,147.98 |
| Escrow Balance: | $0.00 |
| Maturity Date: | 09/2035 |

### How We Arrived at Your Balance

| Previous Balance | (+)Advances & Charges | (-) Payments & Credits | (+) FINANCE CHARGES | (+)(-) Credit/debit Adjustments | New Balance This is Not a Payoff Amount |
|---|---|---|---|---|---|
| $150,622.92 | $0.00 | $0.00 | $753.03 | $0.00 | $151,375.95 |

### Activity Since Your Last Statement (05/03/24 to 06/03/24) - To avoid additional finance charges, pay the new balance before 06/03/24

| Segment Number | Tran Date | Effective Date | Description | Total | Principal | Finance Charges | Late Charges/ Other Fees | Escrow/ Other | Optional Insurance |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 05/31/24 | 05/31/24 | FEE - ATTORNEY COST | $120.00 | $0.00 | $0.00 | - $120.00 | $0.00 | $0.00 |
| 001 | 05/28/24 | 05/28/24 | FEE - PROPERTY INSPECT | $20.00 | $0.00 | $0.00 | $20.00 | $0.00 | $0.00 |
| 001 | 05/28/24 | 05/28/24 | FEE - ATTORNEY FEES | $660.00 | $0.00 | $0.00 | $660.00 | $0.00 | $0.00 |
| 001 | 05/24/24 | 05/24/24 | FEE - ATTORNEY FEES | $495.00 | $0.00 | $0.00 | $495.00 | $0.00 | $0.00 |
| 001 | 05/23/24 | 05/23/24 | FEE - ATTORNEY FEES | $215.00 | $0.00 | $0.00 | $215.00 | $0.00 | $0.00 |
| 001 | 05/08/24 | 05/08/24 | FEE - ATTORNEY FEES | $1,405.00 | $0.00 | $0.00 | $1,405.00 | $0.00 | $0.00 |

### Finance Charges

| Interest Adjustment Details | Segment Number | Days | Balance | Periodic Rate | Annual Percentage Rate | Periodic Finance Charges* |
|---|---|---|---|---|---|---|
| | 001 | 32 | $103,147.98 | 0.0228142% | 8.35000% | $753.03 |

**Important Messages - See Reverse Side For Additional Important Information**

*Partial/Unapplied Payments: Any partial/unapplied payments that you make are not applied to your mortgage, but instead are held in a separate account. If you pay the balance of a partial payment, the funds will then be applied to your mortgage.*

| | | | |
|---|---|---|---|
| Total Fees Assessed This Period: | $3,345.00 | Total Fees Assessed Year To Date: | $0.00 |
| Total Interest Assessed This Period: | $753.03 | Total Interest Assessed Year To Date: | $4,355.42 |
| Total Suspense Received This Period: | $0.00 | | |

GRACE D SOLIS
MIAMI BEACH FL  33141-1116

Please return this portion with your payment
☐ Check this box if personal information has been completed on reverse side

Continued on next page

| | | L4 |
|---|---|---|
| Payment Due Date: | | 06/27/24 |
| Current Payment: | | $1,182.81 |
| Past Due Payment: | | $149,837.38 |
| **TOTAL AMOUNT NOW DUE:** | | **$151,020.19** |
| Late Charge Amt: | | $0.00 |
| After 07/13/24 Pay: | | $151,020.19 |

**Equity Line Payment Coupon**

Loan Number:   4773559853

**GRACE D SOLIS**

Make checks payable to:   Central Loan Administration & Reporting
PO Box 11733
Newark, NJ  07101-4733

ıllılılılıılılılıllılılıllılılıllılılıl

0300000477355985300L4KU72000015102019000151020190001510201900000000000

**Important Information**
**Please Read Carefully**

**Payment Instructions:**
Avoid paying late charges. Payments are due and payable by the date shown on your coupon. To ensure prompt and accurate payment credit please:
1. Remove the coupon from the bottom of your billing statement and send it along with your check or money order to the address shown on the front of this statement.
2. Print your account number on your check or money order.
3. Do not send cash. Do not include correspondence with your payment.
4. We reserve the right to redeposit checks. Returned check fees will be charged unless prohibited by law. The amount of the fee is based on the loan type and state law.

**Automatic Payments (ACH)**
We offer a convenient service that automatically debits your payments each month from your checking or savings account. To take advantage of the FREE service, please contact Customer Service at the number provided on the front of this statement or login to your online account for more information on how to register.
If you use a third party bill payer please direct the payment to: Central Loan Administration & Reporting
PO Box 11733, Newark, NJ 07101-4733
**For Express Mail only send payments to:** Payment Processing, 425 Phillips Boulevard, Ewing, NJ 08618
**Pay by Phone:** Please call the Customer Service Telephone Number on the front of this statement.
**Website Payments:** Please go to the web address on the front of this statement.
**Electronic Debit** - When you provide a check as payment, you authorize us to use information from your check to make a one-time electronic funds transfer from your account or process the payment as a check transaction. Your checking account may be debited as soon as the same day we receive your payment.
**Important Credit Reporting Notification** - We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.
**Important Notice** - We may be attempting to collect a debt and any information obtained will be used for that purpose. We may assess return check fees consistent with the laws of your state and your mortgage contract on all check returned unpaid by your financial institution. Additionally, we may charge a fee for processing payoff requests.
**Credit Refund** - You have a right to receive a refund of your credit balance. If you want a refund write to us at the correspondence address or telephone us at the telephone number on the front of this statement.

**Payoff Requests:**
Please note that we require an AUTHORIZATION TO CLOSE HOME EQUITY LINE OF CREDIT form be completed and signed by all borrowers on the account before a payoff can be processed. The AUTHORIZATION TO CLOSE HOME EQUITY LINE OF CREDIT form, which is included with the payoff statement, indicates your intent to pay-off and close your Home Equity Line of Credit (HELOC). Please note, a payoff statement preparation fee may apply, if permitted by applicable state law. The easiest way for you to receive a payoff statement is to call 877-7PAYOFF (877-772-9633). Please have your account number, social security number, and payoff date available. No verbal payoff information can be provided. You may also request a payoff statement online that will be available in the document center within 24 hours, or you may speak to a live chat representative between 8:30 AM to 8:00 PM ET, M-F. If your intent is to simply pay down your Home Equity Line of Credit and not close out the account, you may request a zero-balance quote by contacting Customer Service at the number shown on the reverse side of this statement.

**BILLING RIGHTS SUMMARY**
**In Case of Errors or Questions About Your Bill**
If you think your bill is incorrect or you need more information about a transaction on your bill, write to us at PO Box 77423, Ewing, NJ 08628 as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us but, doing so will not preserve your rights. In your letter provide the following information:
- Your name and account number;
- The dollar amount of the suspected error;
- A description of the error explaining, if you can, why you believe there is an error. If you need more information, describe the item you are unsure of.

You do not have to pay any amount in question while we are investigating but; you are still obligated to pay the part of your bill that is not in question. While we investigate your request we cannot report you as delinquent or take any action to collect the amount that you are questioning. You may direct your billing inquiries to the correspondence address listed on the front of this statement.

**TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO THE AUTOMATIC STAY IN A BANKRUPTCY PROCEEDING. THIS LOAN STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT INDEBTEDNESS AS YOUR PERSONAL OBLIGATION.**

Servicemembers Civil Relief Act (SCRA): Eligible servicemembers and their spouse or civil partners may receive protections under the SCRA. To find out how to determine if you are eligible for protections under SCRA and to receive instructions on how to invoke your rights, please contact us at the number listed.
**Insurance Coverage:** All Home Equity Lines of Credit are required to have adequate insurance coverage in force at all times. If the property is situated in a "special flood hazard area" this includes flood insurance. Unless specifically indicated in your Home Equity Line of Credit closing document, payments of all insurance premiums is the responsibility of the homeowner. Acceptable dwelling insurance coverage amounts are equal to the lesser of the unpaid principal balance or 100% of the replacement of the improvements, subject to applicable law. Please consult your insurance agent to determine the adequacy of your coverage.
**Property Taxes:** All Home Equity Lines of Credit require the borrower to ensure that all property taxes are paid and current at all times. This includes, but is not limited to, supplemental, interim, per capita, personal property or other taxes associated with the property. Unless specifically indicated in your Home Equity Line of credit closing documents, payment of all property taxes is the responsibility of the homeowner. Failure to pay these bills in a timely manner could result in tax penalties.
Any changes made by your tax office to the property covered under this mortgage (i.e. new parcel number, parcel split) must be communicated to us by calling the customer service number located on the front of this statement, so that our records can be updated.
**"Important Information Concerning Your Account:** The Finance Charge is determined by applying the "Periodic Rate" to the Actual Daily Balance and by adding the Finance Charges for each day in the billing cycle on your account. To calculate the Actual Daily Balance, we take the beginning balance of your account each day, add any new advances and subtract any payments or credits and any unpaid Finance Charges. This gives us the Actual Daily Balance. Be advised that the Current Minimum Payment section of this statement is the minimum amount required to advance forward the due date on your loan. This amount may not include certain charges that are still owed, but not currently required for the current month's payment due. *If your loan has an adjustable rate feature, the periodic rate(s) may vary.*

If you have a change in mailing address, please complete the form below and have it signed by all parties on the account. In addition to the completed form, you must provide a copy of a government issued identification card, such as a driver's license, passport, or military ID. Please mail these documents to Central Loan Administration & Reporting, Attn: HELOC Department, 425 Phillips Blvd., Ewing, NJ 08618:
Loan Number: _____

| | |
|---|---|
| Borrower Name - Printed | Co-Borrower Name - Printed |
| Borrower Name - Signature | Co-Borrower Name - Signature |
| Current Mailing Address | |
| New Mailing Address | |
| Primary Phone Number | Secondary Phone Number |
| E-Mail Address | |

*Thank You For Your Business Throughout The Year!*

GRACE D SOLIS
730 86TH ST
MIAMI BEACH FL  33141-1116

Account Number:    4773559853



**Activity Since Your Last Statement (05/03/24 to 06/03/24) - To avoid additional finance charges, pay the new balance before 06/03/24**

| Segment Number | Tran Date | Effective Date | Description | Total | Principal | Finance Charges | Late Charges Other Fees | Escrow/ Other | Optional Insurance |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 05/07/24 | 05/07/24 | FEE - ATTORNEY COST | $120.00 | $0.00 | $0.00 | $120.00 | $0.00 | $0.00 |
| 001 | 05/07/24 | 05/07/24 | FEE - ATTORNEY COST | $310.00 | $0.00 | $0.00 | $310.00 | $0.00 | $0.00 |

**EXHIBIT BB**

**6/27/24 CENLAR PROVIDES EVIDENCE OF FLOOD COVERAGE EFFECTIVE**

**FROM 5/10/2024 THROUGH 5/10/2025**

# AMERICAN SECURITY INSURANCE COMPANY
A Stock Insurance Company • Home Office: Wilmington, DE
**PO BOX 50355 ATLANTA, GEORGIA 30302**

Master Policy Number
**MSP-RCFL-00745-00**

POLICY NUMBER:
**FLR07452219452**

LOAN NUMBER **4773559853**

**RESIDENTIAL PROPERTY**
**FLOOD COVERAGE**
**ADDITIONAL INSURED ENDORSEMENT**

ADDITIONAL INSURED - NAME AND ADDRESS (Street No., City, State, Zip):

GRACE D SOLIS
730 86TH ST
MIAMI BEACH, FL  33141-0000

NAMED INSURED MORTGAGEE - Name and Address:

CENTRAL LOAN ADMINISTRATION
& REPORTING ISAOA, ATIMA
P.O. BOX 202028
FLORENCE, SC  29502-2028

| POLICY PERIOD | COVERAGE | AMOUNT OF INSURANCE | PREMIUM |
|---|---|---|---|
| EFFECTIVE TIME 12:01 AM | Building Property | $103,148 | $1,496.00 |
| From 05/10/2024 To 05/10/2025 | ICC Coverage | $30,000 | Included |
| DESCRIBED LOCATION<br>730 86TH ST<br>MIAMI BEACH, FL  33141 | | | |
| | | | |
| | | | |
| | | | |
| Flood Zone: AE | | TOTAL PREMIUM AMOUNT | $1,496.00 |
| Rate Group: | | TOTAL CHARGED | $1,496.00 |

FORMS AND ENDORSEMENTS ATTACHED AT TIME OF ISSUE:
MSP-RFL-J (06-09),MSP-RFL-POL (06-09),MSP-RFL-END-FL (11-21),MSPRFLCONDOCCAEND (01-14)

Subject to the terms and provisions of the Mortgage Service Program Residential Property Flood Policy form attached hereto, it is agreed that the insurance applies to the property described above and to any *person shown* as an Additional Insured with respect to such property, subject to the following additional provisions:

(a) The above Named Insured Mortgagee is authorized to act for such Additional Insured(s) in all matters pertaining to this insurance including receipt of Notice of Cancellation, and return premium, if any.

(b) The Named Insured Mortgagee is authorized to advance all funds to be recovered from the Additional Insured(s) for the insurance afforded.

(c) Loss, if any, shall be adjusted with and payable to the above Named Insured Mortgagee, and the Additional Insured(s) as their interests may appear, either by a single instrument so worded or by separate instruments payable respectively to the Named Insured Mortgagee and the Additional Insured, at the company's option.

**DEDUCTIBLE**
For all perils, the sum of $750 shall be deducted from the amount which would otherwise be recoverable for each loss separately occurring. This deductible shall apply separately to each building or structure.

**THIS POLICY ONLY COVERS BUILDINGS AND STRUCTURES. IT DOES NOT COVER YOUR CONTENTS OR PERSONAL PROPERTY.**

**CLAIMS INFORMATION ONLY**
1-800-326-7781

**ALL OTHER INQUIRIES**
1-855-839-6253

06/27/2024
Issue Date

Authorized Representative

